

U.S. Department of Justice

*Andrew E. Lelling*
United States Attorney
*District of Massachusetts*

Main Reception: (617) 748-3100

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
**Suite 9200**
*Boston, Massachusetts 02210*

August 21, 2018

Counsel for Michael Babich:

Joseph Sedwick Sollers, III
King & Spalding, LLP
1700 Pennsylvania Avenue, NW Suite 200
Washington, D.C. 20006

Counsel for Alec Burlakoff:

George W. Vien
Donnelly, Conroy & Gelhaar, LLP
260 Franklin Street, Suite 1600
Boston, MA 02110

Counsel for Sunrise Lee:

Peter C. Horstmann
Law Offices of Peter Charles Horstmann
450 Lexington Street, Suite 101
Newton, MA 02466

Counsel for Joseph Rowan:

Michael Kendall
White & Case LLP
75 State Street
Boston, MA 02109-1814

Counsel for Richard Simon:

Steven Tyrrell
Weil, Gotshal & Manges LLP
2001 M Street NW, Suite 600
Washington, DC 20036

Counsel for Michael Gurry:

Tracy A. Miner
Demeo LLP
200 State Street
Boston, MA 02109

Counsel for John Kapoor:

Beth A. Wilkinson
Alex Walsh
Wilkinson Walsh Eskovitz
2001 M Street NW
Washington DC 20036

    Re:    United States v. Michael Babich, *et al.*
              Criminal No. 16-10343-ADB

Dear Counsel:

       As we have previously stated publicly, this Office intends to seek a Second Superseding Indictment. [REDACTED] we write today to: (1) comply with Magistrate Judge Boal's order regarding a Bill of Particulars for the First Superseding Indictment ("FSI"); and (2) to meet the Government's commitment made during the July 17, 2018 Motion to Dismiss hearing before Judge Burroughs to provide additional information in a bill of particulars with regard to the mail fraud and wire fraud allegations in the First Superseding Indictment.

The Government's Opposition to the Defendant's Bill of Particulars (Dkt. No. 329, "Government's Opposition") provides the Government's response to your Motion for a Bill of Particulars. The Government's Opposition specifically addresses each of the six requests found in your Motion. As we have previously asserted, the Government's does not believe that a Bill of Particulars is appropriate for the conspiracies alleged in the Indictment because, among other reasons, whether or not a conspiracy's objective is actually achieved is irrelevant to a conviction for conspiracy. United States v. Morosco, 822 F.3d 1, 9 n.2 (1st Cir.), cert. denied, 137 S. Ct. 251, 137 S. Ct. 403 (2016). In addition, the Government reserves its right to continue to investigate the case, and update its discovery responses pursuant to its obligations. We also reserve the right to update this Bill of Particulars, unless such an update is mooted by the return of the anticipated Second Superseding Indictment.

## BILL OF PARTICULARS

As you know, Count One of the FSI alleges that "the pattern of racketeering activity through which each of the … [Defendants] agreed to conduct and participate, directly and indirectly, in the conduct of the affairs of the enterprise consisted of multiple acts indictable under… (a) Title 18, United States Code, §§ 1341 and 1346 (mail fraud, including honest services mail fraud)." FSI ¶246(a).

Thereafter, Count Two of the indictment alleges a dual-objective mail fraud conspiracy. Specifically, it alleges both a scheme to commit honest services mail fraud, as well as scheme to obtain money and property. The honest services scheme alleges that defendants sought to defraud patients of their practitioner's fiduciary duty to refrain from accepting or agreeing to accept bribes and kickbacks in exchange for prescribing any drug. The scheme to obtain money and property alleges that defendants sought to obtain payments from insurers by causing practitioners to issue new prescriptions for Subsys, as well as increases in the dosage, and volume, of existing prescriptions for the drug.

Both mail fraud objectives were furthered by agreements to bribe, and by bribes sent by the Defendants, and their co-conspirators, to practitioners. The FSI describes efforts to bribe ten practitioners, each of whom was identified by a pseudonym. A chart identifying the true name of each practitioner was turned over to you in discovery.

The FSI describes the time period during which each Practitioner was allegedly bribed, as well as the total amount of bribes mailed to each practitioner, specifically:

Practitioner #1 (¶140);
Practitioner #2 (¶142);
Practitioner #3 (¶152);
Practitioner #4 (¶180);
Practitioner #5 (¶187);
Practitioner #6 (¶199);
Practitioner #7 (¶208);
Practitioner #8 (¶217);
Practitioner #9 (¶232); and
Practitioner #10 (¶241).

**To supplement the FSI, please find enclosed an excel spreadsheet entitled, "Payments to Practitioners Mentioned in 1st Superseding Indictment", Bates No. USAO-MA-1278741.** For each of the ten practitioners, this spreadsheet details the date range of payments, number of payments, entity or person paid, the account holder, check number, date cashed or negotiated, amount paid, payments made, the payee/payor, as well as information found in the Memo, if any, of each check.

Count One of the FSI alleges that "the pattern of racketeering activity through which each of the … [Defendants] agreed to conduct and participate, directly and indirectly, in the conduct of the affairs of the enterprise consisted of multiple acts indictable under … (b) Title 18, United States Code, §§ 1343 and 1346 (wire fraud, including honest services wire fraud)." (FSI ¶246(b)).

Thereafter, Count Three of the indictment alleges a dual objective conspiracy. Specifically, it alleges both a scheme to commit honest services wire fraud, as well as scheme to obtain money and property. The honest services scheme alleges that defendants sought to defraud patients of their practitioner's fiduciary duty to refrain from accepting or agreeing to accept bribes and kickbacks in exchange for prescribing any drug. The FSI quotes directly from numerous examples of emails and texts (wire communications) sent in furtherance of this scheme, each time identifying the parties to the communication as well as the date and context of the communication.

The scheme to obtain money and property alleges that the Defendants directed call center employees located in Arizona to obtain payment authorization by disguising the identity and location of their employer, and by misrepresenting patient diagnoses, the type of pain being treated, and the patient's course of treatment with other medications. The FSI quotes from several recorded calls, and describes the time of the wire communication, the parties involved, and the context of the call; specifically:

> Practitioner #1 (¶141);
> Practitioner #2 (¶143);
> Practitioner #3 (¶151);
> Practitioner #4 (¶179);
> Practitioner #5 (¶186);
> Practitioner #7 (¶207);
> Practitioner #8 (¶216); and
> Practitioner #10 (¶240).

**To supplement the FSI, please find enclosed an excel spreadsheet entitled, "Insurance Calls," Bates No. USAO-MA-1278740.** This spreadsheet lists 149 calls from three different insurers/pharmacy benefit managers and describes, the patient name, insurer, practitioner, and date of call. Thereafter, if available, the spreadsheet provides a link to a recording of the call, patient records, and insurance records.

Very truly yours,

Andrew E. Lelling
United States Attorney

By: *[signature]*
K. Nathaniel Yeager
David G. Lazarus
Assistant U.S. Attorneys