UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

UNITED STATES OF AMERICA,
    Plaintiff

vs.                                    Case No. 1:16-cr-10343-ADB-1

MICHAEL L. BABICH,
    Defendant

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

TRANSCRIPT OF INTERIM STATUS CONFERENCE/MOTION HEARING
BEFORE THE HONORABLE JENNIFER C. BOAL
AT BOSTON, MASSACHUSETTS
ON SEPTEMBER 13, 2018

APPEARANCES:

For the Plaintiff:
K. Nathaniel Yeager, Assistant United States Attorney
David J. D'Addio, Assistant United States Attorney
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston, Massachusetts 02210
617-748-3100

For Defendant Michael Babich:
Joseph Sedwick, Sollers, III, Esquire *(Telephonically)*
Mark A. Jensen, Esquire *(Telephonically)*
King & Spalding, LLP
1700 Pennsylvania Avenue NW, Suite 200
Washington, DC 20006
202-626-5612

Transcriber:  Karen M. Aveyard,
             Approved Federal Court Transcriber

---

**TRANSCRIPTION PLUS**
**1334 ELM STREET**
**LEOMINSTER, MASSACHUSETTS 01453**
**(978) 466-9383**
**k.aveyard@comcast.net**

APPEARANCES (continued):

For Defendant Michael Babich:
William H. Kettlewell, Esquire
Hogan Lovells US, LLP
100 High Street, 20th Floor
Boston, Massachusetts 02110
617-371-1005

For Defendant Alec Burlakoff:
Peter E. Gelhaar, Esquire
Donnelly Conroy & Gelhaar, LLP
260 Franklin Street, Suite 1600
Boston, Massachusetts 02110
617-720-2880

For Defendant Richard Simon:
Steven A. Tyrrell, Esquire
Patrick J. O'Toole, Jr., Esquire
Weil Gotshal & Manges, LLP
2001 M Street NW, Suite 600
Washington, DC 20036
202-682-7213

For Defendant Joseph Rowan:
Alexandra I. Gliga, Esquire
White & Case, LLP
75 State Street
Boston, Massachusetts 02109
617-979-9338

For Defendant John Kapoor:
Beth Wilkinson, Esquire
Wilkinson Walsh Eskovitz
2001 M Street NW
Washington, DC 20036
202-847-4000

Brien T. O'Connor, Esquire
Aaron M. Katz, Esquire
Ropes & Gray
800 Boylston Street
Boston, Massachusetts 02199
617-951-7385

```
 1                    P R O C E E D I N G S
 2
 3          THE CLERK:  -- 2018.  We're on the record in the
 4   matter of the United States v. Babich et al.  The case number
 5   is 16-cr-10343.
 6          Will counsel please identify themselves for the
 7   record.
 8          MR. YEAGER:  Good morning, your Honor.  Nathaniel
 9   Yeager for the United States.
10          MR. D'ADDIO:  David D'Addio for the United States.
11   Good morning, your Honor.
12          THE COURT:  Good morning.
13          MR. KETTLEWELL:  Good morning, your Honor.  William
14   Kettlewell for Mike Babich, and I believe Wick Sollers and
15   Mark Jensen, co-counsel, are on the phone.
16          MS. WILKINSON:  Good morning, your Honor.  Tracy Miner
17   for Mike Gurry.
18          MS. GLIGA:  Good morning, your Honor.  Alexandra Gliga
19   for Joe Rowan.
20          MR. GELHAAR:  Peter Gelhaar on behalf of Alec
21   Burlakoff.  Good morning, your Honor.
22          MR. TYRRELL:  Steven Tyrrell for Richard Simon, and my
23   partner, Patrick O'Toole, is here with me as well.
24          MS. WILKINSON:  Good morning, your Honor.  Beth
25   Wilkinson for Dr. John Kapoor.
```

1          MR. O'CONNOR:  Good morning, your Honor.  Brien
2     O'Connor for Dr. Kapoor.
3          MR. KATZ:  Good morning, your Honor.  Aaron Katz for
4     Dr. Kapoor.
5          THE COURT:  And if the folks on the phone could please
6     introduce themselves.
7          MR. SOLLERS:  Good morning, your Honor.  Wick Sollers,
8     King & Spalding, for Mike Babich.
9          MR. JENSEN:  And, your Honor, Mark Jensen, King &
10    Spalding, for Mike Babich as well.
11         THE COURT:  Alright.  Good morning, everyone.  I would
12    ask that folks who are here in the room stay seated and pull
13    the microphones toward them if they're going to speak, and
14    that's the way that we have found is the best for folks on the
15    phone to hear what is going on.
16         So let me just start off with, as a result of the
17    Second Superseding Indictment, does the Government anticipate
18    providing any new discovery?
19         MR. YEAGER:  I don't anticipate new discovery.  I need
20    to provide the standard 21-day letter with regard to
21    co-conspirators and such, and my co-counsel will do that before
22    the 21-day date.  I'm not sure exactly when, but we'll try to
23    expedite that.
24         THE COURT:  Mr. Yeager, I'm going to ask that you stay
25    seated.

