# EXHIBIT 1

# UNITED STATES OF AMERICA
## DEPARTMENT OF JUSTICE

### SUBPOENA DUCES TECUM

TO: John Kapoor, c/o Beth A. Wilkinson, via bwilkinson@wilkinsonwalsh.com

*YOU ARE HEREBY COMMANDED TO APPEAR BEFORE <u>K. Nathaniel Yeager, Health Care Fraud Chief, United States Attorney's Office</u>, an official of the U.S. Department of Justice, and you are hereby required to bring with you and produce the following:*

See attached Schedule A

*which are necessary in the performance of the responsibility of the U.S. Department of Justice to investigate Federal health care offenses, defined in 18 U.S.C. § 24(a) to mean violations of, or conspiracies to violate: 18 U.S.C. §§669, 1035, 1347, or 1518; and 18 U.S.C. §§ 287, 371, 664, 666, 1001, 1027, 1341, 1343, 1346, 1349, or 1954 if the violation or conspiracy relates to a health care benefit program (defined in 18 U.S.C. § 24(b)).*

**PLACE AND TIME FOR APPEARANCE:**
United States Attorney's Office, One Courthouse Way, 9th Floor, Boston, MA 02210 on **November 9, 2018 at 9:00 AM**, or, at your option, the documents may be sent to:

> K. Nathaniel Yeager
> United States Attorney's Office,
> One Courthouse Way, Suite 9200,
> Boston, MA 02210

if received prior to the date and time of appearance.

---

Failure to comply with the requirements of this subpoena will render you liable to proceedings in the district court of the United States to enforce obedience to the requirements of this subpoena, and to punish default or disobedience.

---

Issued under authority of Sec. 248 of the Health Insurance Portability & Accountability Act of 1996, Public Law No. 104-91 (18 U.S.C. § 3486)



*IN TESTIMONY WHEREOF*

<u>K. Nathaniel Yeager, Assistant United States Attorney</u> *the undersigned official of the U.S. DEPARTMENT OF JUSTICE, has hereunto set his/her hand this 26th Day of October, 2018*

_____
**K. NATHANIEL YEAGER**

RETURN OF SERVICE

I, being a person over 18 years of age, hereby certify that a copy of this subpoena was duly served on the person named herein by means of --

    1. personal delivery to an individual, to wit:

_____
(Name)
_____
(Title)
_____
(Address)

    2. personal delivery to an address, to wit:

_____

_____
(Description of premises)
_____
(Address)

    3. registered or certified mailing to:
_____
(Name)
_____
(Address)

    ( ) a.m. at ___  ( ) p.m. on ___

_____
(Signature)
_____
(Title)

**UNITED STATES OF AMERICA**
**DEPARTMENT OF JUSTICE**

**SUBPOENA DUCES TECUM**

*Upon contumacy or refusal to obey, this subpoena shall be enforceable by order of the appropriate United States District Court.*

### Schedule A

I. **DEFINITIONS**

    A.    "Document(s)" means, without limitation, any written, handwritten, printed, typed, photographed, recorded, transcribed, taped, filmed, or otherwise reproduced or stored communication or representation, whether comprised of letters, words, numbers, pictures, sounds or symbols, or any combination thereof.  This definition includes copies or duplicates of documents contemporaneously or subsequently created which have any non-conforming notes or other markings, including any additions, deletions, alterations, or notations, as well as the backsides of any communication or representation which contains any of the above. "Document" also includes all attachments, enclosures, or other matter affixed to or incorporated by reference within documents responsive to this Schedule, including, but not limited to, any pages that show who reviewed, approved or rejected a particular document.

