# EXHIBIT 3



**U.S. Department of Justice**

*Carmen M. Ortiz*
*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

February 16, 2016

To: Recipient of Enclosed Department of Justice Subpoena

**Re: Health Oversight/Place for Production of Records**

The enclosed HIPAA subpoena issued on February 16, 2016 requires you to produce information which may include individually identifiable health information which could be covered by the patient privacy regulations, 45 C.F.R. §§ 164.102- 164.534. This information is being sought by the Department of Justice in its capacity as a health oversight agency, and this information is necessary to further health oversight activities. 45 C.F.R. 164.512(d); 45 C.F.R. 164.501.

The enclosed subpoena requires production of documents to the United States Attorney's Office in the District of Massachusetts. You may make such production either in person by appearing at the date and time indicated, or, as noted in the attached letter, you may send the documents to the United States Attorney's Office by mail to the address listed. If your place of business is more than 500 miles from Boston, the keeper of the records for your business does not have to appear personally in Boston at the time indicated to produce the records. The relevant statute provides only for production in person at a location within 500 miles from the location of service of the subpoena (your place of business). 18 U.S.C. section 3486 (a)(3). We have included as an option production of the records by mail to minimize your expense and time commitment in complying with the subpoena.

In the event that your place of business is more than 500 miles from Boston and you do not wish to produce the requested materials by mailing them to the address listed in the enclosed letter, please call me at 617-748-3311 to identify a United States Attorney's office within 500 miles of your place of business where you may personally appear to produce the requested documents.

K. NATHANIEL YEAGER
SUSAN POSWISTILO
Assistant U.S. Attorneys
Health Care Fraud Unit
District of Massachusetts

# UNITED STATES OF AMERICA
## DEPARTMENT OF JUSTICE

## SUBPOENA DUCES TECUM

**TO:** EJ Financial Enterprises, Inc.

***YOU ARE HEREBY COMMANDED TO APPEAR BEFORE** Assistant United States Attorneys Susan Poswistilo and K. Nathaniel Yeager, officials of the U.S. Department of Justice, and you are hereby required to bring with you and produce the following: See Attachments A and B.*

***which are necessary in the performance of the responsibility of the U.S. Department of Justice to investigate Federal health care offenses, defined in 18 U.S.C. § 24(a) to mean violations of, or conspiracies to violate: 18 U.S.C. §§669, 1035, 1347, or 1518; and 18 U.S.C. §§ 287, 371, 664, 666, 1001, 1027, 1341, 1343, or 1954 if the violation or conspiracy relates to a health care benefit program (defined in 18 U.S.C. § 24(b)).***

**PLACE AND TIME FOR APPEARANCE:**
United States Attorney's Office, One Courthouse Way, Suite 9200, Boston, MA 02210, on March 8, 2016 at 10 o'clock A.M, or at your option, the documents may be mailed to the Assistant U.S. Attorney listed at:

Attn: AUSA K. Nathaniel Yeager
United States Attorney's Office,
John Joseph Moakley United States Courthouse, Suite 9200
1 Courthouse Way
Boston, MA 02210

if received prior to the date and time for appearance.

---

Failure to comply with the requirements of this subpoena will render you liable to proceedings in the district Court of the United States to enforce obedience to the requirements of this subpoena, and to punish default or disobedience.

---

Issued under authority of Sec. 248 of the Health Insurance
Portability & Accountability Act of 1996, Public Law No. 104-91
(18 U.S.C. § 3486)




***IN TESTIMONY WHEREOF***

***Assistant United States Attorney K. Nathaniel Yeager, the undersigned official of the U.S. DEPARTMENT OF JUSTICE, has hereunto set his/her hand this 16 day of Feb., 2016.***

(SIGNATURE)

FORM CRM-180
MAR.. 97

**RETURN OF SERVICE**

I, being a person over 18 years of age, hereby certify that a copy of this subpoena was duly served on the person named herein by means of --

1. personal delivery to an individual, to wit:

______________________________
*(Name)*
______________________________
*(Title)*
______________________________
*(Address)*

2. personal delivery to an address, to wit:

