# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

UNITED STATES

v.

MICHAEL L. BABICH et al.,

Defendants.

Criminal No. 16-CR-10343-ADB

LEAVE TO FILE REQUESTED ON
NOV. 26, 2018 (DKT. NO 538)

ORAL ARGUMENT REQUESTED

## DEFENDANTS' REPLY MEMORANDUM OF LAW
## IN SUPPORT OF MOTION TO DISMISS RICO PREDICATES
## OF THE SECOND SUPERSEDING INDICTMENT

## **TABLE OF CONTENTS**

I.      TABLE OF AUTHORITIES .............................................................................................. ii

II.     INTRODUCTION ........................................................................................................... 1

III.    ARGUMENT ................................................................................................................... 3

      I.      The Challenged Predicates Should Be Dismissed Because The SSI Does
           Not Allege That Defendants Agreed For Anyone To Violate Them ...................... 3

      II.     The Government Misreads *United States v. Salinas* ............................................. 5

      III.    The Government's Arguments Based On *United States v. Glecier*
           Are Irrelevant ........................................................................................................ 7

      IV.     The Court Should Reject The Government's Interpretation Of
           18 U.S.C. 1962(d) ................................................................................................. 8

IV.     CONCLUSION ............................................................................................................... 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Bonilla v. Volvo Car Corp.*,
  150 F.3d 62 (1st Cir. 1998) ................................................................. 6

*Hamling v. United States*,
  418 U.S. 87 (1974) .............................................................................. 3

*Irving v. United States*,
  162 F.3d 154 (1st Cir. 1998) ............................................................. 10

*Ocasio v. United States*,
  136 S. Ct. 1423 (2016) ................................................................... 4, 14

*Salinas v. United States*,
  522 U.S. 52 (1997) .................................................................. 8, 9, 10, 15

*United States v. Cadden*,
  2016 WL 5329565 (D. Mass. Sept. 21, 2016) .................................. 3, 7

*United States v. Cassiere*,
  4 F.3d 1006 (1st Cir. 1993) ................................................................. 6

*United States v. Czubinski*,
  106 F.3d 1069 (1st Cir. 1997) ............................................................. 5

*United States v. Eirby*,
  262 F.3d 31 (1st Cir. 2001) ............................................................... 13

*United States v. Glecier*,
  923 F.2d 496 (7th Cir. 1991) ............................................................. 12

*United States v. Holte*,
  236 U.S. 140 (1915) ............................................................................ 9

*United States v. Neapolitan*,
  791 F.2d 489 (7th Cir. 1986) ........................................................ 12, 13

*United States v. Ramirez-Rivera*,
  800 F.3d 1 (1st Cir. 2015) ......................................................... 4, 10, 14

ii

*United States v. Sawyer*,
    85 F.3d 713 (1st Cir. 1996) ........................................................................................... 5

*United States v. Shifman*,
    124 F.3d 31 (1st Cir. 1997) ....................................................................................... 4, 6

*United States v. Zolot*,
    968 F. Supp. 2d 411 (D. Mass. 2013) ......................................................................... 5

**Statutes**

18 U.S.C. § 1961(1) ...................................................................................................... 1, 2

18 U.S.C. § 1962(d) ................................................................................................. 4, 9, 11

18 U.S.C. § 371 ............................................................................................................... 11

26 U.S.C. § 7203 ............................................................................................................... 1

**Rules**

Fed. R. Crim P. 12(b)(3)(B)(v) ..................................................................................... 3, 6

## INTRODUCTION

The government's opposition confuses a motion to dismiss for lack of specificity with a motion to dismiss for failure to state an offense.   Although Rule 7 requires a "plain, concise, and definite written statement of the essential facts constituting the offense charged," Rule 12 requires that those factual allegations actually constitute the offense charged. *See* Fed. Rs. Crim. P. 7(c)(1), 12(b)(3)(B)(v).   No matter how much notice an indictment provides, the allegations should not proceed to trial if the conduct alleged is not a violation of the statute charged.

