UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CRIMINAL NO.  16-10343-ADB |
| ) | |
| v. ) | |
| ) | |
| MICHAEL L. BABICH, ET. Al. ) | |
| ) | |
| Defendants. ) | |
| ) | |

UNITED STATES' RESPONSE IN OPPOSITION TO THE
DEFENDANT'S MOTION FOR A PROTECTIVE ORDER

Defendant John N. Kapoor, through his attorneys, is in possession of material evidence of a crime belonging to a third-party – corporate records belonging to Insys Therapeutics, Inc.  The records at issue are not Kapoor's personal records – they are corporate records – Kapoor is merely in possession of them.  In search of evidence, the government subpoenaed Insys, of which Kapoor was the Executive Chairman of the Board, and also subpoenaed E.J. Financial, a company Kapoor owns.  Although Insys' Executive Chairman, Kapoor, had possession of the documents, he did not provide the responsive documents to those gathering documents on Insys' behalf.  E.J. Financial, through counsel, gave the responsive documents to Kapoor's criminal counsel, who now refuse to produce those third party, corporate documents to the government in response to a valid subpoena under the Health Insurance Portability and Accountability Act ("HIPAA"), 18 U.S.C. § 3486, which authorizes the issuance of administrative subpoenas in federal health care investigations.  Kapoor's assertion that the government has issued an improper administrative subpoena is unavailing, as the records being sought are third party, corporate documents of which Kapoor (or his counsel) has mere possession.  The Court should

not permit this shell game to continue and should order Kapoor to produce the documents immediately.

I.   **Background**

███████████████████████████████

███████████████████████████████

███████████████████████████████

████████████████████████ Kapoor, through his assistants, used Insys and E.J. Financial email addresses. ██ ███████████████

████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

Because Kapoor was operating as Executive Chairman of the Board at Insys, his emails and notes regarding those emails, belong to Insys, not to Kapoor and not to E.J. Financial.  See Declaration of Adam Brumm, Director, Technical Operations, of Insys Therapeutics, Inc.,

---



attached as Exhibit 2.  Kapoor's role at Insys was such that they publicly warned shareholders that the "founder, Executive Chairman and principal stockholder can individually control our direction and policies, and his interests may be adverse to the interests of our stockholders." Insys Prospectus, Form 424(b)(4), Dated May 2, 2013, and attached as Exhibit 3, at page 5.

According to Insys, the corporation owns any materials generated by Kapoor acting in his role as Executive Chairman and Kapoor is withholding them without Insys' permission.  See Exhibit 2 ("any work product, notes or documents Kapoor created in his capacity as a member of the Board or as an employee (i.e., CEO) are the property of Insys.").  This is true of documents created by the Executive Chairman inside an Insys office, at his home, on a plane, in a vehicle, or anywhere else in the world.  Id.  Insys property is Insys property.  Id. ("any Insys-related documents created, edited, dictated, or modified by Kapoor were, and are, business records belonging to Insys, regardless of whether Insys currently has physical possession of those documents.").  According to Brumm, on behalf of Insys:

> For the sake of clarity, the Company's position does not change in instances, for example, where Kapoor's personal assistant may have printed Insys-related documents for Kapoor's review at his home office or from an EJ Financial email account (or other personal email account).

Id.

Insys would have produced those documents sought by this subpoena, but for the fact that Kapoor had physical possession of those records and failed to turn them over to those gathering responsive information at Insys.  Id.

Notwithstanding that Kapoor did not personally own these documents, and that his company did not own these documents, E.J. Financial, through counsel, asserted privilege over approximately 80 other Insys-related documents in the possession of E.J. Financial that E.J.

Financial did produce to the government.[2] See Letter from E.J. Financial, attached as Exhibit 4. This claim is baffling in light of Kapoor's current position that Insys-related documents in his present possession are personal papers belonging to him. The documents cannot be, on the one hand, privileged legal documents relating to the affairs of the corporation, and at the same time personal documents kept at Kapoor's home.

II.     The Law

    a.  A HIPAA Subpoena May Be Used At Any Time

The HIPAA subpoena in this case was issued under the authority of 18 U.S.C. § 3486, which authorizes the Attorney General or his or her designee to issue subpoenas "[i]n any investigation relating to any act or activity involving a Federal health care offense." Unlike a grand jury, whose power flows from its empanelment, a HIPAA subpoena may be used at any time to gather relevant evidence – including evidence related to the pending charges. See United States v. Phibbs, 999 F.2d 1053, 1077 (6th Cir.1993) (unlike a grand jury subpoena, an administrative subpoena "may also be used to discover evidence related to the charges in the original indictment."); United States v. Harrington, 761 F.2d 1482, 1485 (11th Cir.1985) (affirming post-indictment administrative subpoenas under similarly worded Drug Enforcement Administration administrative subpoena statute so long as they do not run against the targeted

