UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL NO. 16-10343-ADB |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN N. KAPOOR, ET. Al. | ) | |
| Defendants. | ) | |

**GOVERNMENT'S MOTION FOR SANCTIONS AND TO COMPEL COMPLIANCE WITH LOCAL RULE 83.2.1 AND ALL PROTECTIVE ORDERS IN THIS CASE**

The United States of America hereby moves the Court to order defense counsel for John Kapoor to comply with Local Rule 83.2.1 and preclude any additional violations of that rule or this Court's Protective Orders.

I. FACTUAL BACKGROUND

On November 28, 2018, co-defendant Alec Burlakoff pled guilty to the Second Superseding Indictment (the "SSI") and confirmed that he had entered into a cooperation agreement with the government. See Docket Entry No. 543. Within hours, Kapoor's counsel Beth Wilkinson provided a quote to WCVB, a local ABC affiliate in the Boston area. The following screenshot from the WCVB news report depicts a portion of counsel's comment:



According to the online article, counsel provided the following complete statement:

> The government's embrace of Alec Burlakoff is a sign of desperation. When Mr. Burlakoff first met with prosecutors and spoke to them for hours, they called him a liar. And they know he lied to others, including to Dr. Kapoor, throughout his time at Insys.

The video and a transcript can be found at https://www.wcvb.com/article/former-drug-firm-executive-admits-to-opioid-kickback-scheme/25335147  (last visited 11/29/18).

Although admitted *pro hac vice*, Ms. Wilkinson certified in support of her application, as she must, that she was "familiar and agree[d] to comply with the Local Rules of this Court."  Docket No. 252-1.

In addition, as all parties have recognized repeatedly in status reports, this Court has entered several protective orders over personal and private information contained in the discovery.  See e.g. Docket No. 453 (joint status report), and Docket Nos. 81, 83, 282, and 506 (protective orders).  On January 18, 2018, at a hearing before this Court on discovery, Ms. Wilkinson stated: "[a]nd what I don't understand is why we can't have copies of the text messages under the same understanding of the protective order that we're not allowed to disclose that evidence."  See Transcript of January 18, 2018 hearing, attached as Exhibit 1, at page 21.  The Court also observed "[t]hese are experienced lawyers.  They know what they're doing, and they know what the consequences are going to be to them and their clients if they run afoul of their protective order."  Id. at page 20.

## II. LEGAL BACKGROUND

Pursuant to Local Rule 83.2.1, during the pendency of a criminal case, until the commencement of trial, "a lawyer associated with the prosecution or defense shall not release or authorize the release of any extrajudicial statement, which a reasonable person would expect to be disseminated by means of public communication, relating to that matter and concerning:

    (1)    the character or reputation of the accused;

    (2)    [t]he existence or contents of any confession, admission, or statement given by the accused, or the refusal or failure of the accused to make any statement;

    (4)    [t]he identity, testimony, or credibility of prospective witnesses;

    (6)    [a]ny opinion as to the accused's guilt or innocence as to the merits of the case or the evidence in the case.

"Local Rule 83.2A represents part of this District Court's response to the Supreme Court's direction that: 'The courts must take such steps by rule and regulation that will protect their processes from prejudicial outside interferences. Neither prosecutors, counsel for defense, the accused, witnesses, court staff nor enforcement officers coming under the jurisdiction of the court should be permitted to frustrate its function.'" *United States v. Flemmi*, 233 F. Supp. 2d 113, 116 (quoting *Sheppard v. Maxwell*, 384 U.S. 333, 363 (1966)).

III.    <u>ARGUMENT</u>

As set forth above, the comments directly attack the credibility and testimony of a co-defendant and prospective witness, the merits of the case, evidence in the case, or the defendant's guilt or innocence – that run afoul of Local Rule 83.2.1. In order to prevent the dangers that a "carnival atmosphere" poses to a fair trial, *Sheppard*, 384 U.S. at 358, the government respectfully moves the Court to order defense counsel to comply forthwith with Local Rule 83.2.1 and preclude any future violations of the rule.

In addition, Ms. Wilkinson's characterizations of the evidence in this case, and the government's knowledge of, belief about, and reliance upon that evidence, may also be in violation of the multiple protective orders in this case.

These statements, made on the eve of trial, are designed to negatively impact the prospective jury venire. While the defendants have complained about government press releases

in the past, Ms. Wilkinson's response to the government's compliance with Local Rule 7.1 clearly demonstrates that she intentionally violated Local Rule 83.2.1 to gain a strategic advantage in the case.  See Email from Beth Wilkinson, attached as Exhibit 2.

Not only did the statements malign the credibility of a now government witness, but they communicated to the venire that the government did not believe the witness suggesting misconduct on the part of government attorneys.

IV.     CONCLUSION

WHEREFORE, the United States respectfully requests the Court sanction and order defense counsel to comply forthwith with Local Rule 83.2.1 and preclude any future violations of the rule, order defense counsel to abide by all protective orders in this case, and other such relief as the Court deems appropriate.

ANDREW E. LELLING
United States Attorney

Dated: November 29, 2018     By:     /s/ *David G. Lazarus*
DAVID G. LAZARUS  (BBO #624907 )
K. NATHANIEL YEAGER (BBO # 630992)
FRED WYSHAK, JR. (BBO #535940)
Assistant U.S. Attorneys
One Courthouse Way, Ste. 9200
Boston, MA  02210
(617) 748-3100
david.lazarus2@usdoj.gov
nathaniel.yeager@usdoj.gov
fred.wyshak@usdoj.gov

**Certificate of Service**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: November 29, 2018

/s/ *David G. Lazarus*
David G. Lazarus
Assistant U.S. Attorney

**Certificate of Compliance With LR 7.1**

I certify that I have conferred with opposing counsel and have attempted in good faith to resolve or narrow the issue.  A copy of the email correspondence is attached as Exhibit 2.

Dated: November 29, 2018

/s/ *David G. Lazarus*
David G. Lazarus
Assistant U.S. Attorney