UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES<br><br>v.<br><br>MICHAEL L. BABICH et al.,<br><br>Defendants. | Criminal No. 16-CR-10343-ADB |

**NOTICE OF CONFERENCE WITH GOVERNMENT**

In its opposition to the undersigned Defendants' motion for a hearing on their motion to dismiss, *see* Dkt. No. 551 (Nov. 30, 2018), the government asserts that Defendants "failed to consult" with prosecutors regarding Defendants' suggestion that the Court take up their pending motion to compel disclosure of the government's instructions to the grand jury at the same hearing. In response, Defendants respectfully state as follows:

1.  As required by Local Rule 7.1(a)(2), before Defendants moved for a hearing on their pending motion to dismiss the Second Superseding Indictment, they conferred with counsel for the government. *See* Ex. 1 (Email from K. Stojilkovic to N. Yeager et al. dated Nov. 28, 2018). In the very same correspondence, Defendants also asked the government if it would voluntarily disclose the legal instructions provided to the grand jury, and informed the government that they would file a motion for such disclosure if the government did not turn them over voluntarily. *Id.* Defendants made clear that the two requests—for a hearing on the motion to dismiss and for disclosure of the legal instructions—were inter-related: Both were "related to our pending motion to dismiss," and the request for legal instructions was "[r]elated to the matters raised in the motion to dismiss." *See id.*

2. In response, the government stated its view that no hearing on the motion to dismiss was necessary, and that it opposed the release of grand jury instructions and "[would] not voluntarily provide them." *See* Ex. 2 (Email from D. Lazarus to K. Stojilkovic dated Nov. 28, 2018). Defendants accurately portrayed the government's positions on both issues in their motion for a hearing and in their motion for disclosure of grand jury instructions, neither of which was filed as an assented-to motion. *See* Dkt. No. 547 (Nov. 29, 2018) (motion to compel) & Dkt. No. 550 (Nov. 29, 2018) (motion for hearing).

3. As Defendants made clear in their request for a hearing on the motion to dismiss, Defendants defer to the Court on whether it also wishes to hear the grand jury instruction motion on December 6. *See* Dkt. No. 550. Defendants submit that addressing both motions on December 6 is practicable and prudent. The government has sufficient time to file its response to Defendants' brief pleading between now and then. Notably, next week's deadline on other motions has not precluded the government from filing multiple substantive briefs this week. *See, e.g.*, Dkt. No. 546 (Nov. 29, 2018); Dkt. No. 549 (Nov. 29, 2018). And entertaining argument on the motion to dismiss and the motion for the grand jury's legal instructions would serve the interests of judicial efficiency and advance the trial preparation efforts of all parties.

4. If, however, the Court is not inclined to hear the grand jury instructions motion on December 6, Defendants nonetheless ask the Court to hold the hearing on the motion to dismiss on that date. The Court has already indicated to the parties that resolution of the motion to dismiss will not push back the trial date and, consequently, the parties and the Court should move "as quickly as we can." *See* 10/19/18 Hr'g Tr. at 18:18–23. The government's proposal of referring the related motion to disclose grand jury instructions to Magistrate Judge Boal is designed to do the opposite. Even if the motion could plausibly be characterized as a discovery motion, it is

collateral to a dispositive motion pending before this Court and it should be resolved by this Court.[1]

Referring the motion to Judge Boal would also likely cause one of the sides to file objections to this Court, pushing back the ultimate resolution of the issue until the eve of trial. This Court should not wait until such a late date to hear argument on the motion to dismiss. As indicated, the parties are available and ready to argue it on December 6.

---

[1] Indeed, in an earlier case before this Court where a motion for disclosure of grand jury instructions was considered by a magistrate judge in the first instance, the magistrate noted that "'this dispute at its core is a dispute about what is the correct interpretation of applicable law' [and] 'this issue may be more appropriately and more fully explored in the context of a dispositive Rule 12 motion before the trial judge.'" *United States v. Facteau*, No. 1:15-CR-10076-ADB, 2016 WL 4445741, at *4 (D. Mass. Aug. 22, 2016) (quoting magistrate judge's order). Tellingly, the question ultimately had to be resolved by this Court after objections were filed to the magistrate's order.

Dated: November 30, 2018

/s/ Joseph Sedwick Sollers, III
Joseph Sedwick Sollers, III
(admitted *pro hac vice*)
wsollers@kslaw.com
Mark Jensen (admitted *pro hac vice*)
mjensen@kslaw.com
King & Spalding LLP
1700 Pennsylvania Avenue NW
Washington, D.C. 20006
Telephone: (202) 737-0500

William H. Kettlewell (BBO# 270320)
bill.kettlewell@hoganlovells.com
Hogan Lovells US LLP
100 High Street
Boston, MA 02110
Telephone: (617) 371-1037

*Attorneys for Michael Babich*

/s/ Steven A. Tyrrell
Steven A. Tyrrell (admitted *pro hac vice*)
steven.tyrrell@weil.com
Patrick J. O'Toole, Jr. (BBO# 559267)
patrick.otoole@weil.com
Weil, Gotshal & Manges LLP
2001 M Street NW
Washington, D.C. 20036
Telephone: (202) 682-7213

*Attorneys for Richard Simon*

Respectfully submitted,

/s/ Tracy A. Miner
Tracy A. Miner (BBO# 547137)
tminer@demeollp.com
Megan Siddall (BBO# 568979)
msiddall@demeollp.com
Demeo LLP
200 State Street
Boston, MA 02109
Telephone: (617) 263-2600

*Attorneys for Michael Gurry*

/s/ Peter C. Horstmann
Peter C. Horstmann (BBO# 556377)
pete@horstmannlaw.com
Law Offices of Peter Charles Horstmann
450 Lexington Street, Suite 101
Newton, MA 02466
Telephone: (617) 723-1980

*Attorney for Sunrise Lee*

4

<table>
<tr><td>

/s/ Michael Kendall
Michael Kendall (BBO# 544866)
michael.kendall@whitecase.com
Alexandra Gliga (BBO# 694959)
alexandra.gliga@whitecase.com
White & Case LLP
75 State Street
Boston, MA 02109
Telephone: (617) 939-9310

*Attorneys for Joseph Rowan*

</td><td>

/s/ Kosta S. Stojilkovic
Beth A. Wilkinson (*admitted pro hac vice*)
bwilkinson@wilkinsonwalsh.com
Alexandra M. Walsh (*admitted pro hac vice*)
awalsh@wilkinsonwalsh.com
Kosta S. Stojilkovic (admitted *pro hac vice*)
kstojilkovic@wilkinsonwalsh.com
Wilkinson Walsh + Eskovitz LLP
2001 M Street NW
Washington, D.C. 20036
Telephone: (202) 847-4000

Brien T. O'Connor (BBO# 546767)
brien.o'connor@ropesgray.com
Aaron M. Katz (BBO# 662457)
aaron.katz@ropesgray.com
Ropes & Gray LLP
Prudential Tower 800 Boylston Street
Boston, MA 02199
Telephone: (617) 951-7000

*Attorneys for Dr. John Kapoor*

</td></tr>
</table>

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document will be served on counsel for all parties of record through the ECF system.

/s/ Kosta S. Stojilkovic
Kosta S. Stojilkovic
Counsel for Dr. John Kapoor