UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL NO. 16-10343-ADB |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL L. BABICH, ET. Al. | ) | |
| | ) | |
| Defendants. | ) | |

**GOVERNMENT'S PROPOSED REDACTED INDICTMENT**

The United States respectfully submits a redacted Second Superseding Indictment ("SSI") for presentation to the jury. The attached SSI, has been redacted to remove references to forfeiture. Federal Rule of Criminal Procedure 32.2(b)(5) provides that for cases, such as this case, that include forfeiture allegations in the SSI, "the court must determine before the jury begins deliberating whether either party requests that the jury be retained to determine the forfeitability of specific property if it returns a guilty verdict."

Pursuant to this rule, a party may elect to have a jury determine whether there is the requisite nexus between specific assets and the offenses of conviction. Although a party may elect such a jury finding, there is no constitutional right for a jury finding on criminal forfeiture. *See e.g. Libretti v. United States*, 516 U.S. 29, 49 (1995) ("the nature of criminal forfeiture as an aspect of sentencing compels the conclusion that the right to a jury verdict on forfeitability does not fall within the Sixth Amendment's constitutional protection").

The United States intends to seek forfeiture of, without limitation, the following specific property upon conviction:

    (a)    any and all shares of the Company (NASDAQ) stock, or options to purchase shares of the Company stock, held by or on behalf of the Defendants herein;

    (b)    any and all securities, salaries, bonuses, stock distributions, retirement contributions and accounts, health and life insurance benefits including premium payments, and any and all other benefits obtained through employment by and association with Insys Therapeutics, Inc., the racketeering enterprise alleged in Count One of the Second Superseding Indictment, from 2012 through December 2015;

    (c)    $3,500,000 in United States currency, seized on or about October 2, 2017;

    (d)    $132,663.30 in United States currency, seized on or about November 7, 2017;

    (e)    any interest acquired or maintained in violation of 18 U.S.C. § 1962;

    (f)    any interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over, any enterprise established, operated, controlled, conducted, or participated in the conduct of, in violation of 18 U.S.C. § 1962; and

    (g)    any property constituting, or derived from, any proceeds obtained, directly or indirectly, from racketeering activity in violation of 18 U.S.C. § 1962.

The United States reserves the right to provide notice, and seek forfeiture of, other directly forfeitable assets.

The United States also intends to seek entry of a money judgment against each defendant. There is no rule providing for a jury finding as to a personal money judgment, that determination is left to the Court. Fed. R. Crim. P. 32.2(b)(1)(A) and 32.2(b)(5)(A)-(B); see also United States v. Ponzo, 853 F.3d 558, 589 (1st Cir. 2017), cert. denied, 138 S. Ct. 980, 200 L. Ed. 2d 247 (2018) ("the criminal rules do not require a jury determination in the form of a personal money judgment.") (internal citation omitted). Accordingly, the United States will move for an order of forfeiture in the form of a personal money judgment after conviction, prior to sentencing. After

entry of a personal money judgment, the United States is entitled to seek forfeiture of substitute assets to use to satisfy the outstanding money judgment. Fed. R. Crim. P. 32.2(e)(1)(B).

The United States will not request that the jury be retained after entry of a guilty finding to determine whether there is a nexus between the specific assets described above, or specifically identified at a later time, and the defendants' crime of conviction.

The United States has requested advance notice from any defendant that intends to request a jury determination as to forfeiture. If so, the United States will prepare jury instructions and a special jury verdict form for forfeiture of the specific assets described above. If not, then the United States will file a motion for entry of a Preliminary Order of Forfeiture after conviction and prior to sentencing.

Following entry of a Preliminary Order of Forfeiture, either by way of court order or jury finding, third parties will have an opportunity to participate in ancillary proceedings to determine what interest, if any, they have in the property to be forfeited. Fed. R. Crim. P. 32.2(c).

        Respectfully submitted,

        ANDREW E. LELLING
        United States Attorney

By:   */s/ David G. Lazarus*_____
        DAVID G. LAZARUS
        FRED M. WYSHAK, JR.
        K. NATHANIEL YEAGER
        Assistant U.S. Attorneys

4

## Certificate of Service

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on December 5, 2018.

                                                                         */s/ David G. Lazarus*  
                                                                       David G. Lazarus  
Dated: December 5, 2018                                    Assistant U.S. Attorney