UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL NO.  16-10343-ADB |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL L. BABICH, ET. Al. | ) | |
| | ) | |
| Defendants. | ) | |

## GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

Pursuant to Fed. R. Crim. P. 30, the United States of America hereby submits its request for jury instructions in the above-captioned case.  The government reserves its right to supplement or modify these requested instructions in light of the requests, if any, filed by the defendants and the evidence in the case.

Respectfully submitted,

ANDREW E. LELLING
United States Attorney

By:     */s/ K. Nathaniel Yeager*
DAVID G. LAZARUS
FRED M. WYSHAK, JR.
K. NATHANIEL YEAGER
Assistant U.S. Attorneys

## Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on December 5, 2018.

*/s/ K. Nathaniel Yeager*
David G. Lazarus
Dated: December 5, 2018          Assistant U.S. Attorney

## TABLE OF CONTENTS

PRELIMINARY INSTRUCTIONS ............................................................................................. 1

DUTIES OF THE JURY ......................................................................................................... 2

NATURE OF INDICTMENT -- PRESUMPTION OF INNOCENCE ........................................ 3

CREDIBILITY OF WITNESSES ............................................................................................. 6

CONDUCT OF THE JURY ..................................................................................................... 7

NOTE-TAKING ..................................................................................................................... 9

USE OF TAPES AND TRANSCRIPTS ................................................................................... 10

HOLLYWOOD EFFECT ........................................................................................................ 11

OUTLINE OF THE TRIAL ...................................................................................................... 12

FINAL INSTRUCTIONS .......................................................................................................... 14

DUTY OF THE JURY TO FIND FACTS AND FOLLOW LAW ............................................... 15

PRESUMPTION OF INNOCENCE; PROOF BEYOND A REASONABLE DOUBT ............. 16

DEFENDANT'S CONSTITUTIONAL RIGHT NOT TO TESTIFY ......................................... 17

WHAT IS EVIDENCE; INFERENCES ................................................................................... 18

KINDS OF EVIDENCE: DIRECT AND CIRCUMSTANTIAL ............................................... 19

CREDIBILITY OF WITNESSES ............................................................................................. 20

WEIGHING THE TESTIMONY OF AN EXPERT WITNESS ................................................. 21

CAUTIONARY AND LIMITING INSTRUCTIONS AS TO PARTICULAR KINDS OF
EVIDENCE  22

REASONABLE CONSIDERATION ........................................................................................ 23

PROOF MAY BE DISJUNCTIVE ........................................................................................... 24

WHAT IS NOT EVIDENCE .................................................................................................... 25

PUNISHMENT ....................................................................................................................... 26

"IN OR ABOUT" – EXPLAINED ........................................................................................... 27

PROOF OF KNOWLEDGE .................................................................................................... 28

PROOF OF INTENT .............................................................................................................. 29

CAUTION AS TO COOPERATING WITNESS/IMMUNIZED WITNESS ............................. 30

FAILURE TO CALL WITNESSES ......................................................................................... 31

CHARTS AND SUMMARIES ................................................................................................. 32

MOTIVE     33

SUBSTANTIVE COUNT ...................................................................................... 34

RICO CONSPIRACY OFFENSE ......................................................................... 35

   **ESSENTIAL ELEMENTS ............................................................................. 35**

THE FIRST ELEMENT ....................................................................................... 37

   **"ENTERPRISE" (LEGAL ENTITY) - DEFINED ................................... 37**

THE SECOND ELEMENT ................................................................................... 38

   **ENTERPRISE- INTERSTATE COMMERCE.......................................... 38**

THE THIRD ELEMENT ...................................................................................... 41

   **EMPLOYED BY OR ASSOCIATED WITH THE ENTERPRISE............. 41**

THE FOURTH ELEMENT ................................................................................... 43

   **CONDUCT OR PARTICIPATE IN THE CONDUCT OF THE AFFAIRS OF THE ENTERPRISE .................................................................................... 43**

THE FIFTH ELEMENT ...................................................................................... 45

   **PATTERN OF RACKETEERING ACTIVITY ...................................... 45**

ESSENCE OF RICO CONSPIRACY OFFENSE................................................ 48

AGREEMENT TO COMMIT A RICO OFFENSE ............................................ 49

RACKETEERING ACTIVITY – MAIL FRAUD ............................................. 52

   **TITLE 18, UNITED STATES CODE, SECTION 1341 ........................... 52**

RACKETEERING ACTIVITIES - HONEST SERVICES MAIL OR WIRE FRAUD .............. 54

   **TITLE 18, UNITED STATES CODE, SECTIONS 1341, 1343 AND 1346 ...................... 54**

   **HONEST SERVICES MAIL AND WIRE FRAUD - SCHEME OR ARTIFICE TO DEFRAUD .............................................................................. 56**

   **HONEST SERVICES MAIL AND WIRE FRAUD - INTENT TO DEFRAUD/DECEIVE ............................................................................... 57**

   **HONEST SERVICES MAIL AND WIRE FRAUD - INTENT –...................................... 59**

   **QUID PRO QUO NEED NOT BE EXPRESS........................................... 59**

   **HONEST SERVICES MAIL AND WIRE FRAUD - MATERIALITY ............................ 60**

   **HONEST SERVICES MAIL FRAUD - USE OF THE MAILS ..................... 61**

   **HONEST SERVICES WIRE FRAUD - USE OF THE WIRES........................ 62**

RACKETEERING ACTIVITY - MULTIPLE ACTS IN VIOLATION OF CONTROLLED SUBSTANCES ACT ..................................................................... 63

**TITLE 21, UNITED STATES CODE, SECTION 841(A)(1)** ................................................ **63**

**DISTRIBUTION DEFINED** ................................................................................................ **64**

**CONTROLLED SUBSTANCES DEFINED** ........................................................................ **65**

**LEGITIMATE MEDICAL PURPOSE/OUTSIDE THE USUAL COURSE OF
PROFESSIONAL PRACTICE — GOOD FAITH** ............................................................. **66**

RACKETEERING ACTIVITY – WIRE FRAUD ...................................................................... 68

**TITLE 18, UNITED STATES CODE, SECTION 1343** ....................................................... **68**

CONSPIRACY—TIME PERIOD .............................................................................................. 70

ACTS AND DECLARATIONS OF CO-CONSPIRATORS ...................................................... 71

CONSPIRACY—SILENT UNDERSTANDING ....................................................................... 73

CONSPIRACY—CIRCUMSTANTIAL EVIDENCE OF AGREEMENT ................................ 74

FOREPERSON'S ROLE; UNANIMITY ................................................................................... 75

CONSIDERATION OF EVIDENCE ......................................................................................... 76

REACHING AGREEMENT ....................................................................................................... 77

RETURN OF VERDICT FORM ................................................................................................ 78

COMMUNICATION WITH THE COURT ................................................................................ 79

**PRELIMINARY INSTRUCTIONS**

**DUTIES OF THE JURY**

Ladies and gentlemen: You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions. At the end of the trial I will give you more detailed instructions. Those instructions will control your deliberations. It will be your duty to decide from the evidence what the facts are. You, and you alone, are the judges of the facts. You will hear the evidence, decide what the facts are, and then apply those facts to the law I give to you. That is how you will reach your verdict. In doing so you must follow that law whether you agree with it or not. The evidence will consist of the testimony of witnesses, documents and other things received into evidence as exhibits, and any facts on which the lawyers agree or which I may instruct you to accept.

You should not take anything I may say or do during the trial as indicating what I think of the believability or significance of the evidence or what your verdict should be.

First Circuit Pattern Jury Instructions (Criminal) Inst. 1.01 (1998).

## NATURE OF INDICTMENT -- PRESUMPTION OF INNOCENCE

This criminal case has been brought by the United States government.  I will sometimes refer to the government as the prosecution.  The government is represented at this trial by Assistant United States Attorneys Fred Wyshak, Nathaniel Yeager, and David Lazarus.   Defendant, John Kapoor is represented by Brien O'Connor, Aaron Katz, Beth Wilkinson, Alexandra Walsh, and Kosta Stojilkovic.  Defendant Michael Babich is represented by William H. Kettlewell, Joseph Sedwick Sollers, III, and Mark Jensen.  Defendant Joseph Rowan is represented by Michael Kendall and William Barrett.  Defendant Michael Gurry is represented by Tracy Miner and Megan Siddall.  Defendant Richard Simon is represented by Steven Tyrrell, Eileen Citron, and Patrick O'Toole, Jr.  And Defendant Sunrise Lee is represented by Peter Horstmann.

The defendants have been charged by the government with Racketeering Conspiracy also known as a RICO conspiracy.

The charges against the defendants are contained in the Second Superseding Indictment, which I will refer to as the Indictment.  The Indictment is simply a description of the charges against the defendants; it is not evidence of anything.  The defendants pleaded not guilty to the charges and deny committing the crimes.  Each defendant is re presumed innocent and may not be found guilty by you unless all of you unanimously find that the government has proven that defendant's guilt beyond a reasonable doubt.


First Circuit Pattern Jury Instructions (Criminal) Inst. 1.02 (1998)

## **EVIDENCE; OBJECTIONS; RULINGS; BENCH CONFERENCES**

I have mentioned the word "evidence."  Evidence includes the testimony of witnesses, documents and other things received as exhibits, and any facts that have been stipulated—that is, formally agreed to by the parties.

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  This simply means that the lawyer is requesting that I make a decision on a particular rule of evidence.

Then it may be necessary for me to talk with the lawyers out of the hearing of the jury, either by having a bench conference here while the jury is present in the courtroom, or by calling a recess.  Please understand that while you are waiting, we are working.  The purpose of these conferences is to decide how certain evidence is to be treated under the rules of evidence, and to avoid confusion and error.  We will, of course, do what we can to keep the number and length of these conferences to a minimum.

Certain things are not evidence.  I will list those things for you now:

(1)     Statements, arguments, questions and comments by lawyers representing the parties in the case are not evidence.

(2)     Objections are not evidence.  Lawyers have a duty to their client to object when they believe something is improper under the rules of evidence.  You should not be influenced by the objection.  If I sustain an objection, you must ignore the question or exhibit and must not try to guess what the answer might have been or the exhibit might have contained.  If I overrule the objection, the evidence will be admitted, but do not give it special attention because of the objection.

4

(3)     Testimony that I strike from the record, or tell you to disregard, is not evidence and must not be considered.

