UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | |
| | * | |
| MICHAEL L. BABICH, ALEC BURLAKOFF, MICHAEL J. GURRY, RICHARD M. SIMON, SUNRISE LEE, JOSEPH A. ROWAN, and JOHN KAPOOR, | * * * * * | Criminal Action No. 16-cr-10343-ADB |
| | * | |
| Defendants. | * | |

### ORDER REGARDING THE GOVERNMENT'S MOTION FOR SANCTIONS

BURROUGHS, D.J.

Before the Court is a motion by the Government to sanction defense counsel for Defendant John Kapoor for statements made to the news media on November 28, 2018, order defense counsel to comply with Local Rule 83.2.1, and preclude additional violations of that rule or the Court's Protective Orders.  [ECF No. 549].  For the reasons discussed below, the Court DENIES the motion for sanctions and ORDERS that extrajudicial statements by the Government and defense counsel are hereby restricted as set forth herein.

Local Rule 83.2.1 governs the release of information by attorneys at various stages of litigation.  It provides that:

> No lawyer shall release or authorize the release of information or opinion which a reasonable person would expect to be disseminated by means of public communication, in connection with pending or imminent criminal litigation with which the lawyer is associated, if there is a reasonable likelihood that such dissemination will interfere with a fair trial or otherwise prejudice the due administration of justice.

L.R. 83.2.1(a).  Further, during the pendency of a criminal case "until the commencement of trial," Local Rule 83.2.1 prohibits any lawyer associated with the prosecution or the defense from making or authorizing any extrajudicial statement relating to that matter and concerning,

*inter alia*, the "character or reputation of the accused," the "identity, testimony, or credibility of prospective witnesses," and "[a]ny opinion as to the accused's guilt or innocence as to the merits of the case or the evidence in the case." L.R. 83.2.1(c). In addition, Local Rule 83.2.2 authorizes this Court to, on its own motion, "issue a special order governing such matters as . . . extrajudicial statements by parties and witnesses that are likely to interfere with the rights of the accused or the litigants to a fair trial by an impartial jury" in a "widely publicized" criminal case such as this. L.R. 83.2.2.

Here, the Government asserts that defense counsel for Defendant Kapoor violated Local Rule 83.2.1 and this Court's Protective Orders by making statements to the news media following the guilty plea of Defendant Alec Burlakoff that were "designed to negatively impact the prospective jury venire." [See ECF No. 549]. In response, counsel defends her actions by arguing that her statements concerned non-confidential factual information and were made to counteract the "false narrative" perpetuated by the Government in its public pronouncements about this case. [See ECF No. 553].

The Court finds that counsel for both parties have made improper remarks in public statements concerning this case that have run afoul of Local Rule 83.2.1, and that there is a substantial likelihood that comments from counsel might taint the jury pool or otherwise threaten the Defendants' right to a fair trial. This Court has "an affirmative constitutional duty to minimize the effects of prejudicial pretrial publicity." Gannett Co. v. DePasquale, 443 U.S. 368, 378 (1979); see also Chandler v. Florida, 449 U.S. 560, 574 (1981) ("Trial courts must be especially vigilant to guard against any impairment of the defendant's right to a verdict based solely upon the evidence and the relevant law."); United States v. Brown, 218 F.3d 415, 423–24 (5th Cir. 2000) ("The vigilance of trial courts against the prejudicial effects of pretrial publicity

2

also protects the interest of the public and the state in the fair administration of criminal justice."). Both the Government and defense counsel have demonstrated that the potential for gratuitous and inflammatory publicity requires this Court to exercise its authority under Local Rule 83.2.2 and its duty to protect the Defendants' constitutional rights to a fair trial by limiting extrajudicial statements by the Government and defense counsel beyond those proscribed by Local Rule 83.2.1.

Accordingly, the Court hereby <u>ORDERS</u> that, until the final determination of this case at trial, all prosecutors (including representatives of the U.S. Attorney's Office and the Department of Justice not appearing in this case) and counsel for the defense (including their agents and employees), shall not make or issue any extrajudicial statement, written or oral, to any member of the news media relating to this case which could interfere with a fair trial, including but not limited to statements regarding the jury or potential jurors in this case, the merits, the evidence, witnesses, or rulings of this Court, with exceptions for matters of public record and assertions of innocence. The Court takes no steps which proscribe the news media from reporting events that transpire in the Courtroom.

At this time, the Court finds that this restriction on extrajudicial statements is the least restrictive corrective measure available to ensure a fair trial. Although this Court has the power to impose sanctions on the Government and defense counsel for statements made in violation of Local Rule 83.2.1, the Court chooses not to do so at this time. Instead, Counsel are put on notice that any violation of this Order may result in a finding of contempt and/or the imposition of sanctions.

**SO ORDERED.**

December 17, 2018                                                     /s/ Allison D. Burroughs
                                                                      ALLISON D. BURROUGHS
                                                                      U.S. DISTRICT JUDGE