UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL NO.  16-10343-ADB |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL L. BABICH, ET. Al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**UNITED STATES' OPPOSITION TO DEFENDANTS' MOTION FOR A PRETRIAL HEARING TO DETERMINE THE ADMISSIBILITY OF HEARSAY STATEMENTS UNDER *PETROZZIELLO***

The United States of America hereby opposes the defendants' Motion For A Pretrial Hearing To Determine The Admissibility Of Hearsay Statements Under Petrozziello (ECF 625) [hereinafter "the Motion"]. As grounds for this opposition, the government submits that the Defendants' request conflicts with binding First Circuit precedent, which has long held that pretrial evidentiary hearings on the admissibility of co-conspirator statements are disfavored. Indeed, the Defendants do not cite a single case in which the First Circuit has *required* such a pretrial evidentiary hearing to be held. Second, the evidence presented at this trial will satisfy the foundational requirements of Federal Rule of Evidence 801(d)(2)(E) with respect to the Defendants and the conspiracy charged in this case. Specifically, the evidence will show that defendants Kapoor, Gurry, Simon, Rowan, and Lee, conspired to violate the Racketeering Influenced and Corrupt Organizations Act ("RICO") by knowingly joining a conspiracy, the objective of which was to operate an enterprise—Insys—through a pattern of racketeering activity consisting of multiple acts including (1) mail fraud, (2) honest services mail fraud, (3) offenses involving the distribution of controlled substances, (4) wire fraud, and (5) honest services wire fraud, all in violation of 18 U.S.C. §1962(d).  Last, in addition to FRE 801(d)(2)(E),

most of the emails in this case are also admissible under FRE 801(d)(2)(D), as statements made within the scope of an agency relationship.

## ARGUMENT

A. The First Circuit Has Long Held that Pretrial Petrozziello Hearings are Disfavored.

Federal Rule of Evidence 801(d)(2)(E) permits the introduction of a statement offered against a party if the statement is made "by the party's coconspirator during and in furtherance of the conspiracy." Id. "The proponent of the statement bears the burden of establishing, by a preponderance of the evidence, that a conspiracy embracing both the declarant and the defendant existed, and that the declarant uttered the statement during and in furtherance of the conspiracy." United States v. Bradshaw, 281 F.3d 278, 283 (1st Cir. 2002) (citing United States v. Sepulveda, 15 F.3d 1161, 1180 (1st Cir. 1993)). In this circuit, this determination is known as a Petrozziello ruling based on the holding in United States v. Petrozziello, 548 F.2d 20 (1st Cir. 1977).

In Petrozziello, the First Circuit "constructed a model for the handling" of evidence proffered under Rule 801(d)(2)(E). Bradshaw, 281 F.3d at 283 (citing United States v. Ciampaglia, 628 F.2d 632, 638 (1st Cir. 1980). Specifically, the First Circuit held that the trial court should conditionally admit the alleged coconspirator statements and wait until the close of the evidence before ruling on its admissibility. Id. In several cases, the Court has gone so far as to require district courts to follow the Petrozziello procedure. See United States v. Rivera-Donate, 682 F.3d 120, 131 (1st Cir. 2012) (holding that "[a] district court faced with a challenge to the admission of a coconspirator's statement *must* provisionally admit the statement") (emphasis added); United States v. Diaz, 670 F.3d 332, 348 (1st Cir. 2012) (same); United States v. Vazquez-Botet, 532 F.3d 37, 65 (1st Cir. 2008) ("Our case law *instructs* district courts faced with a challenge to the admission of a coconspirator hearsay statement to admit the statement provisionally and wait until

the end of trial to consider four factors in light of all the evidence….") (emphasis added); United States v. Ortiz, 966 F.2d 707, 715 (1st Cir. 1992) (holding that First Circuit precedent "*requires* that the district court make its Petrozziello determination at the close of all the evidence") (emphasis added).  If the district court concludes "that the provisionally admitted evidence does not satisfy the applicable standard, it must 'give a cautionary instruction to the jury, or, upon an appropriate motion, declare a mistrial if the instruction will not suffice to cure any prejudice.'" Bradshaw, 281 F.3d at 283 (citing Ciampaglia, 628 F.2d at 638).

In their Motion, the Defendants ask this Court to ignore this long-held Petrozziello precedent citing United States v. Bernal, 884 F.2d 1518, 1522 (1st Cir. 1989).  The Bernal case, however, merely stands for the proposition that in 1989 a sidebar offer of proof before trial, together with the record of evidence, was sufficient on appeal to satisfy the requirements of Petrozziello and tis progeny.  Left unstated in their Motion, however, is that the First Circuit has specifically held that "[t]he usual course in this circuit … is to admit the hearsay evidence provisionally, subject to a final Petrozziello determination, which should be made at the close of all the evidence and out of hearing of the jury." United States v. Baltas, 236 F.3d 27, 35 (1st Cir. 2001) (internal quotations omitted); see also United States v. Isabel, 945 F.2d 1193, 1198-99 (1st Cir. 1991) ("Appellants contend that the district court erroneously refused to conduct a pre-trial hearing on the admissibility of certain alleged coconspirator statements.  Their contention is simply incorrect.").  "[A]s a general rule, such a [pretrial] hearing, unlike a pretrial suppression hearing, would unnecessarily lengthen the proceedings.  Evidentiary questions are grist for the mill of district court judges and, except in rare instances, can be handled competently in the trial context.*"* United States v. Medina, 761 F.2d 12, 17 (1st Cir. 1985).  As Judge Tauro explained almost forty years ago in a different context:

> Requesting this court to make a ruling on admissibility contingent with the government satisfying its offer of proof is little less than asking for an advisory opinion based on a hypothetical set of facts not yet established by the evidence presented before a jury. The avoidance of such an academic exercise is itself good cause for a deferral.

