UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | |
| | * | |
| MICHAEL J. GURRY, RICHARD M. | * | Criminal Action No. 16-cr-10343-ADB |
| SIMON, SUNRISE LEE, JOSEPH A. | * | |
| ROWAN, and JOHN KAPOOR, | * | |
| | * | |
| Defendants. | * | |

**MEMORANDUM AND ORDER ON DEFENDANTS' MOTION TO DISMISS THE
SECOND SUPERSEDING INDICTMENT**

BURROUGHS, D.J.

On September 11, 2018, a grand jury returned the Second Superseding Indictment

("SSI") against remaining Defendants Michael Gurry, Richard Simon, Sunrise Lee, Joseph

Rowan, and John Kapoor, charging them with engaging in a racketeering conspiracy in violation

of 18 U.S.C. § 1962(d).  [ECF No. 419].  On October 31, 2018, Defendants moved to dismiss the

SSI pursuant to Federal Rules of Criminal Procedure 7(c) and 12(b)(3)(B).  [ECF No. 513].  The

Government filed its opposition to the motion on November 14, 2018, and Defendants filed a

reply memorandum on November 27, 2018.  [ECF Nos. 532, 540].  For the reasons stated below,

the motion is DENIED.

I.    **BACKGROUND**

The following allegations are drawn from the SSI.  [ECF No. 419].  Defendants held

executive management positions at Insys Therapeutics, Incorporated ("Insys"), a pharmaceutical

company that manufactured, marketed, and sold a fentanyl spray called Subsys.  [ECF No. 419

¶¶ 16–22].  The SSI alleges that Insys constitutes the enterprise underlying the RICO conspiracy.

[Id. ¶ 1].  It further alleges that from about May 2012 through about December 2015, Defendants

and their co-conspirators sought to increase profits for the enterprise and for themselves by conducting the affairs of the enterprise including through bribes, fraud, and the illicit distribution of Subsys.  [Id. ¶¶ 23, 26].  The RICO predicates alleged are mail fraud, wire fraud, honest services fraud, and violations of the Controlled Substances Act ("CSA").  [Id. ¶ 24]. Specifically, the SSI alleges that the Defendants bribed and provided kickbacks to some practitioners in exchange for the practitioners prescribing more and increasing the dosage and number of units of Subsys for new and existing prescriptions.  [Id. ¶ 27].  In some cases, Defendants expressly required practitioners to write a minimum number of prescriptions, at a minimum dosage, or for a minimum number of units, in order to continue receiving bribes and kickbacks.  [Id. ¶ 28].  The bribes and kickbacks took multiple forms, including being disguised as honoraria purportedly for practitioners' participation in educational events regarding the use of Subsys, paying the salaries of members of the office staff for certain targeted practitioners, and providing Insys employees to perform administrative tasks that the practitioners would otherwise have had to pay someone else to perform.  [Id. ¶¶ 29, 46, 48, 54–55].

In addition, the SSI alleges that the Defendants, including the five still scheduled for trial, and other co-conspirators instructed Insys employees to make false and misleading representations and omissions to insurers in order to secure payment for Subsys prescriptions. [Id. ¶ 63].  The SSI further claims that, in order to increase the rate of payment authorizations for Subsys prescriptions, Defendants Kapoor, Gurry, and other co-conspirators created a special unit within Insys that was dedicated to obtaining prior authorizations for Subsys from insurers.  [Id. ¶ 64].  At the direction of Defendants Kapoor, Gurry, and other co-conspirators, employees of this unit made false and misleading representations to insurers about patient diagnoses, including

about the type of pain being treated and the patients' prior course of treatment with other medications, to secure payment authorizations.  [Id.].

The SSI also alleges that Defendants Kapoor, Simon, Lee, and Rowan engaged in conduct to prevent the detection of their illegal activities by the DEA and others, including by having Subsys shipped directly to pharmacies to reduce the possibility of wholesalers reporting suspicious activity to the DEA.  [Id. ¶¶ 71–72].

In the motion presently before the Court, Defendants assert that the SSI should be dismissed because it fails to properly charge a violation of the RICO statute.

