UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| v. | * |
| | * |
| MICHAEL J. GURRY, RICHARD M. SIMON, SUNRISE LEE, JOSEPH A. ROWAN, and JOHN KAPOOR, | *   Criminal Action No. 16-cr-10343-ADB |
| | * |
| | * |
| | * |
| Defendants. | * |

**MEMORANDUM AND ORDER ON OBJECTIONS TO
MAGISTRATE JUDGE'S ORDERS**

BURROUGHS, D.J.

Currently pending before the Court are Defendants Michael Babich,[1] Michael Gurry, Richard Simon, Sunrise Lee, Joseph Rowan, and John Kapoor's (collectively, "Defendants") Objections to Magistrate Judge Boal's Order Denying Defendants' Motion for a Bill of Particulars [ECF No. 566] and the Government's Objections to Magistrate Judge Boal's Order Granting in Part and Denying in Part Defendants' Motion for a Protective Order [ECF No. 651]. For the reasons stated below, the Court finds that the rulings of the Magistrate Judge were not clearly erroneous or contrary to law, and the orders are AFFIRMED.

**I.   LEGAL STANDARD**

If a party objects to a non-dispositive order of a magistrate judge, "[t]he district judge must consider timely objections and modify or set aside any part of the order that is contrary to law or clearly erroneous." Fed. R. Crim. P. 59(a); United States v. Garcia, 983 F.2d 1160, 1166

---

[1] Michael Babich was a Defendant at the time the Objections were filed but has since pled guilty to an information and is no longer a Defendant in this matter. [ECF Nos. 652, 664].

(1st Cir. 1993) ("A magistrate's discovery order may be set aside where the order is clearly erroneous or contrary to law.").[2]

"Under the 'clearly erroneous' standard, a court accept[s] both the trier's findings of fact and the conclusions drawn therefrom unless, after scrutinizing the entire record, [the court] form[s] a strong, unyielding belief that a mistake has been made." United States v. Gorski, 36 F. Supp. 3d 256, 264 (D. Mass. 2014) (quoting Phinney v. Wentworth Douglas Hosp., 199 F.3d 1, 4 (1st Cir.1999)) (quotation marks omitted). "While the First Circuit has not discussed the meaning of 'contrary to law,' other courts have found that an order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." Gorski, 36 F. Supp. 3d at 264 (collecting cases) (internal quotations and citation omitted).

## II.    DISCUSSION

### A.    Defendants' Objections to Order Denying Defendants' Motion for a Bill of Particulars

On October 23, 2018, Defendants filed a Renewed Motion for a Bill of Particulars seeking an order requiring the Government to furnish particulars concerning twelve categories of information. [ECF No. 500]. On November 20, 2018, Magistrate Judge Boal issued an order denying that motion. [ECF No. 537]. On December 4, 2018, Defendants filed objections to her ruling. [ECF No. 566]. On December 14, 2018, the Court issued an order requesting the Government to confirm, in writing, whether it intends to introduce at trial evidence or argument

---

[2] As Judge Boal noted in her Order on Defendant's Motion for a Protective Order, some motions to enforce or quash administrative subpoenas are considered dispositive motions for purposes of review when they constitute the entire proceeding before a court. [See ECF No. 659 at 1 n.1 (citing In re Administrative Subpoena Blue Cross Blue Shield of Massachusetts, Inc., 400 F. Supp. 2d 386, 389 (D. Mass. 2005))]. Defendant Kapoor's motion, however, is not dispositive because the subpoena is part of a larger criminal matter still pending before this Court. Accordingly, the clearly erroneous standard of review applies to this Court's review of Judge Boal's order on the motion.

concerning the categories of information addressed in Defendants' objections. [ECF No. 612]. On December 18, 2018, the Government filed answers to the Court's December 14 order and its response to the Defendants' objections. [ECF No. 617].

An indictment "need not be infinitely specific," and a court need only grant a bill of particulars "if the accused, in the absence of a more detailed specification, will be disabled from preparing a defense, caught by unfair surprise at trial, or hampered in seeking the shelter of the Double Jeopardy Clause." United States v. Sepulveda, 15 F.3d 1161, 1192–93 (1st Cir. 1993) (citing United States v. Abreu, 952 F.2d 1458, 1469 (1st Cir. 1992)); see also United States v. Allen, 09-cr-10148-JLT, 2009 WL 2496472, at *1 (D. Mass. Aug. 7, 2009) ("The decision to grant or deny a request rests with the sound discretion of the trial court.").

