UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>MICHAEL GURRY et al., )<br>)<br>Defendants. )<br>) | Criminal No. 16-CR-10343-ADB |

## DEFENDANTS' MOTION FOR A CURATIVE INSTRUCTION REGARDING MICHAEL BABICH'S EXPOSURE TO FORFEITURE

On redirect examination, the government had Michael Babich testify that "ultimately the Court is the party that will decide the total amount of money that [he is] ordered to forfeit . . . ." Tr. 219:11-14 (Feb. 21, 2019).  Particularly to a lay jury, the clear implication of this piece of testimony is that the prosecutors do not control whether Mr. Babich's exposure under 18 U.S.C. § 981(a)(1)(C) is limited to the $3.5 million in cash that was seized from him in October 2017.  That implication, however, is plainly wrong.

As a matter of statutory law, Mr. Babich's forfeiture is limited to the "property, real or personal, which constitutes or is derived from proceeds traceable to" the offenses to which he pled guilty, or "substitute property."  18 U.S.C. § 981(a)(1)(C); 18 U.S.C. § 2461(c); 18 U.S.C. § 853(p). The only property that the Court is statutorily empowered to order Mr. Babich to forfeit is "the property" that the government proves "by a preponderance of the evidence" is "subject to forfeiture." 18 U.S.C. § 983(c)(1).  Furthermore, the Court's forfeiture order may reach "substitute property" only "[o]n the government's motion."  Fed. R. Crim. P. 32.2(e).

In determining the property that Mr. Babich will be required to forfeit, the Court is limited to "evidence already in the record, including any written plea agreement, and on any additional evidence or information submitted by the parties . . . ." Fed. R. Crim. P. 32.2(b)(1)(B).  Because

Mr. Babich pled guilty prior to his trial, the only evidence already in the record as to Mr. Babich is that to which he specifically admitted as part of his plea (*i.e.*, the allegations in the criminal information and the agreed upon statement of facts that the government submitted at the plea colloquy). The criminal information and the agreed upon statement of facts clearly are not a sufficient basis to order Mr. Babich to forfeit anything other than the $3.5 million in cash that the government seized in October 2017. Count one of the criminal information alleges only $17,700 in bribes to nine healthcare practitioners, and count two alleges a single check of $1,600 mailed to one healthcare practitioner. The criminal information does not specifically allege that Mr. Babich profited from his offenses beyond the $3.5 million that is referenced in the forfeiture count. *See* ECF No. 652. The same is true of the agreed upon statement of facts. *See* ECF No. 668. Rather, aside from the singular reference to the $3.5 million amount, each document avoids any mention of how much money Mr. Babich, his alleged co-conspirators, or even Insys Therapeutics made as a result of the offenses. It is clear that Mr. Babich's counsel and the government were careful to avoid including in the criminal information or the agreed upon statement of facts any information sufficient to support a forfeiture order exceeding $3.5 million.

Thus, for the Court to have the statutory authority to order Mr. Babich to forfeit anything more than $3.5 million, the prosecutors would need to submit additional evidence or information to the Court as part of a contested sentencing proceeding—which, notably, would be contrary to the Department of Justice's own forfeiture policy. *See* Justice Manual, § 9-113.106 (providing that the defendant's underlying plea agreement must be sufficient to support whatever forfeiture order the government intends to seek). In other words, for Mr. Babich's forfeiture exposure to be even *theoretically* greater than $3.5 million, the prosecutors must decide to turn Mr. Babich's sentencing proceeding into a contested evidentiary hearing, in violation of Department of Justice

-3-

policy. Given the skill and experience of Mr. Babich's legal counsel, it strains credulity to suggest that Mr. Babich does not understand this.

Rather than force the defense to pry into the substance of the legal advice regarding forfeiture that Mr. Babich has received from his own lawyers, the Court should simply instruct the jury before Mr. Babich leaves the stand that Mr. Babich's exposure to forfeiture is limited $3.5 million unless the prosecutors decide to seek and prove additional forfeiture amounts at Mr. Babich's sentencing proceeding. Such an instruction is necessary to ensure that the jury is not misled with respect to Mr. Babich's incentives to please the prosecutors with his testimony.

Dated: February 22, 2019

Respectfully submitted,

/s/ Tracy A. Miner
Tracy A. Miner (BBO# 547137)
tminer@mosllp.com
Megan Siddall (BBO# 568979)
msiddall@mosllp.com
Miner Orkand Siddall LLP
470 Atlantic Ave, 4th Floor
Boston, MA 02210
Telephone: (617) 273-8421

***Attorneys for Michael Gurry***

/s/ Peter C. Horstmann
Peter C. Horstmann (BBO# 556377)
pete@horstmannlaw.com
Law Offices Peter Charles Horstmann
450 Lexington Street, Suite 101
Newton, MA 02466

***Attorney for Sunrise Lee***

/s/ Aaron M. Katz
Beth A. Wilkinson (admitted *pro hac vice*)
bwilkinson@wilkinsonwalsh.com
Alexandra M. Walsh (admitted *pro hac vice*)
awalsh@wilkinsonwalsh.com
Kosta S. Stojilkovic (admitted *pro hac vice*)
kstojilkovic@wilkinsonwalsh.com
2001 M Street NW
Washington, D.C. 20036
Telephone: (202) 847-4000

Brien T. O'Connor (BBO# 546767)
brien.o'connor@ropesgray.com
Aaron M. Katz (BBO# 662457)
aaron.katz@ropesgray.com
Ropes & Gray LLP
800 Boylston Street
Boston, MA 02199
Telephone: (617) 951-7000

***Attorneys for Dr. John Kapoor***

/s/ Steven A. Tyrrell
Steven A. Tyrrell (admitted *pro hac vice*)
steven.tyrrell@weil.com
Patrick J. O'Toole, Jr. (BBO# 559267)
Patrick.otoole@weil.com
Weil, Gotshal & Manges LLP
2001 M Street, NW
Washington, D.C. 20036
Telephone: (202) 682-7213

***Attorneys for Richard Simon***

/s/ Michael Kendall
Michael Kendall (BBO# 544866)
michael.kendall@whitecase.com
Alexandra Gliga (BBO# 694959)
alexandra.gliga@whitecase.com
White & Case, LLP
75 State Street
Boston, MA 02109
Telephone: (617) 939-9310

***Attorneys for Joseph Rowan***

-5-

## **CERTIFICATE OF SERVICE**

   I, Aaron M. Katz, hereby certify that a true and correct copy of this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on February 22, 2019.

                /s/ Aaron M. Katz