UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL NO. 16-10343-ADB |
|  | ) |  |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
|  | ) |  |
| MICHAEL J. GURRY, et al | ) |  |
|  | ) |  |
|  | ) |  |

**GOVERNMENT'S MOTION FOR CLARIFICATION
OR, IN THE ALTERNATIVE,
MOTION TO AMEND LIST OF UNINDICTED CO-CONSPIRATORS**

## I.   INTRODUCTION

On February 22, 2019 Defendants objected to the introduction of evidence regarding practitioners not alleged to be co-conspirators following the return of the Second Superseding Indictment (SSI).  Tr. 2/22/2018: 17-18.  The objection came on the 22nd day of trial, after the introduction of evidence by both the United States and defense counsel regarding inappropriate behavior and relationships with numerous practitioners who are not alleged to be co-conspirators.   Among the practitioners who were the subject of this objection was Dr. Bart Gatz.

The United States also seeks to introduce evidence of efforts to bribe medical professionals that are not identified as co-conspirator practitioners and seeks clarification from the Court regarding the admissibility of such evidence.  In the alternative, the United States moves to amend its 28-day letter to add Dr. Bart Gatz to the list of unindicted co-conspirators as he was inadvertently omitted from the list.  As explained within, the Defendants are not prejudiced by this addition.

## II.   **BACKGROUND**

A.   Notice of Intent to Offer Evidence of Efforts to Bribe.

On December 14, 2018 the Court ordered the United States to answer a series of

questions related to the Defendants renewed motion for a bill of particulars.  Order Regarding

Defendants Objections to Order Denying Defendants Motion for A Bill Of Particulars, ECF 612

at 2.  In its response, the United States gave notice that,

> Proof of a conspiratorial agreement in this case necessarily includes proof
> of attempts to accomplish the manner and means described  above,   Put simply,
> efforts to bribe practitioners  and make false and  misleading  representations  and
> omissions  are  evidence  of  the  alleged  conspiracy,  whether or not those efforts
> were successful.  *United States v. Morosco*,  822 F.3d 1, 9 n.2 (1st  Cir.), cert.
> denied, 137 S. Ct. 251, 137 S. Ct. 403 (2016). Nevertheless, evidence that the
> Defendants succeeded in bribing certain practitioners, and in making false and
> misleading representations and omissions to insurers and patients, is relevant
> proof that a conspiracy  in fact  did exist. *See*, *United States v. Guadagna*, 183
> F.3d 122, BO (2d Cir.1999) ("'[W]hen the "necessary result" of the ... scheme is
> to injure others, fraudulent intent may be inferred from the scheme itself.' ")
> (quoting United States v. D'Amato, 39 F.3d 1249, 1257 (2d Cir. 1994); *United
> States v. Collier*, 478 F.2d 268,272  (5th Cir. 1973) (quoting *Linder  v. United
> States*, 268 U.S. 5,  18 (1925))(circumstances surrounding prescription of a
> controlled substance are relevant to a determination  of whether the prescriptions
> at  issue fell outside the bounds of legitimate medical practice).
>
> To prove the alleged criminal agreement, the Government intends to offer
> evidence of both effort and success in this case.  The Defendant's Motion seeks to
> constrain the Government's case to the latter. The United States has given notice
> of 13 co-conspirator practitioners. The government does not intend to offer direct
> proof of other coconspirator practitioners, such as co-conspirator declarations.
> However, to be clear, the United States will seek to offer proof that the
> Defendants and their co-conspirators attempted to bribe additional medical
> professionals. As the government has made clear from the inception of this
> prosecution, the criminal agreement was not limited to the 13 co-conspirator
> practitioners. To focus the jury's attention, the United States will highlight the
> effort and successes with the13 co-conspirator practitioners, and will demonstrate
> the criminal agreement to bribe and influence additional practitioners. Agreement
> to, and attempts to, bribe practitioners is evidence of the offense here,
> it is not necessary for those additional practitioners to be co-conspirators, or
> named co-conspirators, because the government does not intend to demonstrate
> their subsequent conduct-merely the scope and nature of the criminal agreement
> in the first instance.

Government's Answers To Court Order #612, ECF 617, at 6-7.

B.   Trial Evidence

Throughout the trial, both the United States and defense counsel have introduced

allegations related to medical professionals that were not one of the 13 identified co-conspirators.

Ex. 5917 & Tr. 2/15/19 at 14-15 (email from Burlakoff to Babich, dated April 11, 2013, offered

by defense counsel to infer Burlakoff was attempting to use the speaker program inappropriately

with Drs.  Ritter, Tennant, and Gingerich); Tr. 2/15/19 at 23-25 & Ex. 5918 (email from

Burlakoff to Babich offered by defense counsel to show that Burlakoff (who has plead guilty to

the Indictment), complained that the decision to give speaker programs to Drs. Hodges,

Hoffberg, Madison, and Kelly was a decision that rested with him;  Tr. 2/19/19 at 159-160 & Ex.

