# EXHIBIT D

```
 1                    UNITED STATES DISTRICT COURT

 2                     DISTRICT OF MASSACHUSETTS

 3    _____

 4    UNITED STATES OF AMERICA,

 5                    Plaintiff,          Criminal Action
                                          No. 16-CR-10343-ADB
 6    v.

 7    MICHAEL L. BABICH, ALEC BURLAKOFF,  July 17, 2018
      MICHAEL J. GURRY, RICHARD M.        Pages 1 to 70
 8    SIMON, SUNRISE LEE, JOSEPH A.
      ROWAN, and JOHN KAPOOR,
 9
                        Defendants.
10    _____

11

12

13              TRANSCRIPT OF MOTION HEARING
           BEFORE THE HONORABLE ALLISON D. BURROUGHS
14               UNITED STATES DISTRICT COURT
              JOHN J. MOAKLEY U.S. COURTHOUSE
15                  ONE COURTHOUSE WAY
                    BOSTON, MA   02210
16

17

18

19

20

21

22              JOAN M. DALY, RMR, CRR
                 Official Court Reporter
23          John J. Moakley U.S. Courthouse
            One Courthouse Way, Room 5507
24                Boston, MA   02210
                joanmdaly62@gmail.com
25
```

1  enterprise, I just don't -- that's where I think you have the
2  rim problem.
3         MR. YEAGER:  To be clear, and again, I don't blame
4  the Court for believing this because it's in the defendant's
5  papers.  We've identified 10 practitioners here and four
6  pharmacies and we identified an additional 12 doctors whose
7  names came up with regard to specific evidence in terms of
8  co-conspirator practitioners.  So there are in total 22
9  practitioners.
10         THE COURT:  The indictment doesn't limit it that
11  way at all, right?
12         MR. YEAGER:  No, it doesn't.  I'm saying that
13  counsel says that there's dozens and dozens of practitioners.
14  We've listed our co-conspirator practitioners in our 28-day
15  letters and made it clear we're limiting it to 22, 10 ten of
16  whom are described in this indictment.
17         THE COURT:  Let's see.  You have 10 and then on the
18  pharmacies you have four.  So if this had been -- is there a
19  rim between those 14 entities?
20         MR. YEAGER:  I believe there is, Your Honor.  As I
21  said before, the fact is we're not selling cocaine here.
22  We're selling Subsys.  They all know their job is to sell
23  Subsys.  They know that they're supposed to agree to write
24  the prescriptions before they ever talk to a patient.
25         THE COURT:  Is your proof limited to these 14

```
 1    entities?
 2             MR. YEAGER:  My proof at trial?
 3             THE COURT:  Yes.
 4             MR. YEAGER:  No.  We name another 12 practitioners.
 5    No other pharmacies but another 12 practitioners.
 6             THE COURT:  Where do you name those?
 7             MR. YEAGER:  In the 28-day letter in terms of the
 8    co-conspirators.
 9             MS. WILKINSON:  Your Honor, his answer though shows
10    you the fundamental problem with the pleading and
11    racketeering enterprise.  He's saying there were three common
12    purposes.  Bribing the doctors and pharmacies, subverting the
13    DEA requirements and the insurance fraud.  There's no
14    evidence in here that all those people agreed to all those
15    purposes.
16             And there's no dispute in the law, whether you call
17    it a rim or not, that everybody has to agree on the common
18    purpose of the enterprise.  They can't do it.  They didn't
19    say what you said, and they didn't say one common purpose.
20    They said it's all three of these.  And there is no way no
21    matter how you read this indictment, no matter how many times
22    you read it, that you could take Practitioner Number 1 and
23    Number 7 and say that they agreed to all three of these.
24             So yes, you can say some of the doctors agreed to
25    some of this, some of the pharmacies agreed to some of this
```