UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.  )<br>)<br>MICHAEL GURRY et al.,  )<br>)<br>Defendants.  )<br>) | Criminal No. 16-CR-10343-ADB |

**MEMORANDUM REGARDING THE ADMISSIBILITY OF
ALEC BURLAKOFF'S TAPE RECORDED USAO INTERVIEW**

The purpose of the Federal Rules of Evidence is "ascertaining the truth and securing a just determination." Fed. R. Evid. 102. It is therefore not surprising that the Rules dictate the common sense result that Alec Burlakoff's tape-recorded May 27, 2016 interview with AUSA Nat Yeager and two FBI agents can be introduced into evidence on cross-examination for the following impeachment purposes: **(1)** to show Mr. Burlakoff's bias against any of the Defendants, *United States v. Hudson*, 970 F.2d 948, 955 (1st Cir. 1992); **(2)** to show that Mr. Burlakoff's trial testimony is inconsistent with prior statements he made to the USAO, *see* Fed. R. Evid. 613(b); and **(3)** to show Mr. Burlakoff's character for untruthfulness, *see* Fed. R. Evid. 608(b). In some instances, a single statement might fit into more than one of these three categories of impeachment.

The tape recording is, of course, irrefutable evidence of everything that Mr. Burlakoff said during the USAO interview. Under the Federal Rules of Evidence, the defense is entitled to introduce and use against Mr. Burlakoff whatever statements he made during the interview that can be used to impeach his under-oath trial testimony—and to do so by playing the tape recording

so that the jurors can hear those statements with their own ears, while following the transcript with their own eyes.[1]

  **1.**  ***Bias and Motive to Lie.*** "[T]he revelation of witness bias through cross examination is of constitutional dimension in a criminal case." *Hudson*, 970 F.2d at 955. "Bias is never classified as a collateral matter . . . , nor as a matter on which an examiner is required to take a witness's answer. Bias may be proved by extrinsic evidence even after a witness's disavowal of partiality." *United States v. Anderson*, 881 F.2d 1128, 1139 (D.C. Cir. 1989) (internal quotations and citation omitted); *see also United States v. Beauchamp*, 986 F.2d 1, 4 (1st Cir. 1993) ("[A] witness's self-interest or motive to testify falsely is generally considered to be a non-collateral issue . . . ."). Prior statements demonstrating bias and motive to lie are classic non-hearsay impeachment evidence. They are introduced not for their "truth but rather for the simple fact that the statements had been uttered . . . ." *Hudson*, 970 F.2d at 956-57.

  It is constitutional error to deny a defendant the opportunity to introduce into evidence and impeach a prosecution witness with his prior statement demonstrating bias. *Hudson* is on point. In *Hudson*, the district court precluded the defense from introducing into evidence a key prosecution witness's prior statement expressing a desire "to see that [the defendant] 'got what he deserved' . . . ." *Id.* at 955 (quoting witness's prior statement). The First Circuit held that this was constitutional error and reversed the defendant's conviction, holding that the prior statement was admissible to demonstrate the witness's bias and chastising the district court for its use of the

---

[1] Tape recordings made by prosecutors and their FBI agents are admitted into evidence at criminal trials all the time, including for impeachment purposes. *See, e.g.*, *United States v. Kelly*, 436 F.3d 992, 994 (8th Cir. 2006) ("[T]he court admitted [the witness's] taped [law enforcement] interview as a prior inconsistent statement under Federal Rule of Evidence 613(b)."). Most of the time, prosecutors' tape recordings favor the prosecution. *Id.* In this case, it just so happens that the prosecutors' tape recording favors the defense. But that makes no difference to the tape's admissibility. "The rules of evidence apply to both parties equally." 3/5/2019 Tr. at 31:1-2 (statement by AUSA Wyshak).

hearsay rule to bar the statement's admission: "The [district] court then repeatedly asked, 'How do you get over the hearsay?' To this there was a simple answer: the statements were not being offered for the truth of the matter asserted." *Id.* at 957.

As *Hudson* makes clear, anything that Mr. Burlakoff said during the USAO interview that demonstrates his potential bias against any of the Defendants, or his motivation to lie, is non-hearsay that is *per se* admissible as impeachment. The tape recording makes Mr. Burlakoff's bias against Dr. Kapoor crystal clear. Mr. Burlakoff began the interview by expressing his "hatred" of Insys General Counsel Franc Del Fosse and Dr. Kapoor: "I have a tremendous amount of resentment, hatred towards Franc Del Fosse, head counsel, and John Kapoor." 5/27/2016 Tr. at 12:13-14. And he ended the interview by insinuating a willingness to do *anything* to put Mr. Del Fosse and Dr. Kapoor in prison: "And it sounds like Franc Del Fosse and John Kapoor are just going to walk away like . . . they're just the Holy Grail, and that's, to me, that's just—that's not justice, that's not justice at all. I mean what do you want me to do? You want me to plead guilty? . . . What do you want me to do? I'll do whatever you want me to do . . . ." *Id.* at 148:19-25. The jury is entitled to conclude that these statements (and any others like them), especially when viewed collectively, reveal bias toward Dr. Kapoor and a motivation to do whatever it takes to convict him—seriously calling into question the veracity of Mr. Burlakoff's trial testimony implicating Dr. Kapoor. Thus, as *Hudson* makes clear, Defendants are absolutely entitled to admit the statements into evidence by playing the tape for the jury.[2]