1    MR. YEAGER:  Oh, I'm sorry.
2    THE COURT:  That's alright.
3    MR. YEAGER:  It's a natural reaction to stand up.  I
4    apologize.
5    So as I was saying so everyone could hear, we intend
6    to do this -- we will do the 21-day letter as required, but we
7    told counsel this morning on the request that we'll provide it
8    sooner than 21 days.  I'm not sure exactly when, but we'll try
9    to get to them.  I don't think there will be changes with
10   regard to that, but we'll get that out as soon as possible.
11   THE COURT:  Do the defendants anticipate filing a new
12   Motion for Bill of Particulars?
13   MS. WILKINSON:  Yes, we do, your Honor, although I
14   think we're going to meet and confer with Mr. Yeager.  We may
15   be able to work some of those things out in light of the Second
16   Superseding Indictment.  So we'll start with that, but if not,
17   we may have to file another Bill of Particulars.
18   THE COURT:  Do you have an anticipated timeline for
19   that?
20   MS. WILKINSON:  We would do it quite quickly, your
21   Honor, because of the upcoming trial date, although we did
22   discuss with Judge Burroughs this morning, and Mr. Yeager,
23   about starting the trial a bit later because it will be a
24   shorter trial now that the Government has cut back on the
25   indictment.  We're going to discuss that with Mr. Yeager and

1   make a proposal to the Court.
2            THE COURT:  And I have one more conference scheduled
3   before me on October 4th.  As of now, that is the last one
4   before me.
5            As a first question, do all the defendants agree to
6   exclude the time until October 4th?
7            DEFENSE COUNSEL:  Yes, your Honor.
8            MS. WILKINSON:  Could I raise one issue?
9            THE COURT:  Yes.
10           MS. WILKINSON:  I have another trial starting October
11  9th and Judge Ramos in the Southern District of New York
12  scheduled the conference on the same day that we have the
13  conference with you.
14           If we come to an agreement among all the parties with
15  the Government on a new schedule, could we propose a different
16  date for that hearing?
17           THE COURT:  Yes, of course.  Obviously, it would be a
18  date that would work out for as many people as --
19           MS. WILKINSON:  Everyone.
20           THE COURT:  Yes, as possible.
21           My other question is, I understand that you're
22  proposing a new schedule for Judge Burroughs.  It would be
23  helpful if you could include in there if you anticipate needing
24  any more conferences before me.
25           MS. WILKINSON:  We will do that.  Thank you, your

1  Honor.
2  THE COURT: Alright. So before moving on to the
3  Government's Motion for Reconsideration, does anyone wish to
4  bring anything else to my attention?
5  MR. YEAGER: No thank you, your Honor.
6  MS. WILKINSON: No, your Honor.
7  THE COURT: Alright. So moving on to the Government's
8  Motion for Reconsideration, to the extent that the Government
9  argues that it is not subject to a waiver finding, either
10 because it is the Government or because the waiver occurred at
11 the District Court level, the motion is denied. The Government
12 did not address seriously whether the agencies were part of the
13 prosecution team in its briefing before oral argument and did
14 not address it substantively when given the opportunity to do
15 so at oral argument, nor did the Government ask to submit
16 supplemental briefing. Still, even in the Motion for
17 Reconsideration, the Government has not given the Court the
18 specifics necessary for a substantive reconsideration of the
19 motion.
20 But I assume that given the Government's agreement to
21 get the requested information from the sister U.S. Attorney's
22 Offices, which is why I had denied the motion as moot as to
23 those U.S. Attorney's Offices, that the process necessary for
24 gathering that information would also include the information
25 in the possession of those law enforcement agents that worked

1   with those specific U.S. Attorney's Offices.
2           Is that correct?
3           MR. YEAGER:  Yes, your Honor.
4           THE COURT:  Okay.  So from the defendant's
5   prospective, I assume that with respect to most of the
6   agencies, and I'm thinking of agencies such as DCIS or the
7   Postal Inspection Service, that such a search would satisfy the
8   defendant's request.
9           MR. SOLLERS:  It should, your Honor, especially with
10  the narrower indictment.  For example, if postal agents or HHS
11  agents are going out and interviewing whether it's patients or
12  nurse practitioners or doctors associated with who are now
13  Practitioners 1 through 8 in the Second Superseding Indictment,
14  those should be in the files of the relevant U.S. Attorney's
15  Offices.  I expect your Honor will go to the other agencies,
16  DEA and FDA in particular, that are singled out in the Motion
17  for Reconsideration, and that's important.
18          THE COURT:  Yes, I'm setting those two aside.
19          MR. YEAGER:  Yes.
20          THE COURT:  Alright.  So with respect to DEA and FDA,
21  as I see it, this case alleges conduct that covers a wide
22  ranging activity that both encompasses traditional law
23  enforcement activities, but also regulatory activities, and
24  that's where the DEA and FDA are somewhat different, and indeed
25  there are paragraphs of the indictment that implicate the