    By way of example, "document(s)" includes, but is not limited to:  handwriting on printed emails, writings; correspondence; memoranda; notes; drafts; records; files; letters; envelopes; messages; electronic mail; electronic messages; text messages; instant messages; analyses; agreements; accounts; working papers; reports and summaries of investigations; trade letters; press releases; comparisons; books; ledgers; journals; bills; vouchers; checks; statements; worksheets; summaries; notices; drawings; diagrams; graphic presentations; instructions; manuals; calendars; diaries; telephone message records or logs; routing slips; activity reports; articles; magazines; newspapers; brochures; guidelines; notes or minutes of meetings or of other communications of any type, including inter- and intra-office or Company communications; reports; plans; questionnaires; forecasts; briefing materials; surveys; charts; graphs; diagrams; compilations; computations; photographs; films or videos; tapes; discs; data cells; databases; spreadsheets; software; bulletins; voice mails; information stored or maintained by electronic data processing or word processing equipment; electronic claims filings; invoices; computer and

network activity logs; all other data compilations from which information can be obtained including electromagnetically sensitive stored media such as floppy disks, hard disks, hard drives and magnetic tapes; Web pages; any preliminary versions, drafts or revisions of any of the foregoing; and all attachments to any of the items set forth in this paragraph.

      B.     "Concerning" means referring to, evidencing, describing, or constituting.

      C.     "Communication" means any transmission or exchange of information between two or more persons orally or in writing and includes, without limitation, any conversation or discussion, whether face-to-face or by means of telephone or other media, whether by chance or by design.

      D.     Insys-related means, but is not limited to, information about or of Insys Therapeutics or any related corporate entity, Subsys, approval, sales, or distribution of Subsys, marketing of Subsys, relating to TIRF Rems distribution, sales or marketing. Insys-related also means any covered material, which John Kapoor created, edited, or reviewed in his capacity as Founder or chairman of Insys.

## II.    INSTRUCTIONS

      A.     If a claim of privilege is asserted in response to any document requested by this subpoena, and such document, or any part thereof, is not produced on the basis of such claim, for each such document or part thereof that is not produced, you are directed to provide a privilege log wherein you identify the type of document being withheld (*e.g.*, letter, memorandum, handwritten notes, marginalia, etc.), all actual and intended recipients of the document, its date, and the specific privilege being asserted, all with sufficient particularity so as to allow the Department of Justice, and potentially the Court, to assess the validity of the claim of privilege. **In addition, where a document is pulled for privilege, please insert a colored piece of paper containing the same bates-number as the document pulled so that it is clear from whose files the privileged documents were pulled.**

B. The words "and" and "or" in this subpoena shall be read in both the conjunctive and the disjunctive (*i.e.*, "and/or"), so as to give the document request its broadest meaning.

C. The term "any" shall be construed to include the word "all" and the term "all" shall be construed to include the word "any."

D. Scope of search required: This subpoena calls for all documents in your possession, custody or control, including, but not limited to, your officers, directors, employees, agents, consultants and contractors. You are required to search all files, including electronic sources, reasonably likely to contain responsive documents, including files left behind by former officers, directors, agents and employees.

E. Manner of production: All documents produced in response to this subpoena shall comply with the following instructions:

    1. You shall conduct a search for responsive documents in a manner sufficient to identify the source and location where each responsive document is found.

    2. All documents produced in response to this subpoena shall be segregated and labeled to show the document request to which the documents are responsive and the source and location where the document was found.

    3. To the extent that documents are found in file folders, computer disks, hard drives and/or other storage media which have labels or other identifying information, the documents shall be produced with such file folder and label information intact.

    4. To the extent that documents are found attached to other documents, by means of paper clips, staples or other means of attachment, such documents shall be produced together in their condition when found.

F.  In the event there are no documents responsive to a particular request, please specify that you have no responsive documents.

G.  If you know of documents you once possessed or controlled, but no longer possess or control, which would have been responsive to this subpoena, state what disposition was made of such documents, including identification of the persons who are or are believed to be in possession or control of such documents currently.

H.  To facilitate the handling and return of the submitted documents, please mark each page with an identifying logo or the first three letters of your Company's name and number each page sequentially beginning with "000001." The marks should be placed in the lower right hand corner of each page but should not obscure any information on the document. All documents should be produced in enclosures bearing the name of your Company, the date of the subpoena and the paragraphs of the subpoena to which the documents respond.