______________________________

______________________________
*(Description of premises)*
______________________________
*(Address)*

3. registered or certified mailing to:

______________________________
*(Name)*
______________________________
*(Address)*

( ) a.m. at ___ ( ) p.m. on ___

______________________________
*(Signature)*
______________________________
*(Title)*

**UNITED STATES OF AMERICA**
**DEPARTMENT OF JUSTICE**

**SUBPOENA DUCES TECUM**

*Upon contumacy or refusal to obey, this subpoena shall be enforceable by order of the appropriate United States District Court.*

# CERTIFICATE OF AUTHENTICITY
# OF
# BUSINESS RECORDS

I, ____________________________________, attest that:

I am employed by ____________________________________________;

that my official title is ________________________________________ and that I

have been appointed the keeper of the attached records.

Each of the attached records is the original or a duplicate of the original

records in the custody of ____________________________________________.

I further state that:

(a) these records were made, at or near the time of the occurrence of the matters set forth, by (or from information transmitted by) a person with knowledge of those matters;

(b) these records were kept in the course of regularly conducted business activity; and

(c) it was the regular practice of this business to make such records.

I certify that the foregoing is true and accurate, to the best of my knowledge and belief.

Executed on ____________________ ______________________________

Date Signature

____________________________

Location

# ATTACHMENT A

## I. DEFINITIONS

A. "Document(s)" means, without limitation, any written, printed, typed, photographed, recorded, transcribed, taped, filmed, or otherwise reproduced or stored communication or representation, whether comprised of letters, words, numbers, pictures, sounds or symbols, or any combination thereof. This definition includes copies or duplicates of documents contemporaneously or subsequently created which have any non-conforming notes or other markings, including any additions, deletions, alterations, or notations, as well as the backsides of any communication or representation which contains any of the above. "Document" also includes all attachments, enclosures, or other matter affixed to or incorporated by reference within documents responsive to this Attachment, including, but not limited to, any pages that show who reviewed, approved or rejected a particular document.

By way of example, "document(s)" includes, but is not limited to: writings; correspondence; memoranda; notes; drafts; records; files; letters; envelopes; messages; electronic mail; electronic messages; text messages; instant messages; analyses; agreements; accounts; working papers; reports and summaries of investigations; trade letters; press releases; comparisons; books; ledgers; journals; bills; vouchers; checks; statements; worksheets; summaries; notices; drawings; diagrams; graphic presentations; instructions; manuals; calendars; diaries; telephone message records or logs; routing slips; activity reports; articles; magazines; newspapers; brochures; guidelines; notes or minutes of meetings or of other communications of any type, including inter- and intra-office or Company communications; reports; plans; questionnaires; forecasts; briefing materials; surveys; charts; graphs; diagrams; compilations; computations; photographs; films or videos; tapes; discs; data cells; databases; spreadsheets; software; bulletins; voice mails; information stored or maintained by electronic data processing or word processing equipment; electronic claims filings; invoices; computer and network activity logs; all other data compilations from which information can be obtained including electromagnetically sensitive stored media such as floppy disks, hard disks, hard drives and magnetic tapes; Web pages; any preliminary versions, drafts or revisions of any of the foregoing; and all attachments to any of the items set forth in this paragraph.

B. "You," the "Company," or "EJ Financial Enterprises, Inc." means any and all of the following:

1. The entity on which this subpoena was served, irrespective of the name under which it has operated;

2. EJ Financial Enterprises, Inc., and any of its predecessors, parents, subsidiaries, affiliates, segments, departments, branches, groups, operations, units, plants, and divisions, both presently existing and those which previously existed, as well as any joint ventures of which any of them is a part; and

3. Each of their present or former officers, directors, representatives, employees, attorneys, consultants, contractors, or agents acting or purporting to act or

appearing to act on behalf of the Company, whether or not their actions were authorized by the Company or were within the proper scope of their authority.

C. "Employee" means any person, including but not limited to any independent contractor or agent, all past and present directors, officers, agents, representatives, attorneys, accountants, advisors, and consultants who acted or purported to act on behalf of the Company or who have performed any service for the Company or under its name (whether on a full-time, part-time, piece-work, commission, or other basis, and whether paid or unpaid).