There is no exception to this rule for RICO conspiracy.   Suppose, for example, that the government charged Defendants under RICO for conspiring to cause healthcare practitioners not to pay their taxes.   A court would dismiss that indictment prior to trial—not because it lacks notice, but because willful failure to pay taxes is not a RICO predicate.   *See* 18 U.S.C. § 1961(1) (excluding 26 U.S.C. § 7203 from the definition of "racketeering activity").   And the government could not forestall such a challenge through sweeping and unsupported legal assertions about the object of the conspiracy, such as that a prescriber's failure to pay taxes somehow renders every prescription she writes thereafter as lacking medical necessity, that by not paying her taxes the prescriber somehow breaches her fiduciary duty to her patients, or that failing to affirmatively disclose the tax non-payment to patients or insurers somehow constitutes fraud by omission.

Four of the five RICO predicates alleged in the Second Superseding Indictment ("SSI") suffer from the same defect as the example above.   Like willful failure to pay taxes, providing bribes or kickbacks in violation of the Anti-Kickback Statute ("AKS") is not a RICO predicate. *See* 18 U.S.C. § 1961(1) (excluding AKS offenses from the definition of "racketeering activity"). And the government cannot transform AKS violations into RICO predicates through sweeping and unsupported assertions (1) that every controlled substance prescription written after an alleged

1

bribe violates the Controlled Substances Act ("CSA"), (2) that a practitioner violates her fiduciary duty whenever she prescribes a drug after accepting an alleged bribe, or (3) that failure to affirmatively disclose alleged bribes to patients and insurance companies is fraud by omission.

The government previously argued that such assertions are legal in nature. *See, e.g.*, Mot. to Dismiss Second Superseding Indictment ("Second MTD") Ex. 2 at 2 (government's response to renewed request for particulars "declines to provide *legal* briefing regarding the SSI") (emphasis added); Gov't Opp'n to Defs.' Renewed Mot. for a Bill of Particulars ("Renewed BOP Opp'n") at 10 (Dkt. No. 512) (declining to discuss the "*legal theories* it intends to present at trial") (emphasis added). Yet, in opposing Defendants' motion to dismiss—where legal theories *should be* briefed and discussed—the government ducks the issues and attacks straw men. Defendants are not arguing that RICO predicates must be carried out to completion, or that Defendants must intend to carry them out personally. Defendants are not asking the Court to reject any factual allegations in the SSI or to resolve disputed facts. Rather, Defendants maintain that the SSI's factual allegations are insufficient to state an agreement to violate the CSA, to breach a fiduciary duty, or to engage in 'money or property' mail fraud by omission. The government's opposition does not join issue with Defendants' arguments, let alone rebut them.

Finally, the government's suggestion that the Court defer this issue until a Rule 29 motion is not well-taken. In addition to the four challenged RICO predicates, the SSI alleges that Defendants conspired for Insys to make affirmative false statements to insurance companies during prior authorization calls. Defendants have not moved to dismiss the 'money or property' wire fraud predicate that relates to those allegations, so they are facing trial regardless of how the Court decides the instant motion. But waiting until the close of the government's case to determine whether the bribery allegations are legally flawed would be grossly unfair. The government should

not be allowed to spend months at trial characterizing Defendants as corrupt drug pushers at the height of the opioid epidemic, only for the Court to determine that those allegations fail to implicate cognizable RICO predicates.  At that point, the prejudice to Defendants could not be undone, and any adverse verdict on the remaining allegations could not stand.

## ARGUMENT

### I. The Challenged Predicates Should Be Dismissed Because The SSI Does Not Allege That Defendants Agreed For Anyone To Commit Them

Under Rule 12, a court must dismiss an indictment if it "fail[s] to state an offense."  Fed. R. Crim P. 12(b)(3)(B)(v).  Thus, when a Defendant challenges "the legal (as opposed to factual) sufficiency of an indictment a court must determine whether the indictment 'contains the elements of the offense charged.'"  *United States v. Cadden*, 2016 WL 5329565, at *1 (D. Mass. Sept. 21, 2016) (Stearns, J.) (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974)).  One of the elements of the sole offense charged here—conspiracy to violate the RICO statute under 18 U.S.C. § 1962(d)—is that the defendant "agree[d] to commit, or in fact commit[ed], two or more predicate offenses."  *United States v. Ramirez-Rivera*, 800 F.3d 1, 18 (1st Cir. 2015) (quoting *United States v. Shifman*, 124 F.3d 31, 35 (1st Cir. 1997)).  The SSI does not "contain" that "element," *Hamling*, 418 U.S. 117, with respect to four of the five alleged predicate acts: the CSA, honest services mail and wire fraud, and 'money or property' mail fraud.