---

[2] The government issued a HIPAA subpoena to E.J. Financial for, *inter alia*, all documents in their custody or control containing communications in any form relating to Insys or Subsys. See Docket No. 535-3 at page 5. The HIPAA subpoena also commanded E.J. Financial to inform the government of the current whereabouts of any responsive documents they no longer physically possessed. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ In any event, the history of when and how these documents were requested is not relevant to Kapoor's need to comply with the lawfully issued HIPAA subpoena currently pending.

individual); United States v. Wachter, 2006 WL 2460790 at *6–*7 (E.D .Mo. Aug. 23, 2006) (health care subpoenas issued post-indictment); United States v. Daniels, 2000 WL 764951 at *4–*5 (D. Kan. May 22, 2000) (same); United States v. Lazar, No. 04-20017-DV, 2006 WL 3761803, at *8-11 (W.D. Tenn. Dec. 20, 2006) (upholding § 3486 subpoena served on hospitals post-indictment).

Nor has the government run afoul of the admonition in Harrington to refrain from issuing a subpoena against a defendant, or the U.S. Attorney's Manual, which similarly provides that after an indictment has issued, "authorized investigative demands may continue to be used in furtherance of an ongoing investigation, provided they are not directed to a defendant." U.S. Attorney's Manual § 9-44-202.[3] Here, the government has subpoenaed third party, corporate records that are merely in Kapoor's possession or that of his counsel. The government unquestionably has authority under § 3486 to subpoena those records from Insys or E.J. Financial even after the issuance of the second superseding indictment ("SSI"), and Kapoor cannot seek harbor from producing them now merely because he has possession of them. Any argument that the government has run afoul of Harrington or violated its own internal policies thus is 1) wrong because although the subpoena was issued to Kapoor, through his attorney, it seeks records belonging to Insys, which had been in the custody of E.J. Financial, and 2) irrelevant as internal Department of Justice policies do not provide any rights or remedies to third-parties, such as Kapoor. See U.S. Attorney's Manual, Section 1-1.200 (Manual "not intended to, does not, and may not be relied upon to create any rights, substantive or procedural,

---

[3] The government notes that it sought guidance from the Department of Justice's Office of Professional Responsibility (PRAO) prior to issuing the HIPAA subpoena in this case.

enforceable at law by any party in any matter civil or criminal. Nor are any limitations hereby placed on otherwise lawful litigation prerogatives of DOJ.")

Here, the subpoena is lawful under § 3486, the documents are relevant because they are emails and handwritten information by Kapoor regarding Insys, which is the enterprise alleged in the SSI.  The information contained within the documents (not the act of producing them) will provide evidence as to the activities of Kapoor, both as a defendant and as Executive Chairman of the enterprise, and will also potentially enable authentication of documents by other witnesses based upon handwriting and context.  The government does not possess the demanded information and the documents do not even belong to Kapoor.  See Exhibit 2.

### b. Kapoor, As Custodian of Corporate Documents, Has No Privilege

It is black letter law that a custodian of records may not withhold corporate records because he fears self-incrimination.  As the Supreme Court has stated:

> Nor may the custodian of corporate books or records withhold them on the ground that he personally might be incriminated by their production. Even after the dissolution of a corporation and the transfer of its books to individual stockholders, the transferees may not invoke their privilege with respect to the former corporate records. The foregoing cases stand for the principle that the books and records of corporations cannot be insulated from reasonable demands of governmental authorities by a claim of personal privilege on the part of their custodian.

Curcio v. United States, 354 U.S. 118, 122 (1957) (internal citations omitted).  In a case cited by Kapoor, In re Steinberg, 837 F.2d 527 (1st Cir. 1988), an appeal from a contempt of court proceeding, the First Circuit found no error in the issuance of a trial subpoena to the defendants for notebooks in their possession.  Id. at 530.  The Court observed that the bar on obtaining personal evidence from a defendant has been eroded over time and found that compelled production of private business papers, not "intimate personal papers" is permitted.  Id. ("Even if

the fifth amendment protects the contents of some voluntarily prepared personal papers, it certainly does not protect organizational records of this type."). So long as the records were prepared voluntarily, the contents are not protected by the Fifth Amendment.

Here, the withheld records belong to Insys and Kapoor is merely holding them. Kapoor's claim that the subpoena is requesting his personal records is not true and is one of semantics. The subpoena very clearly demands Insys-related documents in Kapoor's possession as custodian – because counsel for E.J. Financial gave them to him. If this is truly Kapoor's only objection, the remedy is for the government to re-issue a HIPAA subpoena adding the words "as custodian for" or to issue a HIPAA subpoena directly to Wilkinson Walsh as the current custodian of these documents.[4] An example of an Insys-related document typed by Ms. Oquendo and similar to those sought here, but without Kapoor's handwriting, was produced by both Insys and EJ Financial and is attached as Exhibit 5. As Exhibit 5 demonstrates, there is no danger that the subpoenaed records are intimate and personal.