(4)     Anything you see or hear about this case outside the courtroom is not evidence, unless I specifically tell you otherwise during the trial.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only.  That is, it can be used by you only for a particular purpose, and not for any other purpose. I will tell you when that occurs and instruct you on the purposes for which the item can and cannot be used.

Finally, some of you may have heard the terms "direct evidence" and "circumstantial evidence."  Direct evidence is testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find or infer another fact.  You may consider both direct and circumstantial evidence.  The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

First Circuit Pattern Jury Instructions (Criminal) Inst. 1.05 (1998).

## **CREDIBILITY OF WITNESSES**

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe everything a witness says or only part of it or none of it.

In deciding what to believe, you may consider a number of factors, including the following: (1) the witness's ability to see or hear or know the things the witness testifies to; (2) the quality of the witness's memory; (3) the witness's manner while testifying; (4) whether the witness has an interest in the outcome of the case or any motive, bias or prejudice; (5) whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence; and (6) how reasonable the witness's testimony is when considered in the light of other evidence which you believe.

First Circuit Pattern Jury Instructions (Criminal) Inst. 1.06 (1998).

## **CONDUCT OF THE JURY**

To ensure fairness, you as jurors must obey the following rules:

First, do not talk among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to decide on your verdict;

Second, do not talk with anyone else about this case, or about anyone who has anything to do with it, until the trial has ended and you have been discharged as jurors.  "Anyone else" includes members of your family and your friends.  You may tell them that you are a juror, but do not tell them anything about the case until after you have been discharged by me;

Third, do not let anyone talk to you about the case or about anyone who has anything to do with it.  If someone should try to talk to you, please report it to me immediately;

Fourth, during the trial do not talk with or speak to any of the parties, lawyers or witnesses involved in this case -- you should not even pass the time of day with any of them.  It is important not only that you do justice in this case, but that you also give the appearance of doing justice.  If a person from one side of the lawsuit sees you talking to a person from the other side -- even if it is simply to pass the time of day -- an unwarranted and unnecessary suspicion about your fairness might be aroused.  If any lawyer, party or witness does not speak to you when you pass in the hall, ride the elevator or the like, it is because they are not supposed to talk or visit with you;

Fifth, do not read any news stories or articles about the case or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it;

Sixth, do not do any research, such as consulting dictionaries or other reference materials, and do not make any investigation about the case on your own;

Seventh, if you need to communicate with me simply give a signed note to the court security officer to give to me; and

Eighth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

First Circuit Pattern Jury Instructions (Criminal) Inst. 1.07 (1998).

## NOTE-TAKING

I am going to permit you to take notes in this case, and the courtroom deputy has distributed pencils and pads for your use.  I want to give you a couple of warnings about taking notes, however.  First of all, do not allow your note-taking to distract you from listening carefully to the testimony that is being presented.  If you would prefer not to take notes at all but simply to listen, please feel free to do so.  Please remember also from some of your grade-school experiences that not everything you write down is necessarily what was said.  Thus, when you return to the jury room to discuss the case, do not assume simply because something appears in somebody's notes that it necessarily took place in court.  Instead, it is your collective memory that must control as you deliberate upon the verdict.  Please take your notes to the jury room at every recess.  I will have the courtroom deputy collect them at the end of each day and place them in the vault.  They will then be returned to you the next morning.  When the case is over, your notes will be destroyed.  These steps are in line with my earlier instruction to you that it is important that you not discuss the case with anyone or permit anyone to discuss it with you.

First Circuit Pattern Jury Instructions (Criminal) Inst. 1.08 (1998).

## USE OF TAPES AND TRANSCRIPTS

During this trial you are going to hear statements that were recorded.  This is proper evidence for you to consider.  In order to help you, I am going to allow you to have a transcript to read along as the tape is played.  The transcript is merely to help you understand what is said on the tape.  If you believe at any point that the transcript says something different from what you hear on the tape, remember it is the tape that is the evidence, not the transcript.  Any time there is a variation between the tape and the transcript, you must be guided solely by what you hear on the tape and not by what you see in the transcript.

First Circuit Pattern Jury Instructions (Criminal) Inst. 2.08 (1998);
Adapted from trial court instruction approved in United States v. Mazza, 792 F.2d 1210, 1227 (1st Cir. 1986), cert. denied, 479 U.S. 1086 (1987).

## **HOLLYWOOD EFFECT**

Let me talk for a moment about television and movies.  Many people watch television shows or movies about police work or lawyers or the criminal justice system, and sometimes people are affected by that when they serve as jurors.  Television shows and movies can create false expectations about real life; for example, how the trial is going to proceed, what the evidence might look like.  You must decide this case on the evidence in front of you and the law as I give it to you.  Do not decide this case, even in part, based on something you saw on television or in a movie.  It's improper and unfair.

Adapted from preliminary jury charge in United States v. Diana Piesak, 06-40016-FDS (D.Mass. April 11, 2007).

## OUTLINE OF THE TRIAL

The first step in the trial will be the opening statements.  The government in its opening statement will tell you about the evidence that it intends to put before you, so that you will have an idea of what the government's case is going to be.

Just as the Indictment is not evidence, neither is the opening statement evidence.  Its purpose is only to help you understand what the evidence will be and what the government will try to prove.

After the government's opening statement, the defendants, through their attorneys, may, if they choose, make an opening statement.  At this point in the trial, no evidence has been offered by either side.

Next the government will offer evidence that it says will support the charges against the defendants.  The government's evidence in this case will consist of the testimony of witnesses, and may include documents and other exhibits.  In a moment I will say more about the nature of evidence.

After the government's evidence, the defendants may present evidence on his or her own behalf, but he or she is not required to do so.  I remind you that each defendant is presumed innocent, and the government must prove the guilt of that defendant beyond a reasonable doubt. The defendants do not have to prove their innocence.

After you have heard all the evidence on both sides, the government and the defense will each be given time for their final arguments.  I just told you that the opening statements by the lawyers are not evidence.  The same applies to the closing arguments.  They are not evidence either.  In their closing arguments the lawyers for the government and the defendants will attempt to summarize and help you understand the evidence that was presented.

The final part of the trial occurs when I instruct you about the rules of law that you are to use in reaching your verdict. After hearing my instructions, you will leave the courtroom together to make your decisions.  Your deliberations will be secret.  You will never have to explain your verdict to anyone.

First Circuit Pattern Jury Instructions (Criminal) Inst. 1.09 (1998).

**FINAL INSTRUCTIONS**

## **DUTY OF THE JURY TO FIND FACTS AND FOLLOW LAW**

It is your duty to find the facts from all the evidence admitted in this case.  To those facts you must apply the law as I give it to you.  The determination of the law is my duty as the presiding judge in this court.  It is your duty to apply the law exactly as I give it to you, whether you agree with it or not. You must not be influenced by any personal likes or dislikes, prejudices or sympathy.  That means that you must decide the case solely on the evidence before you and according to the law.  You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important.  You must not read into these instructions, or into anything I may have said or done, any suggestions by me as to what verdict you should return -- that is a matter entirely for you to decide.

First Circuit Pattern Jury Instructions (Criminal) Inst. 3.01 (1998).

## **PRESUMPTION OF INNOCENCE; PROOF BEYOND A REASONABLE DOUBT**

It is a cardinal principle of our system of justice that every person accused of a crime is presumed to be innocent unless and until his guilt is established beyond a reasonable doubt.  The presumption is not a mere formality.  It is a matter of the most important substance.

The presumption of innocence alone may be sufficient to raise a reasonable doubt and to require the acquittal of a defendant. Each defendant before you has the benefit of that presumption throughout the trial, and you are not to convict him or her of a particular charge unless you are persuaded of his or her guilt of the charge beyond a reasonable doubt.

The presumption of innocence until proven guilty means that the burden of proof is always on the government to satisfy you that a defendant is guilty of the crime or crimes with which he or she is charged beyond a reasonable doubt.  The law does not require that the government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict.  This burden never shifts to the defendants.  It is always the government's burden to prove each of the elements of the crimes charged beyond a reasonable doubt by the evidence and the reasonable inferences to be drawn from that evidence.  The defendant have the right to rely upon the failure or inability of the government to establish beyond a reasonable doubt any essential element of a crime charged against him or her.

If after fair and impartial consideration of all the evidence, you have a reasonable doubt as to a defendant's guilt of a particular crime, it is your duty to acquit that defendant of that crime.  On the other hand, if after fair and impartial consideration of all the evidence, you are satisfied beyond a reasonable doubt of a defendant's guilt of a particular crime, you should vote to convict him.

First Circuit Pattern Jury Instructions (Criminal) Inst. 3.02 (1998).

## DEFENDANT'S CONSTITUTIONAL RIGHT NOT TO TESTIFY

Each defendant has a constitutional right not to testify and no inference of guilt, or of anything else, may be drawn from the fact that a defendant did not testify.  For any of you to draw such an inference would be wrong; indeed, it would be a violation of your oath as a juror.

First Circuit Pattern Jury Instructions (Criminal) Inst. 3.03 (1998).

## **WHAT IS EVIDENCE; INFERENCES**

The evidence from which you are to decide what the facts are consists of sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witness; the exhibits that have been received into evidence; and any facts to which the lawyers have agreed or stipulated.  A stipulation means simply that the government and the defendants accept the truth of a particular proposition or fact.  Since there is no disagreement, there is no need for evidence apart from the stipulation.  You must accept the stipulation as fact even though nothing more was said about it one way or the other.

Although you may consider only the evidence presented in the case, you are not limited in considering that evidence to the bald statements made by the witnesses or contained in the documents.  In other words, you are not limited solely to what you see and hear as the witnesses testify.  You are permitted to draw from facts that you find to have been proven such reasonable inferences as you believe are justified in the light of common sense and personal experience.

First Circuit Pattern Jury Instructions (Criminal) Inst. 3.04 (1998).

## <u>KINDS OF EVIDENCE: DIRECT AND CIRCUMSTANTIAL</u>

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness that the witness saw something.  Circumstantial evidence is indirect evidence, that is proof of a fact or facts from which you could draw the inference, by reason and common sense, that another fact exists, even though it has not been proven directly.  You are entitled to consider both kinds of evidence.  The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

Circumstantial evidence alone may be sufficient to convict the defendants if it persuades you beyond a reasonable doubt that the defendants is guilty of the offenses alleged in the Indictment.

<u>First Circuit Pattern Jury Instructions</u> (Criminal) Inst. 3.05 (1998);
<u>United States v. Wight</u>, 968 F.2d 1393, 1395 (1st Cir. 1992);
<u>United States v. Batista-Polanco</u>, 927 F.2d 14, 17 (1st Cir. 1992).