United States v. Barletta, 500 F. Supp. 739, 743 (D. Mass. 1980).

B.  Statements Amongst the Defendants and Co-Conspirators are Not Hearsay

As described above, a Petrozziello ruling generally has two stages at trial. First, "the trial court is not required to decide the Petrozziello question prior to admitting hearsay statements under Rule 801(d)(2)(E), but may admit the statements provisionally, subject to its final Petrozziello determination at the close of all evidence." United States v. Capelton, 350 F.3d 231, 241 (1st Cir. 2003); see also United States v. Newton, 326 F.3d 253, 257 (1st Cir. 2003). Then, at the close of all evidence, the trial court may weigh all the available evidence, including the content of the offered coconspirator statements, to make a final determination of admissibility. Id. The trial court's Petrozziello ruling will be upheld on appeal unless it was clearly erroneous. United States v. Thompson, 449 F.3d 267, 273 (1st Cir. 2006).

In this case, there will be abundant evidence to support the requisite showing. The government will call multiple former Insys executives and employees who will testify that the conspiracy was endemic within Insys, that the Defendants led that conspiracy, and that the co-conspirator practitioners joined the conspiracy. As the Court is aware, Alec Burlakoff a former named Defendant has plead guilty to the SSI. Further, Michael Babich, while pleading to different charges, plead to a company-wide conspiracy to commit multiple crimes alleged as predicate acts in the SSI.

As such, emails and statements amongst the Defendants and their co-conspirators will satisfy the requirements of United States v. Petrozziello, 548 F.2d 20 (1st Cir. 1977) and its progeny.

C. Emails Amongst Insys Employees Are Not Hearsay Pursuant to Rule 801(d)(2)(D).

Defendants Motion also ignores that most of the emails in this case are admissible under FRE 801(d)(2)(D) because they were made by agents of the Defendants and the company. It is well settled that party moving to admit statements under Rule 801(d)(2)(D) must establish, by a preponderance of the evidence, "(1) that an agency relationship existed; (2) that the statements were made during the course of the relationship; and (3) that the statements relate to matters within the scope of the agency." Gomez v. Rivera Rodriguez, 344 F.3d 103, 116 (1st Cir. 2003), citing Larch v. Mansfield Mun. Elec. Dep't, 272 F.3d 63, 72 (1st Cir. 2001). Terms such as "agent" or "servant" are undefined by the Rules, but "federal courts have adopted and applied the traditional meanings of those terms as reflected in the federal common law of agency." Id., citing City of Tuscaloosa v. Harcros Chems., Inc., 158 F.3d 548, 557 n.9 (11th Cir. 1998); Lippay v. Christos, 996 F.2d 1490, 1497 (3d Cir. 1993). "An agency relationship must be shown to exist by independent evidence before out-of-court statements by a purported agent can be deemed admissions by a party opponent." Id., citing Mackey v. Burke, 751 F.2d 322, 326 n. 3 (10th Cir. 1984); United States v. Portsmouth Paving Corp., 694 F.2d 312, 321 (4th Cir. 1982).

"An agency relationship between an employee declarant and a defendant employer may be established by a variety of evidence, such as evidence that the declarant is directly responsible to the defendant; that the declarant reports directly to the defendant who owns an overwhelming majority of stock in the company; that the declarant was hired by the defendant and worked on matters in which the defendant was actively involved; or that the defendant "directed [the

declarant's] work on a continuing basis." United States v. Agne, 214 F.3d 47, 55 (1st Cir. 2000) (internal citations omitted).  See, e.g., Ferring Pharm., Inc. v. Braintree Labs, Inc., No. 13-12553-NMG, 2016 WL 6078287 at *3 (D. Mass. Oct. 14, 2016) ("the statements . . . include emails from various Ferring employees, such as sales representatives, the national sales director, the director of business intelligence and medical science liaisons. The declaration also refers to Ferring's internal updates, presentations and reports.  These are statements by Ferring's employees made in the course of their employment and are thus excluded from the hearsay rule").

The government expects to present evidence at trial that (1) numerous witness were employees of Insys Therapeutics who were directly managed by the Defendants, and therefore agents of the Defendants; (2) that those employees made statements, including those found in the government's email exhibits, during the course of their employment; and (3) that the statements relate to matters within the scope of their employment at Insys.  More importantly, there will be evidence that the employees who made the statements were not rogues, but were acting within the scope of their employment with the Defendants' knowledge.

As such, emails amongst Insys employees are admissible under Rule 801(d)(2)(D).

[Space intentionally left blank]

## **CONCLUSION**

WHEREFORE, the United States respectfully requests the Motion be denied.

                                            ANDREW E. LELLING
                                            United States Attorney

Dated: January 15, 2019        By:    /s/ *K. Nathaniel Yeager*
                                            K. NATHANIEL YEAGER (BBO # 630992)
                                           DAVID G. LAZARUS (BBO #624907 )
                                           FRED WYSHAK, JR. (BBO #535940)
                                           Assistant U.S. Attorneys
                                           One Courthouse Way, Ste. 9200
                                           Boston, MA 02210
                                           (617) 748-3100
                                           david.lazarus2@usdoj.gov
                                           nathaniel.yeager@usdoj.gov
                                           fred.wyshak@usdoj.gov

## **Certificate of Service**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                                            /s/ *K. Nathaniel Yeager*
Dated: January 15, 2019                       Assistant U.S. Attorney