## II.     STANDARD OF REVIEW

Federal Rule of Criminal Procedure 12(b)(3) allows a defendant to make a pretrial motion challenging a defective indictment.  "An indictment is legally sufficient if it 'first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense.'"  United States v. Laureano-Perez, 797 F.3d 45, 60 (1st Cir. 2015) (citations omitted); see also Fed. R. Crim. P. 7(c) (requiring a "plain, concise and definite written statement of the essential facts constituting the offense charged").  "[T]he indictment may use the statutory language to describe the offense, but it must also be accompanied by such a statement of facts and circumstances as to inform the accused of the specific offense with which he is charged."  United States v. Savarese, 686 F.3d 1, 6 (1st Cir. 2012) (citing United States v. Mojica–Baez, 229 F.3d 292, 309 (1st Cir. 2000)).  "When a defendant seeks dismissal of an indictment, courts take the facts alleged in the indictment as true, mindful that 'the question is not whether the government has presented enough evidence to support the charge, but solely whether the allegations in the indictment are sufficient to apprise

3

the defendant of the charged offense.'"  United States v. Ngige, 780 F.3d 497, 502 (1st Cir.

2015) (quoting Savarese, 686 F.3d at 7).

**III.    DISCUSSION**

      Defendants argue that the SSI should be dismissed because it fails to allege an agreement

by Defendants to violate the CSA, to commit honest services fraud, or to commit mail fraud.

[ECF No. 514 at 1].  Defendants further assert that the SSI fails to allege a predicate CSA

violation because it does not allege an agreement for physicians to prescribe a medication to

patients who did not need it, [id. at 7–8, 11], or a predicate honest services fraud violation

because it omits allegations of an agreement for a practitioner to breach a fiduciary duty or an

agreement to deceive patients about Insys's financial relationships with practitioners, [id. at 7–8,

13–17].  Finally, Defendants contend that the SSI fails to allege mail fraud as a predicate act

because it does not allege the use of mails in furtherance of a scheme to defraud.  [Id. at 8, 18–

19].

      In response, the Government argues that these additional allegations are not required for a

legally sufficient indictment and that the SSI adequately alleges that Defendants agreed to

conduct the affairs of the enterprise through an identified pattern of racketeering activity.  [ECF

No. 532 at 1–2].

      The Court finds that the SSI is legally sufficient as it contains the elements of the RICO

conspiracy charge and relevant factual information to inform Defendants of the charge as well as

to enable them to avoid future prosecutions for the same offense.  See Laureano-Perez, 797 F.3d

at 60; Savarese, 686 F.3d at 7.

      **A.    The SSI Includes the Elements of a RICO Conspiracy Charge**

            1.    Elements of a RICO Conspiracy

Section 1962(d) makes it unlawful to "conspire to violate any of the provisions of subsection (a), (b), or (c) of this section."  18 U.S.C. § 1962(d).  Section 1962(c) makes it "unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt."  18 U.S.C. § 1962(c).  The statute defines "racketeering activity" by providing an enumerated list of crimes and defines "pattern of racketeering activity" as "at least two acts of racketeering activity" occurring within ten years of each other.  18 U.S.C. §§ 1961(1), (5).

Courts have interpreted these statutory provisions to require that a RICO conspiracy indictment allege "that the defendant knowingly joined a conspiracy the objective of which was to operate that enterprise through an identified pattern of racketeering activity."  United States v. Glecier, 923 F.2d 496, 500 (7th Cir. 1991); see Salinas v. United States, 522 U.S. 52, 66 (1997) (holding that to prove a RICO conspiracy claim, it is sufficient to prove that the defendant "knew about and agreed to facilitate the scheme"); United States v. Ortiz, No. C 12-00119 SI, 2013 WL 6842541, at *3 (N.D. Cal. Dec. 27, 2013) (applying Salinas and stating that "[i]t is sufficient that the indictment alleges that [the defendant] knew about the enterprise's racketeering activities and agreed to help facilitate them").  This requires an allegation that the defendant agreed that a co-conspirator would commit at least two acts of racketeering activity.  See United States v. Browne, 505 F.3d 1229, 1274 (11th Cir. 2007) ("Agreement to commit two predicate acts, and not the actual commission of two predicate acts, is the key issue in a RICO conspiracy charge." (quoting United States v. Russo, 796 F.2d 1443, 1461 (11th Cir. 1986)); United States v. Larios, No. CR 15-10338-14-FDS, 2018 WL 326456, at *3 (D. Mass. Jan. 8, 2018) (listing elements of a

RICO conspiracy charge as including "an agreement that the defendant or some other member of the conspiracy would commit at least two racketeering acts in furtherance of that enterprise").