Here, Defendants objected to the Magistrate Judge's denial of particulars regarding the specifics of testimony at trial about: (i) bribes or kickbacks, other than those specifically identified in paragraph 29 of the Second Superseding Indictment; (ii) certain speaker program events that allegedly lacked any legitimate marketing or educational component; (iii) "office staff" salaries that were allegedly bribes or kickbacks paid by Insys, other than those identified in paragraphs 56–58 of the Second Superseding Indictment; (iv) Insys employees who performed "administrative tasks" as a bribe or kickback, and which administrative tasks the Government claims were bribes or kickbacks; (v) which specific patients, if any, that the Government intends to allege at trial were tangibly harmed by the alleged honest services fraud scheme; (vi) fraudulent insurance submissions outside of the approximately 154 prior authorization phone calls that the Government identified in the bill of particulars that it voluntarily provided to Defendants on August 21, 2018; and (vii) which specific patients, if any, received Subsys in violation of the Controlled Substances Act. [See ECF No. 566].

In response to the Court's order, the Government submitted a detailed response explaining the extent to which it intends to introduce at trial evidence or argument concerning the categories of information addressed in Defendants' objections.  [ECF No. 617].  At the January 16, 2018 final pretrial conference, Defendants acknowledged that, in light of the Government's submission, their objections to the Magistrate Judge's order are now moot except with respect to particulars concerning the alleged insurance fraud scheme.[3]  Defendants argue that they are entitled to particulars regarding the alleged insurance fraud scheme because there is a risk of unfair surprise at trial.  [ECF No. 566 at 6–7].  Specifically, Defendants contend that, because the Government produced thousands of Insys Reimbursement Center phone calls in discovery, they are entitled to confirmation that the Government provided an exhaustive list of the calls that it intends to introduce at trial.  [Id. at 6].  Judge Boal found that "on August 21, 2018, the government voluntarily provided a bill of particulars listing approximately 154 phone calls between the Insys Reimbursement Center and three different pharmacy benefit managers."  [ECF No. 537 at 7].  Judge Boal correctly observed that "a bill of particulars is not an investigative tool for defense counsel 'to obtain a detailed disclosure of the government's evidence prior to trial,'" and denied Defendants' request.  [Id. (quoting United States v. Vazquez-Rijos, 250 F.R.D. 99, 100 (D.P.R. 2008))].  The Court, pursuant to Federal Rule of Criminal Procedure 59(a), finds that the Magistrate Judge's findings and conclusion are not clearly erroneous or contrary to law.  Accordingly, the Court affirms the order.[4]

---

[3] Accordingly, Defendants' objections to the Magistrate Judge's rulings as to the particulars of the alleged honest services fraud and distribution schemes and venue allegations are moot.

[4] At the January 16, 2018 final pretrial conference, Defendants raised concerns about a specific exhibit on the Government's exhibit list that contains over 2,000 Insys Reimbursement Center phone calls.  The parties agreed to confer about this exhibit.  If the parties are unable to resolve Defendants' concerns, they may raise this issue with the Court.

### B.  The Government's Objections to Order Granting in Part and Denying in Part Defendant's Motion for a Protective Order

On November 2, 2018, the Government served on Defendant Kapoor's counsel an administrative subpoena pursuant to 18 U.S.C. § 3486 ("HIPAA subpoena") seeking "any and all non-privileged documents, including personal notes in any form . . . by John Kapoor . . . reflecting instructions or information given to others regarding emails relating to Insys, Subsys, and sales of opioids." [ECF No. 659 at 4]. Defendant Kapoor sought a protective order on November 19, 2018, [ECF No. 534], which the Government opposed on November 29, 2018, [ECF No. 546]. Magistrate Judge Boal heard oral argument twice on this issue and received supplemental briefing from the parties. [ECF No. 659 at 5].