5957 (email in which Michael Babich stated that Dr. Fanto, "needs to start crankin' or he gets

Taco Bell"); Tr. 2/19/19 at 160 & Ex. 5894 (text indicating that Burlakoff smoked marijuana

with a Dr. Fushanky, offered to demonstrate the nature of his relationship with the doctor).

C.   Notice of Allegations Related to Dr. Bart Gatz

On December 6, 2016 a Grand Jury returned the initial Indictment in this case.  (ECF 1).

Using pseudonyms, the Indictment identified ten alleged co-conspirators (Ind. ¶7) and discussed

at length allegations against each.  One of the ten practitioners, Practitioner # 9, was

subsequently identified as Dr. Bart Gatz of Florida.  On February 2, 2017 the United States

provided 28-day discovery in the case which identified Gatz as a co-conspirator and provided the

sworn testimony of a former sales rep assigned to the doctor.  On April 4, 2017, after obtaining

the approval of a District Court judge in the Central District of California and a protective order

in the District of Massachusetts, the government provided discovery of the complaint,

recordings, declaration, and other documents associated with a qui tam brought by the former

Gatz sales rep.  The qui tam materials included extensive allegations of bribes offered and paid

to Gatz by Alec Burlakoff, Joseph Rowan, and others.

On October 24, 2017 a Grand Jury returned the First Superseding Indictment (FSI).  The FSI identified ten co-conspirator practitioners and extensively described allegations against each. (FSI at ¶8).   Once again, Practitioner #9 was identified as Dr. Bart Gatz of Florida, and 28-day discovery included the information previously provided following the initial indictment.

On September 11, 2018, a Grand Jury returned the Second Superseding Indictment (SSI). The SSI, which narrowed the allegations in the FSI in several ways, described the allegations against 8 co-conspirators, rather than ten.  While the government's 28-day discovery letter identified one of the two doctors removed from the SSI narrative, it inadvertently failed to assert that Bart Gatz was an unindicted co-conspirator.

On November 28, 2018, Alec Burlakoff pleaded guilty to the SSI.  (ECF 543).  On December 3, 2018 the United States produced a report describing a proffer conducted prior to Burlakoff's plea.  The report describes information previously produced and relates the role played by Michael Babich, John Kapoor, and others in hiring and compensating the girlfriend of Bart Gatz.

III.  ARGUMENT

The purpose of L.R. 116.1(c)(1)(E) is to provide notice of the alleged unindicted co-co-co-co-conspirators to the defendants.  The Defendants have been given extensive notice of both the government's intent to prove the breadth of the conspiratorial agreement, as well as the specific allegations related to Dr. Bart Gatz.  The purpose of the rule has been served by the Government's notification to the Defendants on two prior occasions that Dr. Gatz was an unindicted co-conspirator.  Further, the discovery produced in this case has placed the Defendants on notice of Dr. Gatz' role in the conspiracy alleged in all three indictments. Therefore, the Government should not be penalized for the inadvertent omission of Dr. Gatz' name from its 28-day latter.  The Defendants have on several occasions sought to use the efforts

of several government witnesses to attempt to demonstrate what they allege were covert,

inappropriate relationships between cooperating witnesses and several practitioners who are not

identified as co-conspirators.  Accordingly, the United States seeks to continue to offer evidence

of the breadth and nature of the conspiratorial relationship.  Or, in the alternative, leave to amend

its list of unindicted conspirators.

## IV.   <u>CONCLUSION</u>

For the foregoing reasons, this Court should permit the Government to offer evidence of

the conspiratorial agreement between the defendants Dr. Bart Gatz.


Date:   February 27, 2019

                                  Respectfully submitted,


                                  ANDREW E. LELLING
                                  United States Attorney

By:     <u>  /s/ *K. Nathaniel Yeager*</u>
                                  K. NATHANIEL YEAGER (BBO 3630992)
                                  DAVID G. LAZARUS
                                  Assistant U.S. Attorneys
                                  Office of the U.S. Attorney
                                  John J. Moakley Federal Courthouse
                                  One Courthouse Way, Ste. 9200
                                  Boston, MA  02210
                                  (617) 748-3100
                                  <u>nathaniel.yeager@usdoj.gov</u>

## <u>CERTIFICATE OF SERVICE</u>

I, K. Nathaniel Yeager, I hereby certify that the foregoing document filed through the

ECF system will be sent electronically to counsel for the Defendants.


                                  By: <u>/s/ K. Nathaniel Yeager</u>
                                  K. NATHANIEL YEAGER
                                  Assistant United States Attorney