---

[2] Suppose Mr. Burlakoff had written Mr. Yeager an email on May 27, 2016 stating, "I hate Franc Del Fosse and Dr. Kapoor. Them not going to prison would not be justice at all. I will do whatever you want me to do." Would there be any doubt that the email would be admissible into evidence and publishable to the jury, regardless of whether Mr. Burlakoff admitted to writing the email, denied writing it, or professed a total lack of memory? Nothing in the Federal Rules of Evidence permit treating the tape recording any differently.

>   **2.**     ***Prior Inconsistent Statements.***  Federal Rule of Evidence 613(b) governs the admissibility of prior inconsistent statements not made under oath.  The Rule provides: "Extrinsic evidence of a witness's prior inconsistent statement [not made under oath] is admissible . . . if the witness is given an opportunity to explain or deny the statement and an adverse party is given an opportunity to examine the witness about it, or if justice so requires."  Fed. R. Evid. 613(b).  First Circuit law is clear that "[s]tatements . . . need not be directly contradictory in order to be deemed inconsistent." *United States v. Richardson*, 515 F.3d 74, 85 (1st Cir. 2008) ("We can find no case holding that a prior statement must 'unambiguously' conflict with the trial testimony [to be admissible under Rule 613(b)].").

Mr. Burlakoff testified on direct examination for almost two full days, and he made a lot of statements under oath to the jury.  A lot of these statements are inconsistent with things he said during his USAO interview—for example, virtually his entire direct testimony is inconsistent with his statement during his USAO interview that "I'm 100 percent positive that I have not done anything illegal at Insys Therapeutics."  5/27/2016 Tr. at 83:15-16.  Mr. Burlakoff will be making many more statements under oath to the jury on cross examination over the next couple of days, and we anticipate that many things he will say on cross examination will be inconsistent with things he said during his USAO interview.

Anything Mr. Burlakoff has said under oath at trial—whether on direct or cross examination—is fair game for Rule 613(b) purposes.  To the extent Mr. Burlakoff's statements to the USAO are inconsistent with anything he has said under oath at trial, Rule 613(b) entitles the defense to admit the prior inconsistent statements by playing the tape to the jury, so that the jurors can hear the prior inconsistent statements for themselves.  Mr. Burlakoff can listen to the tape along with the jury.  Mr. Burlakoff will have the opportunity to "explain" the statements, and the government will have the opportunity to examine him about the statements on re-direct

examination. Prior to admitting the statements under Rule 613(b), the defense does not need to ask Mr. Burlakoff whether he recalls making the statements, because his recollection is irrelevant—we have the tape, so we have no need to rely on his recollection. Defense counsel can simply say, "I want to play you a tape of something you said during your USAO interview." If the statements are at all inconsistent with Mr. Burlakoff's trial testimony, the statements must be admitted.

Importantly, Rule 613(b) entitles the defense to admit into evidence and confront Mr. Burlakoff with his prior inconsistent statements, probing him about them in depth and at length, *even if he admitted to the inconsistencies on direct examination*. The Fifth Circuit's decision in *United States v. Freeman*, 164 F.3d 243, 249 (5th Cir. 1999), is on point. In that case, the district court precluded the defendant from probing a key prosecution witness with his prior inconsistent statement because the witness "freely admitted the inconsistent statements on direction examination . . . ." *Id.* The Fifth Circuit held that this was reversible error: "[W]hen the government steals the defense's thunder by presenting a prior inconsistent statement as part of its direct examination of a witness, this does not destroy the defense's right to cross examination on those statements." *Id.*; *see also United States v. Wimberly*, 60 F.3d 281, 286 (7th Cir. 1995) ("Prior inconsistent statements are admissible even though the witness admits making the prior inconsistency.").