1  regulatory functions of those agencies.  And I believe,
2  Mr. Yeager, you can correct me if I'm wrong, you have agreed to
3  provide Suspicious Activity Reports from the DEA, and I don't
4  know quite where the Suspicious Activity Reports -- I suppose
5  it could be a civil find or a regulatory.  I'm not quite sure
6  where that falls in the line.  But as I read the papers, you
7  had agreed to provide those reports with respect to specific
8  pharmacies.
9      Is that right?
10      MR. YEAGER:  Yes, your Honor.
11      THE COURT:  Okay.  So what I'm still missing from the
12  Government, however, is any explanation of the coordination
13  between the 18 agents that you've identified as working on the
14  Boston case and any regulatory office of DEA and FDA.  I
15  recognize that DEA and FDA are large organizations, but I would
16  think that there are particular components of DEA and FDA that
17  might be involved in this case.  Whether they possess documents
18  or that they could be -- there's a level of coordination with
19  those entities such that I could intelligently rule on the
20  Motion for Reconsideration, the Government has not provided me
21  with that kind of information.
22      On the other hand, as a practical matter, time is
23  ticking.  I understand that there still will be a trial in
24  January or February, and the fastest resolution of this issue
25  may well be if the parties work it out among themselves.

1      So where I'm coming at this is I may grant the Motion
2 for Reconsideration, but only to a limited extent.  If I look
3 at Items No. 3 and 4, and I think that's largely what we're
4 talking about here, it strikes me that, one, the Government
5 hasn't given me the necessary information to reconsider the
6 ruling on those, but on the other hand, they are very broad
7 requests that I'm not quite sure that the defendants have made
8 out the case for the breadth of the request being material to
9 the issues at hand.
10      So, Mr. Katz, I'm happy to hear from you on that, but
11 my suggestion would be that you all try and work this out, and
12 if you can't, I will rule on it.  But I would not be inclined
13 to give the defendants all that is being requested in 3 and 4
14 as it's stated now.
15      MR. KATZ:  So, your Honor, we had represented to the
16 Government when we gave them our discovery letter that we would
17 be happy to work out a list if they needed more precision.  We
18 put in certain examples that we would consider exculpatory.
19 The DEA wholesaler caps suspicious order monitoring (inaudible)
20 that the Government says is immaterial and irrelevant has
21 become even more material and relevant since the Second
22 Superseding Indictment was issued yesterday, or two days ago.
23      On the FDA issue with off-label use and the
24 recognition not only that it's legal, but that when SUBSYS was
25 approved, that was actually standard practice, you know, 80

1  percent of (inaudible) were used off label.  We're not looking
2  for every communication that may touch on that issue for years.
3  We do recognize the Brady line of cases recognizes
4  cumulativeness as relevant to whether it's material
5  information.
6      So documents sufficient to show is one avenue for
7  getting that.  We're happy to confer with the Government.  But
8  time is short and we've already, you know, lost two months
9  since we argued this motion last.  So we are in a bit of a bind
10 and we would just ask the Court to be mindful that we're asking
11 to move this along quite quickly.
12     THE COURT:  And I understand that, but I think part of
13 the problem is if I issue a ruling, the Government may well
14 appeal, and that's going to add more time.  So it seems to me
15 that it's worth everyone's interest to try and work this out.
16 I'll give you a week to try and work it out, and if you can't,
17 then, you know, I'll set a deadline the following day.  It can
18 be the following Monday.  You can let me know if you were able
19 to resolve any of the issues.  If you didn't, then I'll rule at
20 that point.
21     MR. KATZ:  That's entirely fair, your Honor.  I'm very
22 hopeful that we can work something out.
23     THE COURT:  Alright.  Mr. Yeager, do you -- or
24 Mr. D'Addio, I don't know who is addressing this, but --
25     MR. YEAGER:  No thank you, nothing further.  So thank

1    you for the opportunity to work it out, your Honor.
2             THE COURT:  Anything else?
3             Alright.  Thank you very much.
4             MS. WILKINSON:  Thank you, your Honor.
5             MR. D'ADDIO:  Thank you, your Honor.
6             (The hearing was concluded.)
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

C E R T I F I C A T I O N

I, Karen M. Aveyard, Approved Federal Court Transcriber, do hereby certify that the foregoing transcript, consisting of 12 pages, is a correct transcript prepared to the best of my skill, knowledge and ability from the official digital sound recording of the proceedings in the above-entitled matter.

/s/ Karen M. Aveyard

Karen M. Aveyard

September 20, 2018

Date