### III.  DOCUMENTS TO BE PRODUCED

1. For the time period May 2012-December 2015, any and all non-privileged documents, including personal notes in any form, including handwritten notations, by John Kapoor, reflecting instructions or information given to others regarding emails relating to Insys, Subsys, and sales of opioids. Instructions to include dictation, orders, comments, feedback and similar notations. The production should include, but not be limited to, any Insys-related writings by John Kapoor provided to Nellie Oquendo. Examples of Ms. Oquendo's testimony regarding the demanded records can be found at USAO-MA-0193949-52 and USAO-MA-0194056-58; and

2. Any and all non-privileged Insys-related documents, in any form, provided to Wilkinson Walsh + Eskovitz by or on behalf of EJ Financial.

## Electronic Production Specifications for the
## Boston US Attorney's Office

1. Concordance database(s) and IPRO (.lfp) files along with Group IV single page .tif or .jpg files. *Exceptions*: Microsoft Excel, PowerPoint, Project, and Access are to be produced in their native format. In addition, electronic data such as relational database systems, legacy systems, voicemail systems, or other non-standard type electronic data should be discussed before producing.

2. Concordance database(s) will include the metadata fields detailed in the attached field list for each database record.

3. Any files unable to be tiffed, (e.g., audio, video, or unknown file format.) or those mentioned in paragraph one above, are to be produced in native format. Each native file produced must have a database record with: a Bates number, a path to the native file, metadata, extracted text, and an associated placeholder file in .tif format. The placeholder file should be endorsed with the Bates number and indicate that the file was produced natively.

4. Document text shall be extracted and placed into the Concordance database in a separate field.

5. If text cannot be extracted, those documents are to be OCR'd.

6. Deduplication processing specifications should be discussed with the Boston US Attorney's Office before proceeding.

7. Electronic files that cannot be processed will be listed on an exception report and the report is to be provided to the Boston US Attorney's Office.

8. Archived or compressed files (e.g., ZIP, TAR, ISO) shall be decompressed and processed.

9. Privilege log(s) are to be produced in an electronic format such as MS Excel or MS Access.

May 2012

| Boston US Attorney's Office - Scanned Paper Load File Specifications | | |
|---|---|---|
| Field Name | Field Description | Applies To |
| BATESBEGIN | Bates begin number including prefix Ex: USA00000001 | All |
| BATESEND | Bates end number including prefix Ex: USA00000001 | All |
| BATESBEGATT | The beginning Bates number for a range of related or family documents. *Example* : Binders or other bulk items broken out into separate documents for scanning. | Related or family documents. |
| BATESENDATT | The ending Bates number for a range of related or family documents. *Example* : Binders or other bulk items broken out into separate documents for scanning. | Related or family documents. |
| FOLDERNAME | A file folder name | Documents in folders. |
| CUSTODIAN | Custodian / Source | All |
| DOCTYPE | *Example* : Paper | All |
| PAGECOUNT | The number of pages in a document. | All |
| FULLTEXT01 | OCR / full text | All |
| FULLTEXT02 | OCR /full text overflow | All |
| VOLNUM | Media volume number, e.g. USAVol001 | All |
| **Load File Format:** Please provide a Concordance version 10 database with all of the fields identified above as well as a .dat load file with the standard Concordance delimiters. | | |
| **Image Format**: Group IV single page .tif or .jpg files.  Paper files should be scanned at 300 DPI. The file name should equal the Bates begin number without spaces. Do not split pages for a document into separate folders. | | |