D. "Person" includes within its meaning natural persons and corporations, companies, partnerships, unincorporated business associations and any other entity composed of natural persons.

E. The words "and" and "or" in this subpoena shall be read in both the conjunctive and the disjunctive (*i.e.*, "and/or"), so as to give the document request its broadest meaning. The singular form of a word shall be construed to include within its meaning the plural form of the word, and vice versa, and the use of any tense of any verb shall be considered also to include all other tenses, in a manner that gives each document request its broadest possible meaning.

F. The term "any" shall be construed to include the word "all" and the term "all" shall be construed to include the word "any."

G. "Concerning" means referring to, evidencing, describing, or constituting.

H. "Communication" means any transmission or exchange of information between two or more persons, whether orally, in writing, or electronically, and includes, without limitation, any conversation or discussion, whether face-to-face or by means of telephone, electronic means (including electronic mail, texts, tweets, direct messaging, and instant messaging), or other media, whether by change or by design.

I. "Subsys" means INSYS's fentanyl sublingual spray drug product Subsys in any dosage.

## II. <u>INSTRUCTIONS</u>

A. In lieu of appearing at the date and time specified, you may, at your option, produce records sought to Assistant United States Attorneys K. Nathaniel Yeager and Susan Poswistilo, United States Attorney's Office, 1 Courthouse Way, Suite 9200, Boston, MA 02210.

B. Custodian of records: The recipient of this subpoena shall identify a qualified custodian of records who will be available to testify at the place and time indicated concerning the production and authentication of documents and records required to be produced by this

subpoena. Such custodian shall have direct knowledge of, and responsibility for, the search conducted for documents responsive to this subpoena.

C. If a claim of privilege is asserted in response to any document requested by this subpoena, and such document, or any part thereof, is not produced on the basis of such claim, for each such document or part thereof that is not produced, you are directed to provide a privilege log wherein you identify the type of document being withheld (*e.g.*, letter, memorandum, handwritten notes, marginalia, etc.), all actual and intended recipients of the document, its date, and the specific privilege being asserted, all with sufficient particularity so as to allow the Department of Justice, and potentially the Court, to assess the validity of the claim of privilege. In addition, where a document is pulled for privilege, please insert a colored piece of paper containing the same bates-number as the document pulled so that it is clear from whose files the privileged documents were pulled.

D. Scope of search required: This subpoena calls for all documents in your possession, custody or control, including, but not limited to, your officers, directors, employees, agents, consultants and contractors. You are required to search all files, including electronic sources, reasonably likely to contain responsive documents, including files left behind by former officers, directors, agents and employees.

E. Manner of production: All documents produced in response to this subpoena shall comply with the following instructions:

   1. You shall conduct a search for responsive documents in a manner sufficient to identify the source and location where each responsive document is found.

   2. All documents produced in response to this subpoena shall be segregated and labeled to show the document request to which the documents are responsive and the source and location where the document was found.

   3. To the extent that documents are found in file folders, computer disks, hard drives and/or other storage media which have labels or other identifying information, the documents shall be produced with such file folder and label information intact.

   4. To the extent that documents are found attached to other documents, by means of paper clips, staples or other means of attachment, such documents shall be produced together in their condition when found.

F. In the event there are no documents responsive to a particular request, please specify that you have no responsive documents.

G. If you know of documents you once possessed or controlled, but no longer possess or control, which would have been responsive to this subpoena, state what disposition was made of such documents, including identification of the persons who are or are believed to be in possession or control of such documents currently.

H. To facilitate the handling and return of the submitted documents, please mark each page with an identifying logo or the first three letters of your Company's name and number each page sequentially beginning with "000001." The marks should be placed in the lower right hand corner of each page but should not obscure any information on the document. All documents should be produced in enclosures bearing the name of your Company, the date of the subpoena and the paragraphs of the subpoena to which the documents respond.

I. All electronic documents should be produced with all corresponding metadata and other requirements as set forth in Attachment B.