To show that Defendants "agree[d] to commit, or in fact commit[ed]" those crimes, the SSI must allege that each Defendant "specifically intended that *some conspirator* commit each element" of those offenses.  *Ocasio v. United States*, 136 S. Ct. 1423, 1432 (2016).  But the SSI does not allege that Defendants affirmatively intended for *any* co-conspirator to give Subsys to patients who did not need it—a necessary element of a CSA or honest services fraud conspiracy.  *See, e.g.*, *United States v. Zolot*, 968 F. Supp. 2d 411, 428 (D. Mass. 2013) (CSA); *United States*

3

*v. Czubinski*, 106 F.3d 1069, 1077 (1st Cir. 1997) (requiring breach of fiduciary duty to commit honest services fraud).  Nor does it allege that Defendants intended for *anyone* to be deceived, much less materially deceived, about the alleged bribes and kickbacks—another necessary element of honest services fraud.  *See, e.g.*, *United States v. Sawyer*, 85 F.3d 713, 732 (1st Cir. 1996).  Nor does it allege that Insys had a legal duty to disclose to insurance companies that some prescribing practitioner allegedly received bribes—a necessary element of the 'money or property' mail fraud predicate.  *See, e.g.*, *United States v. Facteau*, No. 1:15-cr-10076 (D. Mass. 2016), May 13, 2016 Hearing Tr. 49:4–5 (ECF No. 351) (stating that "there is no obligation to disclose without an established duty to disclose"); *id.* 59:19 ("You can't suggest there was a duty to disclose . . . where there wasn't."); *see also Bonilla v. Volvo Car Corp.*, 150 F.3d 62, 70 (1st Cir. 1998); *United States v. Cassiere*, 4 F.3d 1006, 1023 (1st Cir. 1993).

Instead, the government makes a sweeping claim that "every prescription written after acceptance of a bribe or kickback is a prescription written outside the usual course of practice and not for a legitimate medical purpose." Second MTD Ex. 2 at 2.  In other words, the government asserts that, at least in the context of controlled substances, an agreement to violate the AKS is sufficient to demonstrate an agreement to violate the CSA and the honest services fraud statute. That is wrong as a matter of law.  *See* Second MTD at 8–17.  And the government does not provide *any* explanation for how Insys's failure to affirmatively disclose the alleged bribes and kickbacks to insurance companies is actionable as a fraud by omission under the mail fraud statute.  *See id.* at 17–20.  These defects are cause to dismiss the CSA, honest services fraud, and 'money or property' mail fraud predicates under Rule 12(b)(3)(B)(v).  *See Cadden*, 2016 WL 5329565, at *1.

Moreover, the government has made clear that it views the issues raised herein as legal questions.  For example, when Defendants asked the government to provide particulars on the

source and scope of the fiduciary duty alleged in the SSI, the government "decline[d] to provide *legal* briefing regarding the SSI."  Second MTD Ex. 2. at 2 (emphasis added); *see also* Renewed BOP Opp'n at 10 (declining to disclose the "*legal theories* [the government] intends to present at trial regarding honest services mail and wire fraud") (emphasis added).  Magistrate Judge Boal adopted the government's position, holding that Defendants' request "seeks the government's *legal theory* on that issue and is therefore beyond the scope of a bill of particulars."  Order on Defs.' Renewed Mot. for Bill of Particulars at 6–7 (Dkt. No. 537).[1]

The government cannot avoid disclosing particulars by arguing that such issues are legal, then avoid a motion to dismiss by asking the Court to treat them as proof issues for trial.  On the CSA, honest services fraud, and 'money or property' mail fraud predicates, the *only* allegations noticed in the SSI and related government correspondence are premised on legal theories that fail to make out a cognizable RICO conspiracy.  That is why the Court should dismiss them.