Compliance with the subpoena will not give rise to an act of production privilege for Kapoor. The privilege requires production that is "(1) compelled, (2) testimonial, and (3) incriminating." In re Three Grand Jury Subpoenas Duces Tecum Dated Jan. 29, 1999, 191 F.3d 173, 178 (2d Cir. 1999).

Here, the production is compelled but the production is neither testimonial nor incriminating. First, the documents have already been located by a sophisticated law firm and transmitted to Kapoor's lawyers, eliminating the danger that Kapoor will somehow be making

---

[4] Of course, Rule 41 would also authorize a court to issue a search warrant for these same records upon showing of probable cause. As this Court is aware, post-indictment search warrants are regularly utilized in this District and others. See e.g. United States v. Carlos Nataniel Wanzeler and James Matthew Merrill, 4:14-cr-40028-TSH, Docket No. 276 at pages 20-24 (denying motion to suppress post-indictment search warrant.).

any type of tacit acknowledgment by complying with the subpoena. The documents have already been identified, collected, and removed from his home. As the Supreme Court aptly remarked in another case cited by Kapoor, "[t]he question is not of testimony but of surrender." Fisher v. United States, 425 U.S. 391, 411 (1976). The so-called foregone conclusion doctrine absolutely applies here. The records at issue have been clearly identified – and gathered by counsel for E.J. Financial. ███████████████

███████████████

The act of production of these document would in no way incriminate Kapoor. He was the Executive Chairman of the Board of Directors, founder, and majority shareholder of a publicly traded pharmaceutical company – of course he would read, respond to, and possess emails. See Fisher, 425 U.S. at 411 ("The existence and location of the papers are a foregone conclusion and the taxpayer adds little or nothing to the sum total of the Government's information by conceding that he in fact has the papers."). ███████████████

███ Production of these business records is no different than any other custodian of records responding to a subpoena.[5]

███████████████

### c. A Protective Order is Unnecessary and Premature

The government's investigation of the underlying conduct will – and should – continue through trial, if necessary. An indictment does not freeze an investigation, nor does it compel the government to cease the pursuit of justice and discovery of relevant facts.

Kapoor's argument that the government has done anything wrong is misplaced. The government has issued a subpoena to Kapoor – as the person in possession of or custodian of corporate records – not his own information. The government used the word personal on the subpoena to avoid the possibility that Kapoor would feign ignorance as to the materials requested. There is no dispute that the records sought are those written by Kapoor in response to, and in furtherance of, Insys business. The records belong to Insys and are in Kapoor's possession. As stated above, Kapoor cannot rely upon an act of production privilege.

Even if this Court declines to compel Kapoor to produce the evidence of a crime, it would be improper to prospectively bar the government from seeking other available relief – such as a subpoena pursuant to Rule 17 of the Federal Rules of Criminal Procedure. The use of an administrative subpoena is not an attempt to obtain discovery by circumventing the Federal Rules of Evidence. See e.g. Harrington, 761 F.2d at 1485.

Indeed, should the Court consider the merits of the motion, a Rule 17 would also be appropriate here. The requested documents are relevant – contrary to Kapoor's incorrect assertions, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ The documents can only be obtained by subpoena, voluntary production, or search warrant. The documents are necessary to prepare for trial

---

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

because they relate directly to the allegations in the SSI.  The application is made in good faith and, since there is no dispute about the contents of the records, this is clearly not a fishing expedition.  In these circumstances, the argument that the government should be barred from seeking evidence is misplaced and premature.  For the same reason administrative subpoenas, or search warrants, are lawful post-indictment, the cases cited by Kapoor relating to protective orders over post-indictment *grand jury practice* are misplaced.

Barring the government from seeking other relief, and granting a prospective protective order permitting Kapoor to retain these third party, corporate records, would set a dangerous precedent and would enable future targets and defendants to avoid production of responsive records by simply moving them to their personal possession.  The Court should decline to take that dangerous step.

### III.     Conclusion

WHEREFORE, the United States respectfully requests the Court deny the Motion for a Protective Order and compel the production of the records without further delay.

                                                    ANDREW E. LELLING
                                                    United States Attorney

Dated: November 29, 2018      By:    /s/ *David G. Lazarus*
                                                   DAVID G. LAZARUS  (BBO #624907 )
                                                   K. NATHANIEL YEAGER (BBO # 630992)
                                                   FRED WYSHAK, JR. (BBO #535940)
                                                   Assistant U.S. Attorneys
                                                 One Courthouse Way, Ste. 9200
                                                 Boston, MA  02210
                                                 (617) 748-3100
                                                 david.lazarus2@usdoj.gov
                                                 nathaniel.yeager@usdoj.gov
                                                 fred.wyshak@usdoj.gov

## Certificate of Service

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

|  |  |
|---|---|
|  | /s/ *David G. Lazarus* |
|  | David G. Lazarus |
| Dated: November 29, 2018 | Assistant U.S. Attorney |