## **CREDIBILITY OF WITNESSES**

Whether the government has sustained its burden of proof does not depend upon the number of witnesses it has called or upon the number of exhibits it has offered, but instead upon the nature and quality of the evidence presented.  You do not have to accept the testimony of any witness if you find the witness not credible.  You must decide which witnesses to believe and which facts are true.  To do this, you must look at all the evidence, drawing upon your common sense and personal experience.

You may want to take into consideration such factors as the witnesses' conduct and demeanor while testifying; their apparent fairness or any bias they may have displayed; any interest you may discern that they may have in the outcome of the case; any prejudice they may have shown; their opportunities for seeing and knowing the things about which they have testified; the reasonableness or unreasonableness of the events that they have related to you in their testimony; and any other facts or circumstances disclosed by the evidence that tend to corroborate or contradict their versions of the events.

First Circuit Pattern Jury Instructions (Criminal) Inst. 3.06 (1998).

## **WEIGHING THE TESTIMONY OF AN EXPERT WITNESS**

You have heard testimony from persons described as experts. An expert witness has special knowledge or experience that allows the witness to give an opinion.

You may accept or reject such testimony. In weighing the testimony, you should consider the factors that generally bear upon the credibility of a witness as well as the expert witness's education and experience, the soundness of the reasons given for the opinion and all other evidence in the case.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it should be given.

First Circuit Pattern Jury Instructions (Criminal) Inst. 2.07 (1998).

## CAUTIONARY AND LIMITING INSTRUCTIONS AS TO PARTICULAR KINDS OF EVIDENCE

A particular item of evidence is sometimes received for a limited purpose only.  That is, it can be used by you only for one particular purpose, and not for any other purpose.  I have told you when that occurred, and instructed you on the purposes for which the item can and cannot be used.

First Circuit Pattern Jury Instructions (Criminal) Inst. 3.07 (1998).

## **REASONABLE CONSIDERATION**

In coming to your decision, you should consider the evidence the same way all reasonable persons would treat any question presented to them.  You are expected to use your good sense, consider the evidence in the case for only those purposes for which it has been admitted, and give it a reasonable and fair construction in light of your common knowledge of the natural tendencies and inclinations of human beings.[1]

---

[1] Devitt, Blackmar, Wolff, and O'Malley, <u>Federal Jury Practice and Instructions</u>, 15.01 (4th ed. 1977).

## **PROOF MAY BE DISJUNCTIVE**

To the extent the Indictment uses the conjunctive word "and," it is sufficient if the government proves the offense in the disjunctive, as if the word "or" had been used.

## **WHAT IS NOT EVIDENCE**

Certain things are not evidence.  I will list them for you:

(1)     Arguments and statements by lawyers are not evidence because the lawyers are not witnesses.  What they say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them from the evidence differ from the way the lawyers have stated them, your memory of them controls.

(2)     Questions and objections by lawyers are not evidence. Lawyers have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by my ruling on it.

(3)     Anything that I have excluded from evidence or ordered stricken and instructed you to disregard is not evidence.  You must not consider such items.

(4)     Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at trial.

(5)     The Indictment is not evidence.  This case, like most criminal cases, began with a charge, or an indictment.  You will have that Indictment before you in the course of your deliberations in the jury room.  That Indictment was returned by a grand jury, which heard only the government's side of the case.  I caution you, as I have before, that the fact that this defendant has been indicted is no evidence whatsoever of his guilt.  The Indictment is simply an accusation.  It is the means by which the allegations and charges of the government are brought before this court. The Indictment proves nothing.

First Circuit Pattern Jury Instructions (Criminal) Inst. 3.08 (1998).

## **PUNISHMENT**

The punishment provided by law for the offenses charged in the indictment is a matter solely for the judge to decide.  The jury should make its decision as to whether a defendant is guilty or not guilty on the basis of the evidence presented, and must not consider the possible punishment in any way in coming to that determination.

Fifth Circuit Pattern Jury Instructions (Criminal) § 1.20 (1997);
1A Kevin F. O'Malley et al., Federal Jury Practice and Instructions § 20.01 (5th ed. 2000).

## **"IN OR ABOUT" – EXPLAINED**

The Indictment charges that the crimes alleged were committed "in or about" certain dates. Although it is necessary for the government to prove beyond a reasonable doubt that the crimes were committed on a date reasonably near the dates alleged in the Indictment, it is not necessary for the government to prove that the crimes were committed precisely on the dates charged.

Devitt, Blackmar, Wolff, and O'Malley, Federal Jury Practice and Instructions, §13.05 (4th Ed. 1992).

## **PROOF OF KNOWLEDGE**

Because it is impossible to prove through direct evidence the inner workings of the human mind, it is frequently necessary to resort to circumstantial evidence.  Thus, in deciding whether something is done knowingly, the jury may consider the actions of the defendant, all of the facts and circumstances surrounding his conduct, and any reasonable inferences to be drawn from those facts and circumstances.

Leonard B. Sand, et al., Modern Federal Jury Instructions, Inst. 6-17 (2001);
1 A Kevin F. O'Malley, et al., Federal Jury Practice and Instructions, § 17.07 (5th ed. 2000).

## **PROOF OF INTENT**

To act with intent refers to a mental condition or state of mind.  Such mental states cannot ordinarily be proved directly for the obvious reason that there is no practical way of being able to look inside a person's mind and find out what is there.  Rather, a person's intent may be judged by a person's actions, by what that person says or does, and by the surrounding circumstances.  In this connection you may consider any actions undertaken by a defendant and any statements made by him or her and all other facts and circumstances in evidence which bear on the defendant's state of mind.

Devitt and Blackmar, <u>Federal Jury Practice and Instructions</u>, §§14.13 (3d ed. 1977).

## CAUTION AS TO COOPERATING WITNESS/IMMUNIZED WITNESS

You have heard the testimony of certain witnesses who

(1) provided evidence under agreements with the government; and/or

(2) participated in the crime charged against the defendants; and/or

(2) testified under a grant of immunity.

"Immunity" means that the witness's testimony may not be used against him/her in any subsequent criminal proceeding. However, if he/she testified untruthfully, he/she could be prosecuted for perjury or making a false statement, even though he/she was testifying under a grant of immunity.

Some people in this position are entirely truthful when testifying. Still, you should consider the testimony of such a witness with particular caution. He/She may have had reason to make up stories or exaggerate what others did because he/she wanted to help him/herself.

You must determine whether the testimony of such a witness has been affected by any interest in the outcome of this case, any prejudice for or against the defendant, or by any of the benefits he/she has received from the government as a result of being immunized from prosecution. You may consider their guilty pleas in assessing their credibility, but you are not to consider their guilty pleas as evidence against this defendant in any way.

## **<u>FAILURE TO CALL WITNESSES</u>**[2]

Although the government is required to prove the defendant is guilty beyond a reasonable doubt, the government is not, in fact, required to produce all possible witnesses, or all possible documents equally available to both parties, which may bear on the case or who may have some knowledge about the facts of the case.

---

[2] L. Sand et al., <u>Modern Federal Jury Instructions – Criminal</u> (6-7).  <u>United States v. Welch</u>, 15 F.3d 1202, 1215 n.17 (1st Cir. 1993), (inference not permissible when testimony could have been corroborative or cumulative), <u>cert</u>. <u>denied</u>, 511 U.S. 1076 (1994).

## **CHARTS AND SUMMARIES**[3]

Charts or summaries prepared by the government have been admitted into evidence and were shown to you during the trial for the purpose of explaining facts that are contained in other documents.  You may consider the charts and summaries as you would any other evidence admitted during the trial and give it such weight or importance, if any, as you feel it deserves.

---

[3]  Adapted from 1A O'Malley, et al., Federal Jury Practice and Instructions, § 14.02 (5th ed. 2000).

## **MOTIVE**

Intent and motive should never be confused.  Motive is what prompts a person to act or fail to act.  Intent refers to the state of mind with which the act is done or failed to be done.  The motive of the accused is immaterial and need not be proved by the government.  Rather, evidence regarding motive is relevant only insofar as it sheds light on the intent of the accused.

Devitt and Blackmar, Federal Jury Practice and Instructions, §§14.11 (3d ed. 1977).

**SUBSTANTIVE COUNT**

## RICO CONSPIRACY OFFENSE

## ESSENTIAL ELEMENTS

Count One of the indictment charges that from in or about May 2012 to in or about December 2015, the defendants knowingly conspired and agreed to conduct and participate, directly and indirectly, in the conduct of the affairs of an enterprise through a pattern of racketeering activity. In order to convict a defendant on the RICO conspiracy offense charged in Count One, the government must prove each defendant knowingly agreed that a conspirator, which may include the defendant himself/herself, would commit a violation of 18 U.S.C. § 1962(c).

Section 1962(c) is commonly referred to as the substantive RICO statute. The relevant provision of the RICO statute (18 U.S.C. § 1962(c)) provides as follows:

> It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate…commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity….

In order to convict a defendant on the RICO conspiracy offense based on an agreement to violate section 1962(c), the government must prove the following five elements beyond a reasonable doubt:

| | |
|---|---|
| **One:** | The existence of an enterprise or that an enterprise would exist; |
| **Two:** | The enterprise was or would be engaged in, or its activities affected or would affect, interstate commerce; |
| **Three:** | A conspirator was or would be employed by or associated with the enterprise; |
| **Four:** | A conspirator did or would conduct or participate in, either directly or indirectly, the conduct of the affairs of the enterprise; and |

**Five:** A conspirator did or would knowingly participate in the conduct of the affairs of the enterprise through a pattern of racketeering activity, as described in the indictment; that is, a conspirator did or would commit at least two acts of racketeering activity.

## AUTHORITY

Seventh Circuit Pattern Jury Instructions (1999 ed.); Eleventh Circuit Pattern Jury Instructions § 71.1 (2003 ed.); Sedima, S.P.R.L. v. Imrex, Co., 473 U.S. 479, 496-97 (1985); United States v. Brandao, 539 F.3d 44, 50-51(1st. Cir. 2008); United States v. Nascimento, 491 F.3d 25, 48 (1st Cir. 2007); United States v. Marino, 277 F.3d 11, 32 (1st. Cir. 2002).

## THE FIRST ELEMENT

### "Enterprise" (Legal Entity) - Defined

I will now instruct you on the law applicable to each of these five elements.