2.      The SSI Tracks the Relevant Statutory Language

An indictment may use statutory language to describe the elements of an offense. Savarese, 686 F.3d at 6.  The SSI accurately tracks the relevant statutory language from Sections 1962(c) and (d).  Compare 18 U.S.C. § 1962(d) ("It shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section.") and § 1962(c) ("It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt."), with [ECF No. 419 ¶ 23] ("[D]efendants herein, and others known and unknown to the Grand Jury, being persons employed by and associated with Insys, which enterprise engaged in, and whose activities affected, interstate commerce, did knowingly conspire to violate Title 18, United States Code, Section 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of such enterprise through a pattern of racketeering activity . . . .").

3.      The SSI Alleges Defendants' Agreement to Conspire

An indictment charging a RICO conspiracy must allege that Defendants "knowingly joined a conspiracy the objective of which was to engage in a pattern of racketeering activity." Glecier, 923 F.2d at 500; see also Salinas, 522 U.S. at 66 (articulating same elements needed for a RICO conspiracy conviction).  "Section 1962(d), like all conspiracy provisions, has at its target the act of agreement—here, the agreement to engage in activity that implicates section 1962(c)." Glecier, 923 F.2d at 500.  An indictment does not need to allege that a defendant agreed that he

or a co-conspirator would commit each *element* of a predicate act.  See Salinas, 522 U.S. at 63

("A conspiracy may exist even if a conspirator does not agree to commit or facilitate each and

every part of the substantive offense."); United States v. Yannotti, 541 F.3d 112, 121 (2d Cir.

2008) ("[T]he agreement proscribed by section 1962(d) is [a] conspiracy to participate in a

charged enterprise's affairs, not [a] conspiracy to commit predicate acts." (quoting United States

v. Persico, 832 F.2d 705, 713 (2d Cir. 1987))).  An indictment does, however, need to allege that

the defendant "agreed to facilitate the scheme" by agreeing that a co-conspirator would commit

at least two acts of racketeering activity.  See Salinas, 522 U.S. at 66.

    Here, the SSI alleges that Defendants "did knowingly conspire to violate" RICO, [ECF

No. 419 ¶ 23], and that "each of the defendants agreed that a conspirator would commit at least

two acts of racketeering activity, as described [at SSI ¶ 24] in the conduct of the affairs of the

enterprise," [id. ¶ 25].  These allegations, taken as true, are sufficient to allege a knowing

agreement to conspire to violate Section 1962(c).

    Defendants argue that allegations regarding an agreement to commit the elements of each

predicate offense were improperly omitted from the SSI.  See, e.g., [ECF No. 514 at 7–8, 11, 13–

19].  The SSI, however, does not need to allege that each Defendant "specifically intended that

*some conspirator* commit each element" of the predicate offenses.  [ECF No. 540 at 3]; see

Salinas, 522 U.S. at 63.  The case law Defendants cite for this proposition relates to what must be

proven at trial not what must be pled in an indictment.  See [ECF No. 540 at 3]; Ocasio v. United

States, 136 S. Ct. 1423, 1432 (2016) (stating what the Government must prove at trial to set out a

conspiracy to violate the Hobbs Act).