On December 19, 2018, Judge Boal issued an order granting in part and denying in part Defendant Kapoor's motion for a protective order. [ECF No. 659]. She found that the HIPAA subpoena was improper because the Government could not demonstrate that the records sought were corporate records that belonged to Insys and declined to exercise her discretion to modify the subpoena. [Id. at 12–13]. The Government objected to the order and argues that it was clearly erroneous for Judge Boal to find that the Government failed to show that Defendant Kapoor's handwritten notes belonged to Insys. [ECF No. 651 at 1, 4–5]. The Government also contends that it was clear error for Judge Boal "to order that Kapoor need not comply with any portion of the subpoena." [Id. at 1]. Defendant Kapoor responds that this Court should affirm Judge Boal's order because she correctly interpreted the bounds of a HIPAA subpoena, properly found that the Government did not show that the handwritten notes belonged to Insys, and appropriately declined to modify the subpoena. [ECF No. 686 at 5–7, 13].

First, the Court finds that it was not clear error for Judge Boal to find that the HIPAA subpoena was improper. The Government, as the party seeking to enforce the subpoena, had the

burden of demonstrating that the subpoena it issued was proper. See United States v. Sturm, Ruger & Co, Inc., 84 F.3d 1, 4 (1st Cir. 1996) (explaining requirements for enforcement of an administrative subpoena). This required the Government to show that it sought records belonging to someone other than a Defendant because, as Judge Boal correctly noted, and the parties agreed, HIPAA subpoenas "may not be directed to a targeted individual post-indictment." [ECF No. 659 at 7 (collecting cases)]. The Government presented evidence to Judge Boal to demonstrate that the documents belonged to Insys and that Defendant Kapoor was merely a "custodian," including declarations from IT and legal personnel at Insys and various Insys agreements and policies. [Id. at 8–12]. After reviewing all of the evidence submitted by the Government, Judge Boal concluded that "the government's submissions do not provide a sufficient basis for finding that the documents requested by the subpoena are the corporate records of Insys." [Id. at 12]. This conclusion was based in part on the breadth of the records sought by the HIPAA subpoena. [Id.]. Given the record before Judge Boal, it was not clearly erroneous for her to find that the HIPAA subpoena did not exclusively seek records belonging to Insys.

Second, the Court finds that Judge Boal's decision to not modify the subpoena was also not clearly erroneous or contrary to law. See United States v. Nivica, 887 F.2d 1110, 1118 (1st Cir. 1989) (observing the "great latitude" afforded to district courts in assessing subpoenas issued pursuant to Federal Rule of Criminal Procedure 17); see also Fresenius Med. Care v. United States, 526 F.3d 372, 377 n.4 (8th Cir. 2008) (recognizing district court's discretion to modify a HIPAA subpoena). On appeal, the Government provides no support for its conclusion that Judge Boal's exercise of discretion was clearly erroneous. [Compare ECF No. 651 at 1 (stating that it was clearly erroneous for Judge Boal "to order that Kapoor need not comply with

6

*any* portion of the subpoena"), with id. at 6–7 (arguing that the subpoena may be modified)]. It merely argues that "[a] court, at its sound discretion, may modify a subpoena," and that it would be "reasonable" to narrow the subpoena. [Id. at 6–7]. The issue on appeal is not whether there is a more reasonable approach, but rather whether Judge Boal's exercise of discretion was clearly erroneous or contrary to law. The case law clearly vests the district court with discretion in its enforcement of subpoenas, and Judge Boal's decision to not modify the subpoena was neither clearly erroneous nor contrary to law. See, e.g., Fresenius, 526 F.3d at 376 (holding that it was not an abuse of discretion for district court to refuse to modify a HIPAA subpoena). Accordingly, the Court affirms the order.

### III.  CONCLUSION

For the foregoing reasons, to the extent that they are not moot, the Defendants' Objections to Magistrate Judge Boal's Order Denying Defendants' Motion for a Bill of Particulars [ECF No. 566] and the Government's Objections to Judge Boal's Order Granting in Part Defendant's Motion for a Protective Order [ECF No. 651] are OVERRULED and the orders are AFFIRMED.

**SO ORDERED.**

January 28, 2019                                        /s/ Allison D. Burroughs
                                                        ALLISON D. BURROUGHS
                                                        U.S. DISTRICT JUDGE