**3.** ***Conduct Probative of Untruthfulness.*** Rule 608(b) entitles the defense to impeach Mr. Burlakoff with any "specific instances of conduct . . . [that] are probative of [his] character for truthfulness or untruthfulness . . . ."[3]

---

[3] For a statement to be admissible for Rule 608(b) purposes, it does not need to be inconsistent with anything that Mr. Burlakoff has said under oath at trial. That being said, most, if not all, of the false statements that Mr. Burlakoff made during his USAO interview will be independently

Yesterday, Mr. Burlakoff admitted that he "lied about a lot of things" during his USAO interview, that he "was dishonest," and that "probably maybe . . . like one [hour]" of his statements were lies.  3/6/2019 Tr. at 178:8-9, 201:9-13.  Each and every time Mr. Burlakoff lied during his USAO interview, he committed a verbal act of dishonesty in violation of 18 U.S.C. § 1001—admissible under Rule 608(b) to prove Mr. Burlakoff's propensity to lie even in circumstances where lying is illegal.  *See, e.g.*, *Varhol v. Nat'l R. Passenger Corp.*, 909 F.2d 1557, 1567 (7th Cir. 1990) ("The reason for allowing cross-examination under Rule 608(b) is to allow a party to attempt to cast doubt on a witness's reliability for telling the truth.").

To set up admission under Rule 608(b), should it happen to be necessary for the defense to avail itself of the Rule, the defense will be entitled to ask Mr. Burlakoff whether, if he made a particular statement during his USAO interview, that statement would have been a lie.  Each time Mr. Burlakoff concedes that the statement would have been a lie, the defense will then be entitled to ask Mr. Burlakoff whether he made the statement during his USAO interview.  If he admits to making the false statement, his prior act of deceit will be established and we can move on.[4]  But if he claims a lack of memory, he can be presented with the transcript of the tape to refresh his recollection.  *See United States v. Shinderman*, 515 F.3d 5, 18 (1st Cir. 2008) (holding that a cross examiner can use extrinsic evidence to refresh the witness's recollection regarding specific instances of dishonest conduct admissible under Rule 608(b)).  If Mr. Burlakoff then somehow claims that the transcript does not refresh his recollection about what he said, Federal Rule of

---

admissible under Rule 613(b) as non-collateral evidence of prior statements inconsistent with testimony he has provided under oath at trial.  Defendants include the discussion of Rule 608(b) in this memorandum only out of an abundance of caution, should they wish to examine Mr. Burlakoff about collateral false statements he made during his USAO interview that do not fit into one of the two categories discussed previously in this memorandum.

[4] If Mr. Burlakoff denies having made the statement, he will have committed perjury.

- 6 -

Evidence 803(5) will permit playing into the record the portion of the tape capturing the statement. *See United States v. Sollars*, 979 F.2d 1294, 1298 (8th Cir. 1992) (permitting the prosecution to play a tape recording of the witness's interview with law enforcement under Rule 803(5) where the witness no longer recalled the details of his interview).

- 8 -

Dated: March 7, 2019

/s/ Tracy A. Miner
Tracy A. Miner (BBO# 547137)
tminer@mosllp.com
Megan Siddall (BBO# 568979)
msiddall@mosllp.com
Miner Orkand Siddall LLP
470 Atlantic Ave, 4th Floor
Boston, MA 02210
Telephone: (617) 273-8421

*Attorneys for Michael Gurry*

/s/ Peter C. Horstmann
Peter C. Horstmann (BBO# 556377)
pete@horstmannlaw.com
Law Offices Peter Charles Horstmann
450 Lexington Street, Suite 101
Newton, MA 02466

*Attorney for Sunrise Lee*

/s/ Aaron M. Katz
Beth A. Wilkinson (admitted *pro hac vice*)
bwilkinson@wilkinsonwalsh.com
Alexandra M. Walsh (admitted *pro hac vice*)
awalsh@wilkinsonwalsh.com
Kosta S. Stojilkovic (admitted *pro hac vice*)
kstojilkovic@wilkinsonwalsh.com
2001 M Street NW
Washington, D.C. 20036
Telephone: (202) 847-4000

Brien T. O'Connor (BBO# 546767)
brien.o'connor@ropesgray.com
Aaron M. Katz (BBO# 662457)
aaron.katz@ropesgray.com
Ropes & Gray LLP
800 Boylston Street
Boston, MA 02199
Telephone: (617) 951-7000

*Attorneys for Dr. John Kapoor*

Respectfully submitted,

/s/ Steven A. Tyrrell
Steven A. Tyrrell (admitted *pro hac vice*)
steven.tyrrell@weil.com
Patrick J. O'Toole, Jr. (BBO# 559267)
Patrick.otoole@weil.com
Weil, Gotshal & Manges LLP
2001 M Street, NW
Washington, D.C. 20036
Telephone: (202) 682-7213

*Attorneys for Richard Simon*

/s/ Michael Kendall
Michael Kendall (BBO# 544866)
michael.kendall@whitecase.com
Alexandra Gliga (BBO# 694959)
alexandra.gliga@whitecase.com
White & Case, LLP
75 State Street
Boston, MA 02109
Telephone: (617) 939-9310

*Attorneys for Joseph Rowan*

- 9 -

## **CERTIFICATE OF SERVICE**

I, Aaron M. Katz, hereby certify that a true and correct copy of this document will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on March 7, 2019.

/s/ Aaron M. Katz