## Boston US Attorney's Office - Electronic Load File Specifications

| Field Name | Field Description | Applies To |
|---|---|---|
| BATESBEGIN | Bates begin number including prefix **Example:** USA00000001 | All |
| BATESEND | Bates end number including prefix **Example:** USA00000001 | All |
| BATESBEGATT | The beginning Bates number for a range of related or family documents. **Example**: emails and their attachments are considered document families. | Emails & Attachments / Zip File & Attachments |
| BATESENDATT | The ending Bates number for a range of related or family documents. **Example**: emails and their attachments are considered document families. | Emails & Attachments / Zip File & Attachments |
| CUSTODIAN | Custodian / Source | All |
| DOCTYPE | **Examples**: Email, Attachment, Zip File, Zip File Attachment, Electronic Document, Paper | All |
| NATIVEFILE | This field will contain the full directory path and file name to the native file. | Native files produced |
| TO | TO recipient(s) of email | Emails |
| FROM | FROM or author(s) of emails | Emails |
| CC | CC recipient(s) of email | Emails |
| BCC | BCC recipient(s) of email | Emails |
| AUTHOR | AUTHOR(s) of documents | Non-emails |
| SUBJECT | Subject of emails and electronic documents | All |
| TITLE | Title of electronic documents | Where available |
| CONVERSATION | Email conversation text | Emails |
| DATECREATED | Creation date of original document | All except emails |
| DATELASTMOD | Last modification date of original document | All except emails |
| DATESENT | Sent date of email message | Emails |
| DATERCVD | Received date of email message | Emails |
| DATELSTPRINT | Date last printed | Where available |
| DATESORT | For emails & attachments it should be the email sent date so that the family members will stay together in a sort. For loose electronic files (not emails & attachments) use the date last modified. All documents should have a value in this field. | All |
| APPLICATION | Application used to create the native file, e.g. Word, PowerPoint, and Excel | All |
| FILENAME | File name. **Example:** May2011.xls | All |

| Field Name | Field Description | Applies To |
|---|---|---|
| ORGFILEPATH | File path from original media including file name: **Example**: Ksmith\Financials\Accts_payable.xls | All |
| NUMATTACH | The number of attachments to an email or contained in a zip file. | Emails / Zip Files |
| HEADER | Email header data | Emails |
| CATEGORIES | Contains the category a user manually entered in the categories field of a document | Where available |
| COMPANY | Contains the name of the company | Where available |
| COMMENTS | Contains the comments from the body of Excel, Word, PowerPoint and Project files | Where available |
| KEYWORDS | Keywords a user manually entered into the keywords property field | Where available |
| FOLDER | Email folder name. **Example**: Sent, Inbox, Drafts | Emails / Attachments |
| MAILSTORE | The name of the email file. **Example**: ksmith.pst | Emails / Attachments |
| FILE_SIZE | File size | Where available |
| HAS_MACRO | The file contains a macro | Where available |
| REV_NUMBER | The file contains a revsion number | Where available |
| LAST_EDIT_BY | Last edited by | Where available |
| SUBRESNUM | The subpoena or document request to which the document is responsive. | All |
| DUP_SOURCE* | Applies to productions employing global de-duping processing only. This field should identify the custodian and file path for data that is not included because it is a duplicate. **Example**: ksmith.pst, Inbox. | All records de-duplicated due to global de-duping processing. |
| ATTACHNAME | List of attachment file names. **Example**: May2011.xls | Emails / Zip Files |
| HASHVALUE | The unique hash value of the document | All |
| PAGECOUNT | The number of pages in a document. | All tif files |
| MESSAGEID | Email message id | Emails |
| VOLNUM | Media volume number, **Example**: USAVol001 | All |
| FULLTEXT1 | Extracted full text | All |
| FULLTEXT2 | Extracted full text overflow | All |

| Field Name | Field Description | Applies To |
|---|---|---|
| **Load File Format**: Please provide a Concordance version 10 database with all of the fields identified above as well as a .dat load file with the standard Concordance delimiters. Please use true date fields in the Concordance database and format the dates as mm/dd/yyyy in the .dat file. | | |
| **Other Formatting**: Each member of a family will have its own record. *Example*: the email is a separate record from its attachment(s). | | |
| \* This field is to be populated for each production. A load file updating the DUP_SOURCE field is also required as more documents are de-duplicated from newly processed data. The update file should contain the BATESBEGIN number of the produced document and the updated DUP_SOURCE field. Please use the standard Concordance delimiters in the update load file. | | |