## III. RELEVANT TIME PERIOD

A. Unless otherwise specified, the relevant time period for each document request in this subpoena shall be January 2011 through the present, and shall include all documents created or prepared during that period, or referring or relating to that period, regardless of when the document was created or prepared.

## IV. DOCUMENTS TO BE PRODUCED

Pursuant to the definitions and instructions above, you are requested to produce all documents that are in your custody, possession, or control pertaining to:

A. INSYS THERAPEUTICS INC.
B. The drug SUBSYS

including, but not limited to: All Communications, including electronic mail, texts, and recordings, between Insys employees or Insys customers and EJ Financial Enterprises, Inc. employees, as well as internal communications amongst and/or between EJ Financial Enterprises, Inc. employees pertaining to Insys including, but not limited to:

a. John Kapoor
b. Nellie Oquendo
c. Selena Richardson
d. Barbara Hoff
e. Michael Babich
f. Michael Gurry
g. Alec Burlakoff
h. Matthew Napoletano
i. Richard Simon
j. Susan Beisler
k. Xun (Sean) Yu
l. Larry Dillaha
m. Daryl Baker

# ATTACHMENT B

Electronic Production Specifications for the
Boston US Attorney's Office

1. Concordance formatted .dat load file containing the metadata fields detailed in the attached field list for each database record.

2. Concordance formatted .opt image cross reference load file.

3. Document level extracted text files named with the Bates begin number. If text cannot be extracted, those documents are to be OCR'd. Do not include extracted or OCR text in the .dat file.

4. Group IV single page .tif or .jpg images AND native files.

5. Native electronic files are to be produced in addition to Tiff or JPEG images. The native file is to be named by the Bates number of the first page of the document. If a file cannot be rendered to tiff then a slip-sheet image is to be produced and Bates endorsed. The slip-sheet should contain the Original Path and Original File Name.

6. Electronic data such as relational database systems, legacy systems, voicemail systems, or other non-standard type electronic data should be discussed before producing.

7. Deduplication processing specifications should be discussed with the Boston US Attorney's Office before proceeding.

8. Electronic files that cannot be processed will be listed on an exception report and the report is to be provided to the Boston US Attorney's Office.

9. Archived or compressed files (e.g., ZIP, TAR, ISO) shall be decompressed and processed.

10. Privilege log(s) are to be produced in an electronic format such as MS Excel or MS Access.

| Boston US Attorney's Office - Electronic Load File Specifications | | |
|---|---|---|
| Field Name | Field Description | Applies To |
| BATESBEGIN | Bates begin number including prefix Example: USA00000001 | All |
| BATESEND | Bates end number including prefix Example: USA00000001 | All |
| BATESBEGATT | The beginning Bates number for a range of related or family documents. *Example* : emails and their attachments are considered document families. | Emails & Attachments / Zip File & Attachments |
| BATESENDATT | The ending Bates number for a range of related or family documents. *Example* : emails and their attachments are considered document families. | Emails & Attachments / Zip File & Attachments |
| CUSTODIAN | Custodian / Source | All |
| DOCTYPE | *Examples* : Email, Attachment, Zip File, Zip File Attachment, Electronic Document, Paper | All |
| NATIVEFILE | This field will contain the full directory path and file name to the native file. | Native files produced |
| TO | TO recipient(s) of email | Emails |
| FROM | FROM or author(s) of emails | Emails |
| CC | CC recipient(s) of email | Emails |
| BCC | BCC recipient(s) of email | Emails |
| AUTHOR | AUTHOR(s) of documents | Non-emails |
| LAST_EDIT_BY | Last edited by | Where available |
| TITLE | Title of electronic documents | Where available |
| EMAIL SUBJECT | Email subject | Emails |
| DOCSUBJECT | Subject metadata from electronic files | Where available |
| CONVERSATION | Email conversation text | Emails |
| DATECREATED | Creation date of original document | All except emails |
| DATELASTMOD | Last modification date of original document | All except emails |
| DATESENT | Sent date of email message | Emails |
| DATERCVD | Received date of email message | Emails |
| DATELSTPRINT | Date last printed | Where available |
| DATESORT | For emails & attachments it should be the email sent date so that the family members will stay together in a sort. For loose electronic files (not emails & attachments) use the date last modified. All documents should have a value in this field. | All |
| APPLICATION | Application used to create the native file, e.g. Word, PowerPoint, and Excel | All |
| DOC_EXTENSION | File extension. Example: .pdf | All |
| FILENAME | File name. Example: May2014.xls | All |