## II.  The Government Misreads *Salinas v. United States*

Rather than explain how the SSI contains legally sufficient allegations, the government argues that it need not do so.  In support of that argument, the government relies heavily on the Supreme Court's decision in *Salinas v. United States*, 522 U.S. 52 (1997), and notes that the case "once again, goes unmentioned" in Defendants' opening brief.  Gov't Opp'n to Second MTD

---

[1] Similarly, the government argued, and Magistrate Judge Boal agreed, that it need not disclose whether it intends to introduce evidence that any patients were tangibly harmed by the alleged RICO conspiracy.  *See* Renewed BOP Opp'n at 11; Order on Defs.' Renewed Mot. for Bill of Particulars at 7.  This argument only makes some sense if the government is right that CSA and honest services fraud conspiracies occur the moment a practitioner agrees to be bribed, regardless of the medical necessity of any particular prescription.  Yet the government now refuses to defend that expansive legal theory in its opposition to the motion to dismiss.  In so doing, the government is placing Defendants in a 'Catch-22' where they can neither attack the legal sufficiency of the charges nor obtain factual particulars as to how the alleged conspiracy implicates the challenged RICO predicates.

("Opp'n") at 5.  *Salinas* goes unmentioned—as it did in Defendants' original motion to dismiss the First Superseding Indictment—because it is irrelevant to the issues before the Court.  *See* Reply in Support of First Mot. to Dismiss at 14–15.

In the government's view, *Salinas* stands for the proposition that "the government need not prove that defendant(s) personally conspired to commit two or more predicate acts in a RICO conspiracy prosecution."  Opp'n at 1.  But that is not what *Salinas* held.  The question in *Salinas* was not whether a defendant must agree for *someone* to commit the predicate acts; the question was whether he needs to agree to commit the predicate acts *himself*.  *See Salinas*, 522 U.S. at 63 (explaining that Salinas "challeng[ed] the conviction because the jury was not instructed that he must have committed or agreed to commit two predicate acts *himself*") (emphasis added).  Relying on the uncontroverted principle that a defendant "may conspire for the commission of a crime by a third person," *United States v. Holte*, 236 U.S. 140, 144 (1915) (Holmes, J.), the Supreme Court rejected Salinas's argument that the prosecution was required to prove that he agreed "that he would be the one" to accept bribes.  *Salinas*, 552 U.S. at 64.  The Court did not call into question the well-established principle that a defendant may only be convicted of a RICO conspiracy if he agreed that *someone* would commit the predicate acts.[2]  Put plainly, Salinas would not have been guilty if he had not agreed for *someone* to commit a bribery scheme.  The government is therefore misreading *Salinas*, as is evident from subsequent First Circuit cases holding that a person does

_____

[2] The scope of the Supreme Court's holding is evident from numerous passages in the opinion. *See Salinas*, 522 U.S. at 65 ("[A defendant can conspire to commit a predicate] in any number of ways short of *agreeing to undertake* all of the acts necessary for the crime's completion.") (emphasis added); *id.* (noting that a conspirator "need not agree 'to commit' the crime"); *id.* at 64 ("The RICO conspiracy statute, § 1962(d), broadened conspiracy coverage by omitting the requirement of an overt act; it did not, at the same time, work the radical change of requiring the Government to prove each conspirator agreed that *he would be the one* to commit two predicate acts.") (emphasis added).

6

not conspire to violate RICO unless he "agree[s] to commit, or in fact commit[s], two or more predicate offenses." *Ramirez-Rivera*, 800 F.3d at 18.[3]

## III.  The Government's Arguments Based On *United States v. Glecier* Are Irrelevant

The government's other primary argument—relying on a 1991 opinion from the Seventh Circuit—is that the SSI need not allege "'the specific predicate acts that have come to fruition'" and need not "'specify [the] individual predicate acts of racketeering,' by, for example, 'listing the specific bribes by date and/or case name.'"  Opp'n at 7 (citing *United States v. Glecier*, 923 F.2d 496, 499 (7th Cir. 1991)).  This argument misses the point.  Defendants are not arguing that the SSI is deficient because it fails to allege *completed* violations of the predicate statutes.  The SSI is deficient because it does not allege, as a factual matter, that Defendants agreed for the predicate crimes to be committed.  A failure to allege the critical facts of an agreement is improper, as the Seventh Circuit's own jurisprudence confirms.  *See United States v. Neapolitan*, 791 F.2d 489, 501 (7th Cir. 1986) (cautioning that, in a RICO conspiracy, "the failure to specify the underlying criminal activity in the indictment can effectively preclude the exact identification of what is being charged.  RICO cannot be viewed as a complete offense distinct from the underlying crimes upon which it is based").  While the government might have charged Defendants with conduct violative of the AKS, that is "irrelevant to establishing that [Defendants] agreed to the commission of a pattern of racketeering activity *as defined by the present indictment*."  *Id.* (emphasis in original).