The first element the government must prove beyond a reasonable doubt is that an enterprise existed or would exist as alleged in the indictment. As used in these instructions, the term "enterprise" "includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity."

A legal entity is an entity, other than a natural person, that has sufficient existence in legal contemplation that it can function legally, be sued or sue, and make decisions through agents as, for example, in the case of corporations.

The term enterprise includes legitimate and illegitimate enterprises. An enterprise can be a vehicle used by a defendant to commit crimes.

The government is not required to prove each and every allegation about the enterprise or the manner in which the enterprise operated or would operate.

## AUTHORITY

2B O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions § 56.04 (6th ed. 2013); Seventh Circuit Pattern Jury Instructions 320 (1999 ed.); Black's Law Dictionary 893-94 (6th ed. 1990); Boyle v. United States, 556 U.S. 938, 129 S. Ct. 2237, 2246 (2009); Cedric Kushner Promotions, Ltd. v. King, 533 U.S. 158, 164 (2001); Nat'l Org. for Women, Inc. v. Scheidler, 510 U.S. 249, 259 (1994); United States v. Turkette, 452 U.S. 576, 583 (1981); United States v. Kamahele, 748 F.3d 984, 1003 (10th Cir. 2014); United States v. Harris, 695 F.3d 1125, 1134-35 (10th Cir. 2012); United States v. Applins, 673 F.3d 59, 73 (2d Cir. 2011); United States v. Burden, 600 F.3d 204, 214-16 (2d Cir. 2010); United States v. Warner, 498 F.3d 666, 693-96 (7th Cir. 2007); United States v. Kirk, 844 F.2d 660 (9th Cir. 1988); United States v. Airmone, 715 F.2d 822 (3d Cir. 1983);  United States v. Cauble, 706 F.2d 1322, 1340-42 (5th Cir. 1983); United States v. Griffin, 660 F.2d 996, 999, 1001 (4th Cir. 1981).

## THE SECOND ELEMENT

### ENTERPRISE- INTERSTATE COMMERCE

The second element the government must prove beyond a reasonable doubt is that the RICO enterprise was or would be engaged in, or its activities affected or would affect, interstate commerce. Interstate commerce means trade or conducting business or travel between one state and another state or the District of Columbia. Therefore, interstate commerce may include the movement of money, goods, services or persons from one state to another state or the District of Columbia. This may include, among other matters, the purchase or sale of goods or supplies from outside the state in which the enterprise was located, the use of interstate or international mail or wire facilities, or the causing of any of those things.

An enterprise "is generally 'engaged in commerce' when it is itself directly engaged in the production, distribution or acquisition of goods or services in interstate commerce." If you find that the evidence is sufficient to prove that the enterprise was or would be "engaged in," interstate commerce, the required nexus to interstate commerce is established, and therefore the government is not required to prove the alternative that the activities of the enterprise affected or would affect interstate commerce.

Regarding that alternative method of satisfying this element, to establish the requisite effect on interstate commerce, the government is not required to prove a significant or substantial effect on interstate commerce. Rather, a minimal effect on interstate commerce is sufficient.

It is not necessary for the government to prove that the individual racketeering acts themselves affected interstate commerce; rather, it is the enterprise and its activities considered in their entirety that must be shown to have that effect. On the other hand, this effect

on interstate commerce may be established through the effect caused by the individual

racketeering acts.

Moreover, it is not necessary for the government to prove that the defendant knew that

the enterprise affected or would affect interstate commerce, that the defendant intended to affect

interstate commerce, or that each defendant was or would be engaged in, or his activities affected

or would affect, interstate commerce. The government contends that the enterprise in this case

was or would be engaged in, or its activities affected or would affect, interstate or foreign

commerce, in the following ways, among others:

1. The enterprise, Insys, was a publicly traded company whose stock traded on the NASDAQ exchange;

2. The enterprise, Insys, conducted business across the United States, including in Massachusetts, Alabama, Arizona, Arkansas, Connecticut, Florida, Indiana, Michigan, New Hampshire, New Jersey, New York, Rhode Island, Texas, and elsewhere;

3. The enterprise, Insys, sold and caused to be shipped Subsys to states across the United States;

4. The enterprise, Insys, employed sales staff in multiple states and across the United States;

5. The enterprise, Insys, sold a product, Subsys, for which reimbursement was made by insurance companies – federal and commercial – with places of business in multiple locations and across the United States.

The government is not required to prove all the circumstances outlined above. To satisfy

this element, the government need only prove beyond a reasonable doubt either that the activities

of the enterprise considered in their entirety had or would have some minimal effect on interstate

commerce, or that the enterprise was or would be "engaged in" interstate commerce.

**AUTHORITY**

Seventh Circuit Pattern Jury Instructions 324 (1999 ed.); 2B O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions § 56.05 (6th ed. 2013); Pattern Jury Instruction of the District Judges Association of the Eleventh Circuit, Offense Instruction No. 71.1 (2003); <u>United States v. Robertson</u>, 514 U.S. 669, 671-672 (1995); <u>United States v. Nascimento</u>, 491 F.3d 25, 36-39 (1st Cir. 2007); <u>United States v. Marino</u>, 277 F.3d 11, 34-35 (1st Cir. 2002).

## THE THIRD ELEMENT

### EMPLOYED BY OR ASSOCIATED WITH THE ENTERPRISE

The third element the government must prove beyond a reasonable doubt is that a conspirator (which may include the defendant himself) was or would be "employed by" **or** "associated with" the enterprise about which I have already instructed you. The government need not prove both; either "employed by" or "associated with" is sufficient to establish this element. The term "employed by" should be given its common, plain meaning. Thus, a person is "employed by" an enterprise when, for example, he is on the payroll of the enterprise and performs services for the enterprise, holds a position in the enterprise, or has an ownership interest in the enterprise.[4]

"Associated with" also should be given its plain meaning. As stated in Webster's Third New International Dictionary (1971 ed.), to "associate" means "to join, often in a loose relationship as a partner, fellow worker, colleague, friend, companion or ally ... to join or connect with one another." Therefore, a person is "associated with" an enterprise when, for example, he joins with other members of the enterprise and he knowingly aids or furthers the activities of the enterprise, or he conducts business with or through the enterprise.

It is not required that the defendant agree that any particular conspirator was or would be "employed by" or "associated with" the enterprise for the entire time the enterprise existed. The government also is not required to prove that the defendant agree that any particular conspirator had a formal position in the enterprise, or participated in all the activities of the enterprise, or had full knowledge of all the activities of the enterprise, or knew about the participation of all the

---

[4] See United States v. Gabrielle, 63 F.3d 61, 68 (1st Cir. 1995); United States v. Console,13 F.3d 641, 654 (3d Cir. 1993).

41

other members of the enterprise. Rather, it is sufficient that the government prove beyond a

reasonable doubt that at some time during the existence of the enterprise as alleged in the

indictment, a conspirator was or would be "employed by" or "associated with" the enterprise

within the meaning of those terms as I have just explained and that he knew or would know of

the general nature of the enterprise, and knew or would know that the enterprise extended

beyond his own role in the enterprise.

**AUTHORITY**

Federal Jury Practice and Instructions, Pattern Crim. Jury Instr. 10th Cir. 2.76.4 (2011); <u>Boyle v. United States</u>, 556 U.S. 938, 946-47 (2009); <u>Cedric Kushner Promotions, Ltd. v. King</u>, 533 U.S. 158, 161-63 (2001); <u>United States v. Brandao</u>, 539 F.3d 44, 51-52 (1st Cir. 2008); <u>United States v. Marino</u>, 277 F.3d 11, 33-34 (1st Cir. 2002); <u>United States v. Gabriele</u>, 63 F.3d 61, 68 (1st Cir. 1995); <u>United States v. Rastelli</u>, 870 F.2d 822, 828 (2d Cir. 1989) (collecting cases).

# THE FOURTH ELEMENT

## CONDUCT OR PARTICIPATE IN THE CONDUCT OF THE AFFAIRS OF THE ENTERPRISE

The fourth element the government must prove beyond a reasonable doubt is that the defendant must have agreed that a conspirator would conduct or participate in the conduct of the affairs of the enterprise. A defendant may be convicted of a RICO conspiracy offense even if he did not personally participate in the operation or management of the enterprise when the evidence establishes that the defendant knowingly agreed to facilitate a scheme which, if completed, would constitute a RICO substantive violation involving at least one conspirator who would participate in the operation or management of the enterprise.[5]

Such proof of operation and management may include evidence that the defendant agreed that a conspirator would intentionally perform acts, functions or duties which are necessary to, or helpful in, the operation of the enterprise, or that a conspirator had some part in directing the enterprise's affairs. However, the government need not prove that the conspirator would exercise significant control over or within the enterprise, or that he had a formal position in the enterprise, or that he had primary responsibility for the enterprise's affairs. Rather, "[a]n

---

[5] See United States v. Fernandez, 388 F.3d 1199 (9th Cir. 2004), overruling Neibel v. Trans World Assurance Co., 108 F.3d 1123, 1128-29 (9th Cir. 1997); Smith v. Berg, 247 F.3d 532, 534 (3d Cir. 2001), overruling United States v. Antar, 53 F.3d 568, 581 (3d Cir. 1995); Brouwer v. Raffensperger, Hughes & Co., 199 F.3d 961 (7th Cir. 2000); United States v. Posada-Rios, 158 F.3d 832, 857 (5th Cir. 1998); United States v. Castro, 89 F.3d 1443, 1451-52 (11th Cir. 1996), cert. denied, 117 S. Ct. 965 (1997); MCM Partners, Inc. v. Andrews-Bartlett & Assocs., 62 F.3d 967, 979-81 (7th Cir. 1995); United States v. Starrett, 55 F.3d 1525, 1547-48 (11th Cir. 1995), cert. denied, 116 S. Ct. 1335 (1996); Napoli v. United States, 45 F.3d 680, 683-84 (2d Cir.), cert. denied, 115 S. Ct. 1796 (1995); United States v. Viola, 35 F.3d 37, 43-44 (2d Cir. 1994), cert. denied, 115 S. Ct. 1270 (1995); United States v. Quintanilla, 2 F.3d 1469, 1484-85 (7th Cir. 1993). See also United States v. Thomas, 114 F.3d 228, 243 (D.C. Cir. 1997) (declining to resolve the issue).

enterprise is 'operated' not just by upper management but also by lower-rung participants in the enterprise who are under the direction of upper management" or carry out upper management's orders. An enterprise also might be operated or managed by one "who exerts control over [the enterprise]."