4.      The SSI Alleges a Pattern of Racketeering Activity

An indictment for a RICO conspiracy must allege the type of racketeering activity

involved but does not need to allege each predicate act.  See United States v. Applins, 637 F.3d

59, 81 (2d Cir. 2011) ("Because a RICO conspiracy charge need not specify the predicate or

racketeering acts that the defendants agree would be committed, it is sufficient to allege and

prove that the defendants agreed to the commission of multiple violations of a specific statutory

provision that qualifies as RICO racketeering activity." (internal citations omitted)); Glecier, 923

F.3d at 498 (finding sufficient indictment that alleged that defendant "did knowingly conspire

and agree . . . to conduct and participate in the conduct of the [enterprise], directly and indirectly,

through a pattern of racketeering activity . . ., said racketeering activity consisting of multiple

acts involving bribery . . . ."); id. at 501 (describing case law as "set[ting] an outer boundary for

RICO conspiracy indictments at a mere allegation of 'various acts of bribery'").

In addition, a RICO conspiracy indictment does not need to allege the elements of each

predicate act.  See Glecier, 923 F.2d at 500 (concluding that predicate acts do not need to be

alleged in a RICO conspiracy indictment because they are not elements of the RICO offense);

United States v. Flemmi, 108 F. Supp. 2d 39, 56 (D. Mass. 2000) ("[W]ith regard to RICO

conspiracy, the predicate acts [the defendant] allegedly committed are not elements of the

offense or facts that must be proven." (internal quotation marks and citations omitted)), rev'd on

other grounds, 245 F.3d 24 (1st Cir. 2001).

Here, the SSI alleges that the object of the conspiracy was "increase[ing] profits for the

enterprise and [Defendants] by conducting the affairs of the enterprise through bribes, fraud, and

the illicit distribution of Subsys, a product containing a Schedule II opioid."  [ECF No. 419

¶ 26].  The SSI further identifies the pattern of racketeering activity "through which the

defendants, along with others known and unknown to the Grand Jury, agreed to conduct and participate, directly and indirectly, in the conduct of the affairs of the enterprise" as including: mail fraud, wire fraud, honest services fraud, and violations of the CSA.  [Id. ¶ 23–24].  The SSI also alleges that "each of the defendants agreed that a conspirator would commit at least two acts of racketeering activity, as described [at SSI ¶ 24] in the conduct of the affairs of the enterprise." [Id. ¶ 25].  These allegations, taken as true, are sufficient to allege a pattern of racketeering activity as the object of the enterprise.

### B.    The SSI Provides Factual Information to Inform Defendants of the RICO Conspiracy Charge and to Protect Against Double Jeopardy

An indictment must include a statement of facts sufficient to inform the defendants of the specific offenses with which they are charged and to protect against double jeopardy.  See Laureano-Perez, 797 F.3d at 60; Savarese, 686 F.3d at 6.  A RICO conspiracy indictment should specify "the time period during which the alleged conspiracy operated, the locations . . ., the principal actors, and, with some detail, the specific types of predicate crimes to be committed and the *modus operandi* of the conspiracy . . . ."  Glecier, 923 F.2d at 500.  This includes identifying the enterprise and the defendant's association with the enterprise.  Id.

Here, the SSI identifies the enterprise as Insys Therapeutics, Incorporated, [ECF No. 419 ¶ 1], and explains Defendants' roles in the enterprise, [id. ¶¶ 16–22].  The SSI further provides relevant factual information, including the time period during which the conspiracy operated [id. ¶ 23], the location [id.], the object of the conspiracy [id. ¶ 26], the types of predicate acts [id. ¶ 24], and details about the manner and means of the conspiracy [id. ¶¶ 27–73].  These allegations are sufficiently specific to allow Defendants to prepare a defense to the charges and to address any later double jeopardy issues.  See Laureano-Perez, 797 F.3d at 60; United States v. Troy, 618 F.3d 27, 34–35 (1st Cir. 2010) (finding indictment for solicitation of a crime of

violence (arson) sufficient where it tracked language of statute and identified Defendant and the intended object of arson).

IV.     **CONCLUSION**

For the foregoing reasons, Defendants' motion to dismiss [ECF No. 513] is DENIED.

**SO ORDERED.**

January 17, 2019                                                                  /s/ Allison D. Burroughs
                                                                                          ALLISON D. BURROUGHS
                                                                                          U.S. DISTRICT JUDGE