| Field Name | Field Description | Applies To |
|---|---|---|
| ORGFILEPATH | File path from original media including file name: **Example:** Ksmith\Financials\Accts_payable.xls | All |
| NUMATTACH | The number of attachments to an email or contained in a zip file. | Emails / Zip Files |
| HEADER | Email header data | Emails |
| CATEGORIES | Contains the category a user manually entered in the categories field of a document | Where available |
| COMPANY\ORGANIZATION | Contains the name of the company | Where available |
| COMMENTS | Contains the comments from the body of Excel, Word, PowerPoint and Project files | Where available |
| KEYWORDS | Keywords a user manually entered into the keywords property field | Where available |
| FOLDER | Email folder name. *Example*: Sent, Inbox, Drafts | Emails / Attachments |
| MAILSTORE | The name of the email file. **Example:** ksmith.pst | Emails / Attachments |
| FILE_SIZE | File size | Where available |
| HAS_MACRO | The file contains a macro | Where available |
| REV_NUMBER | The file contains a revision number | Where available |
| HAS_TRACK_CHANGES | Yes or No value. **Example:** If a Microsoft Word or Excel document contains tracked changes. | Where available |
| SUBRESNUM | The subpoena or document request to which the document is responsive. | All |
| DUP_SOURCE* | Applies to productions employing global de-duping processing only. This field should identify the media source, custodian and file path for data that is not included because it is a duplicate. *Example:* Company.edb/ksmith/Inbox. | All records de-duplicated due to global de-duping processing. |
| ATTACHNAME | List of attachment file names. **Example:** May2014.xls | Emails / Zip Files |
| HASHVALUE | The unique hash value of the document | All |
| PAGECOUNT | The number of pages in a document. | All tif files |
| MESSAGEID | Email message id | Emails |
| VOLNUM | Media volume number, **Example:** USAVol001 | All |
| TEXTPATH | Folder Path of extracted or OCR text | All |
| FULLTEXT1 | Extracted full text or OCR | All |
| FULLTEXT2 | Extracted full text overflow | All |

| Field Name | Field Description | Applies To |
|---|---|---|
| Load File Format: Format the dates as mm/dd/yyyy in the .dat file. | | |
| Other Formatting: Each member of a family will have its own record. *Example*: the email is a separate record from its attachment(s). | | |
| * This field is to be populated for each production. A load file updating the DUP_SOURCE field is also required as more documents are de-duplicated from newly processed data. The update file should contain the BATESBEGIN number of the produced document and the updated DUP_SOURCE field. Please use the standard Concordance delimiters in the update load file. | | |

| Boston US Attorney's Office - Scanned Paper Load File Specifications | | |
|---|---|---|
| Field Name | Field Description | Applies To |
| BATESBEGIN | Bates begin number including prefix Ex: USA00000001 | All |
| BATESEND | Bates end number including prefix Ex: USA00000001 | All |
| BATESBEGATT | The beginning Bates number for a range of related or family documents. *Example* : Binders or other bulk items broken out into separate documents for scanning. | Related or family documents. |
| BATESENDATT | The ending Bates number for a range of related or family documents. *Example* : Binders or other bulk items broken out into separate documents for scanning. | Related or family documents. |
| FOLDERNAME | A file folder name | Documents in folders. |
| CUSTODIAN | Custodian / Source | All |
| DOCTYPE | *Example* : Paper | All |
| PAGECOUNT | The number of pages in a document. | All |
| TEXTPATH | Folder Path of extracted or OCR text | All |
| FULLTEXT02 | OCR /full text overflow | All |
| VOLNUM | Media volume number, e.g. USAVol001 | All |
| Image Format: Group IV single page .tif or .jpg files. Paper files should be scanned at 300 DPI. The file name should equal the Bates begin number without spaces. Do not split pages for a document into separate folders. | | |