Similarly, the government argues that it does not need to allege "all the necessary elements" of the various predicate crimes.  Opp'n at 2.  This is a non-sequitur.  In a RICO conspiracy case,

---

[3] As explained above, there is no conflict between *Salinas* and *Ramirez-Rivera*.  But even if there were, under the "law of the circuit doctrine," as between a 1997 case from the Supreme Court (*Salinas*) and a 2015 case from the First Circuit (*Ramirez-Rivera*), the 2015 case controls unless and until it is overruled or abrogated by a *later* decision of the Supreme Court or the First Circuit sitting en banc.  *See, e.g.*, *Irving v. United States*, 162 F.3d 154, 160 (1st Cir. 1998).  And under

the indictment need not allege all the elements of the substantive predicate crimes.  For example, the indictment need not allege that anyone distributed controlled substances.  But the indictment must allege all the elements of *a RICO conspiracy*.  And one of those elements is that Defendants intended for *someone* to commit the predicate offenses.  With respect to the challenged predicates, that element is missing from the SSI, because allegations that Defendants conspired to pay bribes and kickbacks to practitioners, and to not affirmatively disclose the alleged bribes and kickbacks to patients or insurance companies, do not meet this requirement.

The government argues that, because "conspiracy is the gist of the crime," it is "unnecessary to allege all the elements essential to the commission of the offense which is the object of the conspiracy."  Opp'n at 11 (citing *United States v. Eirby*, 262 F.3d 31, 38 (1st Cir. 2001)).  This, too, misses the point.  Defendants are not suggesting that the government must allege that the elements of the predicate acts were completed.  But the government must allege that defendants *agreed and intended* for those elements to be completed.  *Ocasio*, 136 S. Ct. at 1432. Here, the SSI at most alleges that Defendants agreed and intended for an AKS violation to be completed.  The SSI does not claim—except in conclusory, legal fashion unsupported by *any* factual allegations—that Defendants intended a breach of fiduciary duty or medically inappropriate prescriptions.  *See* SSI ¶ 30b.–c.  And the SSI fails even to claim that Defendants intended any deception related to the alleged bribes and kickbacks.  *See* Second MTD at 16–20.

## IV.  The Court Should Reject The Government's Interpretation Of 18 U.S.C. § 1962(d)

The government's view, in the end, seems to be that it is enough for an indictment to cite the relevant predicates and allege that Defendants agreed to do something bad.  *See* Opp'n at 10– 12.  But as the Court noted in the hearing on the First Motion to Dismiss, "that's not how this

that 2015 case, there is no question that the government cannot convict someone of a RICO conspiracy unless he or she agrees that some conspirator will commit two or more predicate acts.

works."  First MTD Hearing Tr. 30:12 (July 17, 2018).  The government is not permitted to simply cite the charged statutes and then assure the Court that "there's enough evidence" to support the charge.  *Id.* 30:13–14.  The RICO conspiracy statute is indeed broad—"more comprehensive" even "than the general conspiracy offense in [18 U.S.C.] § 371."  Opp'n at 7 (citing *Salinas*, 522 U.S. at 63).  Precisely because of its breadth, however, enforcing its limits is imperative.  One limitation is that a person cannot be convicted of a RICO conspiracy unless he or she agrees for some RICO *predicates* to occur.  Not any crimes will do.  And the government cannot get past this requirement simply by asserting—without legal justification or factual support—that an alleged agreement to commit conduct proscribed by the AKS states a RICO conspiracy.

The government suggests that the Court should punt on this issue and consider it, if necessary, at the Rule 29 stage.  Opp'n at 16.  But a Rule 29 motion is not the only means for Defendants to test whether the government's case rests on a flawed legal theory; Rule 12 also provides that opportunity.  Defendants have a right not to be tried on a legally flawed charge.  And Defendants have a right not to have their months-long RICO conspiracy trial dominated by an alleged bribe and kickback scheme that is not "racketeering activity."