## AUTHORITY

Adapted from 2B O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions § 56.08 (6th ed. 2013); Reves v. Ernest & Young, 507 U.S. 170, 179-86 (1993); United States v. Brandao, 539 F.3d 44, 54 (1st Cir. 2008); United States v. Cianci, 378 F.3d 71, 96 (1st Cir. 2004); United States v. Owens, 167 F.3d 739, 753-54 (1st Cir. 1999); United States v. Hurley, 63 F.3d 1, 11 (1st Cir. 1995); United States v. Oreto, 37 F.3d 739, 750 (1st Cir. 1994); United States v. Weiner, 3 F.3d 17, 23-24 (1st Cir. 1993).

## THE FIFTH ELEMENT

### PATTERN OF RACKETEERING ACTIVITY

The fifth element the government must prove beyond a reasonable doubt is that the defendant agreed that a conspirator would engage in a pattern of racketeering activity. A pattern of racketeering activity requires at least two acts of racketeering, the last of which occurred within ten years after the commission of a prior act of racketeering.

To establish a "pattern of racketeering activity," as alleged in Count One of the indictment, the government must prove three elements beyond a reasonable doubt:

**One:**   The defendant agreed that a conspirator, which could include the defendant himself, did or would intentionally commit, or cause, or aid and abet the commission of, two or more of the racketeering acts of the type or types alleged in the indictment. Your verdict must be unanimous as to which type or types of racketeering activity you find that the defendant agreed was or would be committed, caused, or aided and abetted. At the end of this instruction, I will instruct you on the elements regarding each of the charged types of racketeering activity.

**Two:**   The racketeering activity must have or would have a "nexus" to the enterprise and the racketeering activity was or would be "related." Racketeering activity has a "nexus" to the enterprise if it has a meaningful connection to the enterprise. To be "related," the racketeering activity was or would have the same or similar purposes, results, participants, victim, or methods of commission, or be otherwise interrelated by distinguishing characteristics and not be merely isolated events. Two racketeering acts of the type or types of racketeering activity described in the Indictment may or would be "related" even though they are dissimilar or not directly related to each other, provided that the racketeering acts are or would be related to the same enterprise.

For example, for both "nexus" and "relatedness" purposes, the requisite relationship between the RICO enterprise and a racketeering act may or would be established by evidence that the defendant was or would be enabled to commit the racketeering act solely by virtue of his position in the enterprise or involvement in or control over its affairs, or by evidence that the defendant's position in the enterprise would facilitate his commission of the racketeering act, or by evidence that the racketeering act would benefit the enterprise, or by evidence that the racketeering act was or would be authorized by the enterprise or by evidence the racketeering act would promote or further the purposes of the enterprise.

**Three:** The racketeering activity must have extended over a substantial period of time, **or** posed or would pose a threat of continued criminal activity. The government need not prove such a threat of continuity by any mathematical formula or by any particular method of proof, but rather may prove it in a variety of ways. For example, the threat of continued unlawful activity may or would be established when the evidence shows that the racketeering activity is part of a long-term association that exists for criminal purposes, or when the racketeering activity is or would be shown to be the regular way of conducting the affairs of the enterprise.

Moreover, in determining whether the government has proven the threat of continued unlawful activity, you are not limited to consideration of the specific type or types of racketeering activity charged against the defendant; rather, in addition to considering such activity you also may consider the nature of the enterprise, and other unlawful activities of the enterprise and its members viewed in their entirety, including both charged and uncharged unlawful activities.[6]  Moreover, in order to convict the defendant of the RICO conspiracy offense, the jury's verdict must be unanimous as to which type or types of predicate racketeering activity the defendant agreed would be committed; for example, at least two acts of mail fraud, wire fraud, honest services mail fraud, honest services wire fraud, or acts indictable in violation of the Controlled Substances Act.[7]

---

[6] See H.J. Inc. v. Nw. Bell Tel. Co., 492 U.S. 299, 242-43 (1989); United States v. Richardson, 167 F.3d 621, 625-26 (D.C. Cir. 1999); Tabas v. Tabas, 47 F.3d 1280, 1294-95 (3d Cir. 1995) (en banc); United States v. Busacca, 936 F.2d 232, 238 (6th Cir. 1991); United States v. Alkins, 925 F.2d 541, 551-53 (2d Cir. 1991); United States v. Coiro, 922 F.2d 1008, 1017 (2d Cir. 1991); United States v. Link, 921 F.2d 1523, 1527 (11th Cir. 1991); United States v. Hobson, 893 F.2d 1267 (11th Cir. 1990); United States v. Kaplan, 886 F.2d 536, 543 (2d Cir. 1989); United States v. Idelicato, 865 F.2d 1370, 1383-84 (2d Cir. 1989) (en banc).

[7] See, e.g., United States v. Randall, 661 F.3d 1291, 1296-1298 (10th Cir. 2011); United States v. Applins, 637 F.3d 59, 81-83 (2d Cir. 2011); United States v. Glecier, 923 F.2d 496, 499-500 (7th Cir. 1991); United States v. Crockett, 979 F.2d 1204, 1208-09 (7th Cir. 1992); United States v. Phillips, 874 F.2d 123, 125-28 (3d Cir. 1989); United States v. Sutherland, 656 F.2d 1181, 1197 (5th Cir. 1981).

**AUTHORITY**

2B O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions § 56.07 (6th ed. 2013) Seventh Circuit Pattern Jury Instructions (1999 ed.); <u>H.J. Inc. v. Nw. Bell Tel. Co.</u>, 492 U.S. 229, 242-43 (1989); <u>United States v. Brandao</u>, 539 F.3d 44, 53-55 (1st Cir. 2008); <u>United States v. Cianci</u>, 378 F.3d 71, 88-89 (1st Cir. 2004); <u>United States v. Marino</u>, 277 F.3d 11, 26-28 (1st Cir. 2002); <u>United States v. Angiulo</u>, 897 F.2d 1169, 1180 (1st Cir. 1990).

## ESSENCE OF RICO CONSPIRACY OFFENSE

As I have instructed you, because the essence of a RICO conspiracy offense is the

**agreement** to commit a substantive RICO offense, the government need only prove that if the

conspiracy offense were completed as contemplated, the enterprise would exist, that this

enterprise would engage in, or its activities would affect, interstate or foreign commerce, and

that a conspirator (who could be, but need not be, the defendant himself) would have been

employed by or associated with the enterprise, and would have conducted or participated in the

affairs of the enterprise through a pattern of racketeering activity.

The government is not required to prove that the alleged enterprise was actually

established, that the defendant was actually employed by or associated with the enterprise, or that

the enterprise was actually engaged in, or its activities actually affected, interstate or foreign

Commerce

## AUTHORITY

2B O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions § 56.11 (6th ed. 2013); Seventh Circuit Pattern Jury Instructions (1999 ed.); Salinas v. United States, 522 U.S. 52, 62-65 (1997); Iannelli v United States, 420 U.S. 770, 777 (1975);  United States v. Applins, 637 F.3d 59, 73-75, 80-82 (2d Cir. 2011); United States v. Hein, 395 Fed. App'x 652, 654-56 (11th Cir. 2010); Chaney v. Dreyfus Serv. Corp., 595 F.3d 219, 239-40 (5th Cir. 2010); United States v. Fiander, 547 F.3d 1036, 1041-42 (9th Cir. 2008); United States v. Lawson, 535 F.3d 434, 445 (6th Cir. 2008); United States v. Driver, 535 F.3d 424, 432 (6th Cir. 2008); United States v. Fowler, 535 F.3d 408, 420 (6th Cir. 2008); United States v. Useni, 516 F.3d 634, 646-48 (7th Cir. 2008); United States v. Browne, 505 F.3d 1229, 1265 (11th Cir. 2007); United States v. Smith, 413 F.3d 1253, 1272-73 (10th Cir. 2005); United States v. Pipkins, 378 F.3d 1281, 1288 (11th Cir. 2004); Smith v. Berg, 247 F.3d 532, 537-38 (3d Cir. 2001); United States v. Posada-Rios, 158 F.3d 832, 857 (5th Cir. 1998); United States v. To, 144 F.3d 737, 744 (11th Cir. 1998); MCM Partners, Inc. v. Andrews-Bartlett & Assocs., 62 F.3d 967, 979 (7th Cir. 1995); United States v. Starrett, 55 F.3d 1525, 1547-48 (11th Cir. 1995); Napoli v. United States, 45 F.3d 680, 683-84 (2d Cir. 1995); United States v. Viola, 35 F.3d 37, 42-43 (2d Cir. 1994); United States v. Quintanilla, 2 F.3d 1469, 1484-85 (7th Cir. 1993); United States v. Larson, 2011 WL 9029985 at *4 (W.D.N.Y. December 5, 2011).

## AGREEMENT TO COMMIT A RICO OFFENSE

As I previously stated, the agreement to commit a RICO offense is the essential aspect of a RICO conspiracy offense.

The jury may find that a defendant has entered into the requisite agreement to violate RICO when the government has proven beyond a reasonable doubt that the defendant agreed with at least one other co-conspirator that at least two racketeering acts of the type or types of racketeering activity listed in the indictment would be committed by a member of the conspiracy in the conduct of the affairs of the enterprise. The government is not required to prove that the defendant personally committed two racketeering acts, or that he agreed to personally commit two racketeering acts. Rather, it is sufficient if the government proves beyond a reasonable doubt that the defendant agreed to participate in the enterprise with the knowledge and intent that at least one member of the RICO conspiracy (who could be, but need not be, the defendant himself) would commit at least two racketeering acts in the conduct of affairs of the enterprise.

Furthermore, to establish the requisite conspiratorial agreement, the government is not required to prove that each co-conspirator explicitly agreed with every other co-conspirator to violate section 1962(c), knew all his fellow conspirators, or was aware of all of the details of the conspiracy. Rather, to establish sufficient knowledge, it is only required that the defendant knew the general nature and common purpose of the conspiracy and that the conspiracy extended beyond his individual role.

Moreover, the elements of a RICO conspiracy, such as the conspiratorial agreement, the defendant's knowledge of it, and the defendant's participation in the conspiracy, may be inferred from circumstantial evidence. For example, when the evidence establishes that the defendant and at least one other conspirator committed several racketeering acts in furtherance of the charged

enterprise's affairs, you may infer the existence of the requisite agreement to commit a RICO offense.[8]  However, you must determine whether, based on the entirety of the evidence, the government has proven that the defendant entered into the required conspiratorial agreement.