The prejudice of such a trial would be stark.  In addition to the bribery allegations that predominate the SSI, the government also alleges that Defendants conspired to commit 'money or property' wire fraud by causing affirmative false statements to insurance companies regarding patients' diagnoses.  But the government is going to have a hard time proving beyond a reasonable doubt that Defendants are guilty of RICO conspiracy based on the testimony of a handful of conflicted witnesses and select telephone calls between low-level Insys employees and insurers.  Much easier for the government to cast Defendants as drug-dealers and pushers at the height of the opioid epidemic, and have the 'money or property' wire fraud allegations decided against that

9

prejudicial backdrop.  If the Court allows the government to proceed in its effort to recast AKS violations as RICO predicates, a Rule 29 motion dismissing that part of the case will not be able to 'unring the bell' of those inflammatory allegations, and any adverse jury verdict on the 'money or property' wire fraud predicate would be irrevocably compromised.

## CONCLUSION

Sooner or later, this Court is going to have to decide whether the government can recast AKS allegations as RICO predicates.  Defendants urge the Court to do so now, and to dismiss the CSA, honest services mail and wire fraud, and 'money or property' mail fraud predicates of the RICO conspiracy for failure to state an offense.

Dated:  November 26, 2018                    Respectfully submitted,

/s/ Joseph Sedwick Sollers                   /s/ Beth A. Wilkinson

Joseph Sedwick Sollers, III                  Beth A. Wilkinson (admitted *pro hac vice*)
(admitted *pro hac vice*)                    bwilkinson@wilkinsonwalsh.com
wsollers@kslaw.com                           Alexandra M. Walsh (admitted *pro hac vice*)
Mark Jensen (admitted *pro hac vice*)        awalsh@wilkinsonwalsh.com
mjensen@kslaw.com                            Kosta Stojilkovic (admitted *pro hac vice*)
King & Spalding LLP                          kstojilkovic@wilkinsonwalsh.com
1700 Pennsylvania Avenue NW                  Wilkinson Walsh + Eskovitz LLP
Washington, D.C. 20006                       2001 M St. NW
Telephone: (202) 737-0500                    Washington, D.C. 20036
                                             Telephone: (202) 847-4000
William H. Kettlewell (BBO# 270320)
bill.kettlewell@hoganlovells.com             Brien T. O'Connor (BBO# 546767)
Hogan Lovells US LLP                         brien.o'connor@ropesgray.com
100 High Street                              Aaron M. Katz (BBO# 662457)
Boston, MA 02110                             aaron.katz@ropesgray.com
Telephone: (617) 371-1037                    Ropes & Gray LLP
                                             Prudential Tower, 800 Boylston Street
**Attorneys for Michael Babich**             Boston, Massachusetts 02199
                                             Telephone: (617) 951-7000

                                             **Attorneys for Dr. John Kapoor**


/s/ Tracy A. Miner                           /s/ Steven A. Tyrrell

Tracy A. Miner (BBO# 547137)                 Steven A. Tyrrell (admitted *pro hac vice*)
tminer@demeollp.com                          steven.tyrrell@weil.com
Megan Siddall (BBO# 568979)                  Patrick J. O'Toole, Jr. (BBO# 559267)
msiddall@demeollp.com                        patrick.otoole@weil.com
Demeo LLP                                    Weil, Gotshal & Manges LLP
200 State Street                             2001 M Street NW
Boston, MA 02109                             Washington, D.C. 20036
Telephone: (617) 263-2600                    Telephone: (202) 682-7213

**Attorneys for Michael Gurry**              **Attorneys for Richard Simon**

/s/ Michael Kendall
Michael Kendall (BBO# 544866)
michael.kendall@whitecase.com
Alexandra Gliga (BBO# 694959)
alexandra.gliga@whitecase.com
White & Case LLP
75 State Street
Boston, MA 02109
Telephone: (617) 939-9310

**_Attorneys for Joseph Rowan_**

/s/ Peter C. Horstman
 Peter C. Horstmann (BBO# 556377)
 pete@horstmannlaw.com
 Law Offices of Peter Charles Horstmann
 450 Lexington Street, Suite 101
 Newton, MA 02466
 Telephone: (617) 723-1980

**_Attorney for Sunrise Lee_**

## **LOCAL RULE 7.1 CERTIFICATION**

I hereby certify that counsel for Defendants and the government have conferred and that counsel for the government objects.

<u>/s/ Beth A. Wilkinson</u>

## **CERTIFICATE OF SERVICE**

I, Beth A. Wilkinson, hereby certify that a true and correct copy of this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-participants on November 26, 2018.

<u>/s/ Beth A. Wilkinson</u>
Beth A. Wilkinson
Counsel for Dr. John Kapoor