Furthermore, it is not necessary that the government prove that a particular defendant was a member of the conspiracy from its beginning. Different persons may become members of the conspiracy at different times.

If you find that there is a conspiracy, you may consider the acts and statements of any other member of the conspiracy during and in the furtherance of the conspiracy as evidence against a defendant whom you have found to be a member of it. When persons enter into a conspiracy, they become agents for each other, so that the act or statement of one conspirator during the existence of, and in furtherance of, the conspiracy is considered the act or statement of all the other conspirators and is evidence against them all.

Moreover, a defendant may be convicted as a conspirator even though he or she plays a minor role in the conspiracy, provided that you find beyond a reasonable doubt that the conspiracy existed and that the defendant knowingly participated in the conspiracy with the intent to accomplish its objective(s) or assist other conspirators in accomplishing its objective(s).

---

[8] See, e.g., United States v. Ashman, 979 F.2d 469, 492 (7th Cir. 1992); United States v. Crockett, 979 F.2d 1204, 1208-09 (7th Cir. 1992); United States v. Carlock, 806 F.2d 535, 547 (5th Cir. 1986); United States v. Melton, 689 F.2d 679, 683 (7th Cir. 1982); United States v. Sutherland, 656 F.2d 1181, 1187 n.4 (5th Cir. 1981); United States v. Elliott, 571 F.2d 880, 903 (5th Cir. 1978).

**AUTHORITY**

2B O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions § 56.11 (6th ed. 2013); Third Circuit Manual of Model Jury Instructions 6.18.1962D (West 2014 ed); Seventh Circuit Pattern Jury Instructions (1999 ed.); Eleventh Circuit Pattern Jury Instructions § 71.2 (2003 ed.); Salinas v. United States, 522 U.S. 52, 62-65 (1997); United States v. Pratt, 728 F.3d 463, 477 (5th Cir. 2013); United States v. Cain, 671 F.3d 271, 291 (2d Cir. 2012); United States v. Mouzone, 687 F.3d 207, 218 (4th Cir. 2012); United States v. Tello, 687 F.3d 785, 792 (7th Cir. 2012); United States v. Applins, 637 F.3d 59, 75 (2d Cir. 2011); United States v. Yannotti, 541 F.3d 112, 122 (2d Cir. 2008); United States v. Lawson, 535 F.3d 434, 445 (6th Cir. 2008); United States v. Useni, 516 F.3d 634, 646 (7th Cir. 2008); United States v. Quinones, 511 F.3d 289, 316 (2d Cir. 2007); United States v. Browne, 505 F.3d 1229, 1265 (11th Cir. 2007); United States v. Smith, 413 F.3d 1253, 1272-73 (10th Cir. 2005); United States v. Saadey, 393 F.3d 669, 676 (6th Cir. 2005); United States v. Pipkins, 378 F.3d 1281, 1288 (11th Cir. 2004); United States v. Lee, 374 F.3d 637, 646-47 (8th Cir. 2004); United States v. Harriston, 329 F.3d 779, 785 (11th Cir. 2003); United States v. Ciccone, 312 F.3d 535, 542 (2d Cir. 2002); United States v. Abbell, 271 F.3d 1286, 1299 (11th Cir. 2001); United States v. Nguyen, 255 F.3d 1335, 1341 (11th Cir. 2001); United States v. Zichettello, 208 F.3d 72, 100 (2d Cir. 2000); United States v. Posada-Rios, 158 F.3d 832, 857 (5th Cir. 1998); United States v. To, 144 F.3d 737, 744 (11th Cir. 1998); United States v. Starrett, 55 F.3d 1525, 1543-44 (11th Cir. 1995); United States v. Quintanilla, 2 F.3d 1469, 1484 (7th Cir. 1993); United States v. Eufrasio, 935 F.2d 553, 577 (3d Cir. 1991); United States v. Rastelli, 870 F.2d 822, 825 (2d Cir. 1989); United States v. Neapolitan, 791 F.2d 489, 498 (7th Cir. 1986); United States v. Elliot, 571 F.2d 880, 903-04 (5th Cir. 1978).

## RACKETEERING ACTIVITY – MAIL FRAUD

### TITLE 18, UNITED STATES CODE, SECTION 1341

The first type of alleged racketeering activity alleged in the indictment is mail fraud.  For you to find that mail fraud was racketeering activity in this case, you must be convinced that the government has proven beyond a reasonable doubt that a defendant agreed that a conspirator, which could include the defendant himself or herself, did or would intentionally commit, or cause, or aid and abet the commission of all of the following:

First, that there was a scheme, substantially as charged in the indictment, to defraud or to obtain money or property by means of false or fraudulent pretenses;

Second, that the scheme to defraud involved the misrepresentation or concealment of a material fact or matter or the scheme to obtain money or property by means of false or fraudulent pretenses involved a false statement, assertion, half-truth or knowing concealment concerning a material fact or matter;

Third, that the conspirator knowingly and willfully participated in this scheme with the intent to defraud; and

Fourth, that for the purpose of executing the scheme or in furtherance of the scheme, the conspirator caused the United States mail to be used, or it was reasonably foreseeable that for the purpose of executing the scheme or in furtherance of the scheme, the United States mail would be used, on or about the date alleged.

A scheme includes any plan, pattern or course of action. It is not necessary that the government prove all of the details alleged in the indictment concerning the precise nature and purpose of the scheme or that the alleged scheme actually succeeded in defrauding anyone. But the government must prove beyond a reasonable doubt that the scheme that a conspirator would or did commit was substantially as charged in the indictment.

The term "defraud" means to deceive another in order to obtain money or property. It includes a scheme to deprive another of the intangible right of honest services.

The term "false or fraudulent pretenses" means any false statements or assertions that were either known to be untrue when made or were made with reckless indifference to their truth and that were made with the intent to defraud. The term includes actual, direct false statements as well as half-truths and the knowing concealment of facts.

A "material" fact or matter is one that has a natural tendency to influence or be capable of influencing the decision of the decision maker to whom it was addressed.

A person acted "knowingly" if he/she was conscious and aware of his/her actions, realized what he/she was doing or what was happening around him/her and did not act because of ignorance, mistake or accident.

An act or failure to act is "willful" if done voluntarily and intentionally, and with the specific intent to do something the law forbids, or with specific intent to fail to do something the law requires to be done; that is to say, with bad purpose either to disobey or to disregard the law.

Thus, if a person acted in good faith, he/she cannot be guilty of the crime. The burden to prove intent, as with all other elements of the crime, rests with the government.

The mailing does not itself have to be essential to the scheme, but it must have been made for the purpose of carrying it out. There is no requirement that a conspirator him/herself was responsible for the mailing, that the mailing itself was fraudulent or that the use of the mail was intended as the specific or exclusive means of accomplishing the alleged fraud. But the government must prove beyond a reasonable doubt that the conspirator knew, or could reasonably have foreseen, that use of the mail would follow in the course of the scheme in furtherance of the scheme or for the purpose of executing the scheme.

## RACKETEERING ACTIVITIES - HONEST SERVICES MAIL OR WIRE FRAUD

### TITLE 18, UNITED STATES CODE, SECTIONS 1341, 1343 AND 1346

Two additional types of racketeering activities that the government alleges a conspirator did or would commit is honest services mail fraud or honest services wire fraud.

Section 1346 of Title 18 of the United States Code make it a crime to use engage in a scheme to defraud, including a scheme to defraud using the mails or interstate wire communications, to deprive another of the intangible right of honest services.

A scheme to defraud another of the intangible right to honest services consists of a scheme to violate a fiduciary duty by bribery or kickbacks.

A doctor owes a fiduciary duty to his or her patients.  This fiduciary duty is a duty to act only for the benefit of the patient, including prescribing a controlled substance to a patient only for a legitimate medical purpose and while the doctor is acting in the usual course of his/her professional practice.

For you to find that honest services fraud was racketeering activity in this case, you must be convinced that the government has proven beyond a reasonable doubt that a defendant agreed that a conspirator, which could include the defendant himself or herself, did or would intentionally commit, or cause, or aid and abet the commission of all of the following:

**Authority**:  Adapted from Pattern Jury Instructions § 4.18.134,  and the following authorities: 21 C.F.R. §1306.04(a) (practitioners may issue prescriptions for controlled substances so long as the prescriptions are issued "for a legitimate medical purpose by an individual practitioner acting in the usual course of his professional practice"); Model Penal Code §224.8(1)(c) (commercial bribery encompasses a person who accepts or agrees to accept any benefit as consideration for knowingly violating or agreeing to violate a duty of fidelity to which he or she is subject as a physician); *United States v. Nayak*, 769 F.3d 978, 979-84 & n.1 (7th Cir. 2014) (evidence

sufficient to convict defendant of honest services mail fraud by scheme to deprive patients of the right to the honest services of their referring physicians); *Thomas v. UBS AG*, 706 F.3d 846, 853 (7th Cir. 2013) (physician owes "fiduciary obligation" to patient that "arises from a gross disparity in knowledge"); *United States v. Snook*, 366 F.3d 439, 447 (7th Cir. 2004) (identifying the doctor-patient relationship as an example of a fiduciary trust relationship); *United States v. Ntshona*, 156 F.3d 318, 321 (2d Cir. 1998) ("We adopt the view of the other circuits presented with this issue and hold that a doctor convicted of using her position to commit Medicare fraud is involved in a fiduciary relationship with her patients and the government and hence is subject to an enhancement under [USSG] § 3B1.3."); *Calvert v. Sharp*, 748 F.2d 861, 863 (4th Cir. 1984) ("[A] physician owes his ethical obligation and undivided loyalty to his patient."); *United States v. Morris*, 2004 WL 1242736, at *1 (S.D.W.V. June 4, 2004) ("A fiduciary relationship exists between a physician and his patients based on the special knowledge a physician has concerning diagnosis and treatment, and thus, a fiduciary relationship exists between Dr. Morris and the Second Known Person."); *United States v. Willis*, 737 F. Supp. 269, 271 (S.D.N.Y. 1990) ("It is difficult to imagine a relationship that requires a higher degree of trust and confidence than the traditional relationship of physician and patient."); *see generally* 61 AM.JUR.2D PHYSICIANS, SURGEONS, ETC. §142 ("the physician-patient relationship is a fiduciary one, based on trust and confidence, and obligating the physician to exercise good faith"); *see also United States v. Scanlon*, 753 F. Supp. 2d 23 (D.D.C. 2010), *aff'd*, 666 F.3d 796 (D.C. Cir. 2012) (holding that the examples provided by the Supreme Court in *Skilling v. United States*, 561 U.S. 358 (2010), of fiduciary relationships did not "represent an exhaustive list of the fiduciary relationships that can support an honest-services fraud prosecution, to the exclusion of other fiduciary relationships such as attorney-client, doctor-patient, or stockbroker-customer").

**<u>Honest Services Mail and Wire Fraud - Scheme or Artifice to Defraud</u>**

The first element that the government must prove is that a defendant agreed that a conspirator, which could include the defendant himself or herself, knowingly devised or participated in a scheme or artifice to defraud patients of the honest services of their doctors through bribes or kickbacks.  A "scheme" is any plan or course of action formed with the intent to accomplish some purpose.  Thus, the government must have proved that a defendant agreed that a conspirator, which could include the defendant himself or herself, devised or participated in a plan or course of action involving bribes or kickbacks given or offered to a doctor or other practitioner.

A person offers a bribe when he or she, directly or indirectly, promises, gives, or offers a doctor anything of value in exchange for the doctor or other practitioner prescribing Subsys to a patient(s).

A person offers a kickback when he or she, directly or indirectly, promises, gives, or offers a doctor or other practitioner something of value in exchange for having prescribed Subsys to a patient(s), and the prescription is the source of the funds to be "kicked back."

The mail and wire fraud statutes can be violated whether or not there is any loss or damage to the victim of the crime or gain to the conspirator.  The government need not prove that the scheme to defraud actually succeeded.

 "Anything of value" includes things possessing intrinsic value, whether tangible or intangible, that the person giving or offering or the person soliciting or receiving considers to be worth something.  This most obviously includes a sum of money.

**Authority**:  Adapted from Pattern Jury Instructions §§ 4.18.1341 and 1343

## Honest Services Mail and Wire Fraud - Intent to Defraud/Deceive

The second element that the government must prove is that a conspirator, which could include the defendant himself or herself, devised or participated in the scheme knowingly and with the specific intent to defraud and deceive.

"Knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently.

An act or failure to act is "willful" if done voluntarily and intentionally, and with the specific intent to deceive, for the purpose of depriving patients of the honest services of their doctors.

Intent or knowledge may not ordinarily be proven directly because there is no way of directly scrutinizing the workings of the human mind.  In determining what a  person knew or intended at a particular time, you may consider any statements made or acts done or omitted by that person and all the other facts and circumstances received in evidence that may aid in your determination of the person's knowledge or intent.  Whether a person acted knowingly and with intent to defraud is a question of fact for you to determine, like any other fact question.  This question involves one's state of mind.  Direct proof of knowledge and intent is almost never available.  It would be a rare case where it could be shown that a person wrote or stated that as of a given time in the past he or she committed an act with an intent to defraud.  Such direct proof is not required.

The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, words, conduct, acts, and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn from them.

**Authority**:  Adapted from Pattern Jury Instructions §§ 4.18.1341 and 1343

## Honest Services Mail and Wire Fraud - Intent –
## Quid Pro Quo Need Not Be Express

As I mentioned to you bribery and kickbacks require the intent to effect an exchange of money or other thing of value for the prescription of Subsys by a doctor, which I referred to as a quid pro quo.  A quid pro quo bribe or kickback does not require evidence of an express agreement between the payor and the doctor or other practitioner or any statements of intent by the parties to prove such an agreement existed.

Indeed, evidence of a corrupt agreement in a bribery/kickback case can be entirely circumstantial, because bribes and kickbacks are seldom accompanied by written contracts, receipts or public declarations of intentions by the parties to them.

Intent can be inferred from a person's conduct. Thus, evidence that a doctor or other practitioner prescribed Subsys which benefitted or favored a person or entity which provided the doctor or other practitioner with things of value may be considered as evidence of the doctor or other practitioner's intent to prescribe Subsys to patients in return for those things of value.

**Authority**:  Adapted from Pattern Jury Instructions §§ 4.18.1341 and 1343

**Honest Services Mail and Wire Fraud - Materiality**

The third element that the government must prove is that the scheme or artifice to defraud involved a material misrepresentation, false statement, false pretense, or concealment of fact.  A representation, statement, false pretense, or omission is "material" if it has a natural tendency to influence or is capable of influencing a decision or action by patients of a doctor.

**Authority**:  Adapted from Pattern Jury Instructions §§ 4.18.1341 and 1343

## **Honest Services Mail Fraud - Use of the Mails**

Honest Services Mail Fraud and Honest Services Wire Fraud Mail fraud are similar.  The fourth and final element final element for these charges are different.  Honest services mail fraud is a scheme to defraud using the mails.  The final element that the government must establish to prove honest services mail fraud is that one or more defendants would or did receive something in the mail or by private or commercial interstate carrier or cause something to be mailed or sent in an attempt to carry out the scheme.

The mailing does not itself have to be essential to the scheme, but it must have been made for the purpose of carrying it out.  There is no requirement that a conspirator himself or herself was responsible for the mailing, that the mailing itself was fraudulent or that the use of the mail was intended as the specific or exclusive means of accomplishing the alleged fraud.  But the government must prove beyond a reasonable doubt that a conspirator knew, or could reasonably have foreseen, that use of the mail would follow in the course of the scheme in furtherance of the scheme or for the purpose of executing the scheme.

**Authority**:  Adapted from Pattern Jury Instruction § 4.18.1341

**Honest Services Wire Fraud - Use of the Wires**

Wire fraud is a scheme to defraud using wire communications.  The final element that the government must establish to prove the honest services wire fraud that one or more defendant would or did transmit or cause to be transmitted by interstate wire a communication for the purpose of executing the scheme or artifice.  The phrase "transmits by means of wire communication in interstate commerce" means to send information across state lines by means of telephone or telegraph lines.  It includes email and the electronic transfer of funds, as long as the communication or transmission of information is between states.

The wire communication does not itself have to be essential to the scheme, but it must have been made for the purpose of carrying it out.  There is no requirement that the conspirator was responsible for the wire communication, that the wire communication itself was fraudulent or that the use of wire communications facilities in interstate commerce was intended as the specific or exclusive means of accomplishing the alleged fraud.  But the government must prove beyond a reasonable doubt that the conspirator knew, or could reasonably have foreseen, that use of a wire communication would follow in the course of the scheme.

**Authority**:  Adapted from Pattern Jury Instructions § 4.18.1343

# RACKETEERING ACTIVITY - MULTIPLE ACTS IN VIOLATION OF CONTROLLED SUBSTANCES ACT

## TITLE 21, UNITED STATES CODE, SECTION 841(a)(1)

The indictment also alleges that the racketeering activity included multiple acts indictable under the Controlled Substances Act.

Section 841(a)(1) of Title 21 of the United States Code make it a crime to distribute a controlled substance, and that crime includes the distribution of a controlled substance by a doctor or other practitioner other than for a legitimate medical purpose and outside the usual course of professional practice.

For you to find that multiple acts indictable under the Controlled Substances Act was racketeering activity in this case, you must be convinced that the government has proven beyond a reasonable doubt that a defendant agreed that a conspirator, which could include the defendant himself or herself, did or would intentionally commit, or cause, or aid and abet the commission of all of the following:

> First, that a doctor or other practitioner would or did distribute a mixture or substance containing a controlled substance, or provided a prescription for a mixture or substance containing a controlled substance;

> Second, that the doctor or other practitioner would or did distribute a mixture or substance containing a controlled substance, or provided a prescription for a mixture or substance containing a controlled substance knowingly or intentionally; and

> Third, that the doctor or other practitioner would or did intentionally distribute the controlled substance, or provided a prescription for the controlled substance, other than for a legitimate medical purpose and outside the usual course of professional practice.

**Authority**: Adapted from Pattern Jury Instructions, Instruction No. 4.21.841(a)(1)(B); *United States v. Moore*, 423 U.S. 122, 142-43 (1975); *United States v. Hooker*, 541 F.2d 300, 305 (1st Cir. 1976).

## **DISTRIBUTION DEFINED**

As you have seen and heard, the government has not alleged that the doctor or other practitioner distributed controlled substances directly; rather, the government has alleged that those doctors or other practitioners, who were licensed, wrote prescriptions for controlled substances to be filled at a pharmacy and provided them to individuals other than for a legitimate medical purpose and outside the usual course of professional practice.

I instruct you as a matter of law that a doctor or other practitioner who gives someone a prescription for a controlled substance other than for a legitimate medical purpose and outside the usual course of professional practice has "distributed" a controlled substance within the meaning of the Controlled Substances Act.

**Authority**: Adapted from *United States v. Badia*, 490 F.2d 296, 298299 (1st Cir. 1973) (drawing distinction between the terms "distribute" and "dispense" and finding that the former—not the latter—applies to medical practitioners providing prescriptions other than for a legitimate medical purpose and outside the usual course of professional practice); *see also generally United States v. Chube II*, 538 F.3d 693, 69899 (7th Cir. 2008) (explaining that a medical practitioner may be convicted of violating § 841 for proscribing controlled substances outside the course of medical practice); L.B. Sand, Modern Federal Jury Instructions: Criminal, ¶ 5616 (2013).

## CONTROLLED SUBSTANCES DEFINED

The controlled substances that a co-conspirator is alleged to have distributed and agreed to distribute is fentanyl or analogues of fentanyl.  You are instructed that, as a matter of law, fentanyl or analogues of fentanyl, is/are a controlled substances.

**Authority**: 21 U.S.C. § 812(b)(6); 21 C.F.R. § 1308.12(c)(2)).

## **LEGITIMATE MEDICAL PURPOSE/OUTSIDE THE USUAL COURSE OF PROFESSIONAL PRACTICE — GOOD FAITH**

To violate the Controlled Substances Act, the doctor or practitioner must have intentionally distributed, or agreed to distribute a controlled substance, or provided a prescription for the controlled substance, other than for a legitimate medical purpose and outside the usual course of professional practice.

A doctor or practitioner's "good faith" generally is relevant to a jury's determination of whether he or she acted outside the bounds of accepted medical practice or without a legitimate medical purpose. Accordingly, a doctor or practitioner cannot be found to have violated the Controlled Substances Act if he/she merely made an honest effort to prescribe in compliance with an accepted standard of medical practice. Good faith in this context is an objective rather than subjective standard, meaning that good faith is not merely a doctor or practitioner's sincere intention towards the people who come to see him/her, but, rather, it involves his/her sincerity in attempting to conduct himself/herself in accordance with a standard of medical practice generally recognized and accepted in the country. In other words, good faith means that the doctor or practitioner acted in accord with what he/she should have reasonably believed to be proper medical practice.

Furthermore, the existence of legitimate medical problems does not compel a finding that a doctor prescribed medications in good faith. Accordingly, even if a patient has numerous physical ailments, the doctor may still be guilty of prescribing medications outside the scope of a legitimate medical practice.

**Authority**: Adapted from *United States v. Boccone*, 556  Fed. App'x 215, 227-35 (4th Cir. 2014); *United States v. MacKay*, 715 F.3d 807, 823 (10th Cir. 2013) ("Even assuming each patient had pain, a doctor may still prescribed medications without a legitimate medical purpose."); *United States v. Wexler*, 522 F.3d 194, 205 (2d Cir. 2008) ("a jury must be informed that the drug has been legally dispensed if the physician had a good faith belief, based on a standard of objective reasonableness, that his prescription was for a legitimate medical purpose and in accord with the usual course of generally accepted medical practice"; a "good intentions" instruction "may very well contradict the objective standard of reasonableness required for a finding of good faith") (emphasis added) (internal quotations omitted); *United States v. Merrill*, 513 F.3d 1293, 1306 (11th Cir. 2008) (rejecting "a good faith instruction focusing on the physician's subjective intent" because it "fails to introduce any objective standard by which a physician's prescribing behavior can be judged") (internal quotation omitted); *United States v. Hurwitz*, 459 F.3d 463, 478, 480 (4th Cir. 2006) (noting that good faith could not be applied subjectively and that the practitioner was still confined by "authorized medical practice within accepted limits"); *United States v. Smith*, 573 F.3d 639, 648 (8th Cir. 2009) (judging good faith by a subjective standard would inappropriately "allow an individual doctor to define the parameters of his or her practice and effectively shield the practitioner from criminal liability ....")

## RACKETEERING ACTIVITY – WIRE FRAUD

### TITLE 18, UNITED STATES CODE, SECTION 1343

Another type of racketeering activity that the government alleges a conspirator did or would commit is Wire Fraud in violation of 18 U.S.C. § 1343.  For you to find that wire fraud was racketeering activity in this case, you must be convinced that the government has proven beyond a reasonable doubt that a defendant agreed that a conspirator, which could include the defendant himself or herself, did or would intentionally commit, or cause, or aid and abet the commission of all of the following:

First, that there was a scheme, substantially as charged in the indictment, to defraud or to obtain money or property by means of false or fraudulent pretenses;

Second, that the scheme to defraud did or would involve the misrepresentation or concealment of a material fact or matter, or the scheme to obtain money or property by means of false or fraudulent pretenses involved a false statement, assertion, half-truth or knowing concealment concerning a material fact or matter;

Third, that the conspirator did or would knowingly and willfully participate in this scheme with the intent to defraud; and

Fourth, that for the purpose of executing the scheme or in furtherance of the scheme, the conspirator did or would cause an interstate [or foreign] wire communication to be used, or it was reasonably foreseeable that for the purpose of executing the scheme or in furtherance of the scheme, an interstate [or foreign] wire communication would be used, on or about the date alleged.

I have already defined the terms scheme, defraud, false or fraudulent pretenses, material fact, knowingly, and willfully.

An "interstate wire communication" includes a telephone communication from one state to another.  The term also includes an e-mail transmission or other internet communication.  The wire communication does not itself have to be essential to the scheme, but it must have been made for the purpose of carrying it out. There is no requirement that the conspirator [him/herself]

was responsible for the wire communication, that the wire communication itself was fraudulent or that the use of wire communications facilities in interstate commerce was intended as the specific or exclusive means of accomplishing the alleged fraud. But the government must prove beyond a reasonable doubt that the conspirator knew, or could reasonably have foreseen, that use of a wire communication would follow in the course of the scheme.

Phone calls designed to lull a victim into a false sense of security, postpone injuries or complaints or make the transaction less suspect are phone calls in furtherance of a scheme to defraud.

## **CONSPIRACY—TIME PERIOD**

In determining whether the defendants conspired as charged, you need not find that the conspiracy existed during the entire period charged.  It is sufficient that you find that the conspiracy was in existence for any period of time which included the period alleged in the Indictment, and that the defendants was a member of the conspiracy during that period.

## ACTS AND DECLARATIONS OF CO-CONSPIRATORS

I have admitted into evidence against the defendants the acts and statements of others because these acts and statements were committed by persons who, the government charges, were also confederates or co-conspirators of the defendants on trial.

The reason for allowing this evidence to be received against the defendants has to do with the nature of the crime of conspiracy.  A conspiracy is often referred to as a partnership in crime. Thus, as in other types of partnerships, when people enter into a conspiracy to accomplish an unlawful end, each member becomes an agent for the other conspirators in carrying out the conspiracy.

Accordingly, the reasonably foreseeable acts, declarations, statements, and omissions of any member of the conspiracy and in furtherance of the common purpose of the conspiracy are deemed, under the law, to be the acts of all of the members, and all of the members are responsible for such acts, declarations, statements, and omissions.

In you find, beyond a reasonable doubt, that a defendant was a member of a conspiracy charged in the indictment, then any acts done or statements made in furtherance of the conspiracy by persons also found by you to have been members of that conspiracy may be considered against that defendants.  This is so even if such acts were done and statements were made in the defendants' absence and without his knowledge.

However, before you may consider the statements or acts of a co-conspirator in deciding the issue of the defendants' guilt, you must first determine that the acts and statements were made during the existence, and in furtherance, of the unlawful scheme. If the acts were done or the statements made by someone whom you do not find to have been a member of the conspiracy

71

or if they were not done or said in furtherance of the conspiracy, then they may not be considered by you as evidence against the defendants.

The defendants are charged in Count One with participating in a racketeering conspiracy.

1 L. Sand, et al., Modern Federal Jury Instructions - Criminal, Inst. 19-9 (2007);
United States v. Cintolo, 818 F.2d 980, 997-98 (1st Cir. 1987).

## CONSPIRACY—SILENT UNDERSTANDING

In order to establish the existence of a conspiracy, the government need not show that the conspirators entered into any express agreement or formal agreement. It is not necessary to show that the conspirators directly, by spoken or written words, stated among themselves exactly what their object or purpose was, or exactly what the details of the scheme were, or exactly what means they would adopt to achieve their goals. Indeed, it would be extraordinary if there were or had been such formal meeting, or documents, or even a specific oral agreement. A conspiracy is, by its very nature, usually secret in its origin and its execution. It is sufficient if the government demonstrates conduct evidencing a silent understanding to share a purpose to violate the law.

United States v. Paramount Pictures, Inc., 334 U.S. 131, 142 (1948);
United States v. Rivera-Santiago, 872 F.2d 1073, 1079 (1st Cir. 1989);
United States v. Addonizio, 451 F.2d 49, 74 (3d Cir. 1971);
United States v. Palladino, 203 F. Supp. 35, 37-38 (D. Mass. 1962).

## **CONSPIRACY—CIRCUMSTANTIAL EVIDENCE OF AGREEMENT**

Because a conspiracy by its very nature is often secret, neither the existence of the agreement, nor the fact of a defendant's participation in it, must be proved by direct evidence; both may be inferred from the development and course of the dealings between the defendants and the other alleged conspirators.

United States v. Rivera-Santiago, 872 F.2d 1073, 1079 (1st Cir. 1989);
United States v. Stubbert, 655 F.2d 453, 456 (1st Cir. 1981);
United States v. Hathaway, 534 F.2d 386, 400-401, (1st Cir. 1976);
United States v. Guerro, 693 F.2d 10, 12 (1st Cir. 1982);
United States v. Patterson, 644 F.2d 890, 893 (1st Cir. 1981);
United States v. Nardi, 633 F.2d 972 (1st Cir. 1980).

## **FOREPERSON'S ROLE; UNANIMITY**

I come now to the last part of the instructions, the rules for your deliberations.

When you retire you will discuss the case with the other jurors to reach agreement if you can do so.  You shall permit your foreperson to preside over your deliberations, and your foreperson will speak for you here in court.  Your verdict must be unanimous.

First Circuit Pattern Jury Instruction (Criminal) Inst. 6.01 (1998).

## **CONSIDERATION OF EVIDENCE**

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions.  However, nothing that I have said or done is intended to suggest what your verdict should be -- that is entirely for you to decide.

First Circuit Pattern Jury Instruction (Criminal) Inst. 6.02 (1998).

## **REACHING AGREEMENT**

Each of you must decide the case for yourself, but you should do so only after considering all the evidence, discussing it fully with the other jurors, and listening to the views of the other jurors.

Do not be afraid to change your opinion if you think you are wrong.  But do not come to a decision simply because other jurors think it is right.

This case has taken time and effort to prepare and try.  There is no reason to think it could be better tried or that another jury is better qualified to decide it.  It is important therefore that you reach a verdict if you can do so conscientiously.  If it looks at some point as if you may have difficulty in reaching a unanimous verdict, and if the greater number of you are agreed on a verdict, the jurors in both the majority and the minority should reexamine their positions to see whether they have given careful consideration and sufficient weight to the evidence that has favorably impressed the jurors who disagree with them.  You should not hesitate to reconsider your views from time to time and to change them if you are persuaded that this is appropriate.

It is important that you attempt to return a verdict, but of course, only if each of you can do so after having made your own conscientious determination.  Do not surrender an honest conviction as to the weight and effect of the evidence simply to reach a verdict.

First Circuit Pattern Jury Instruction (Criminal) Inst. 6.03 (1998).

## **<u>RETURN OF VERDICT FORM</u>**

I want to read to you now what is called the verdict form.  This is simply the written notice of the decision you will reach in this case.

### **[Read verdict form]**

After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it, and advise the jury officer outside your door that you are ready to return to the courtroom.

After you return to the courtroom, your foreperson will deliver the completed verdict form as directed in open court.

<u>First Circuit Pattern Jury Instruction</u> (Criminal) Inst. 6.04 (1998).

## <u>COMMUNICATION WITH THE COURT</u>

If it becomes necessary during your deliberations to communicate with me, you may send a note through the jury officer signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me on anything concerning the case except by a signed writing, and I will communicate with any member of the jury on anything concerning the case only in writing, or orally here in open court.  If you send out a question, I will consult with the parties as promptly as possible before answering it, which may take some time.  You may continue with your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone -- including me -- how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.

<u>First Circuit Pattern Jury Instruction</u> (Criminal) Inst. 6.05 (1998).