# EXHIBIT 1

| | |
|---|---|
| **From:** | Lazarus, David (USAMA) |
| **To:** | bkelly@nixonpeabody.com; Kosta Stojilkovic |
| **Cc:** | Yeager, Nathaniel (USAMA); Wyshak, Fred (USAMA) |
| **Subject:** | John Kapoor |
| **Date:** | Thursday, October 24, 2019 4:39:46 PM |

Brian & Kosta,

I have discussed your various requests with my front office and have an update for you.  As you know, currently, by specific agreement with Wilkinson + Walsh, Kapoor is not spending significant sums before conferring with my office.  As we have discussed, this informal agreement protects the government's interests in preserving assets but also reflects the complicated layers necessary to manage Dr. Kapoor's significant resources.  Rather than freeze or seize the funds, we have been, and continue to, operate on trust amongst the lawyers.

First, Dr. Kapoor wants our position on his desire to liquidate his interests at JP Morgan including the funds for John N. Kapoor/John N. Kapoor trust dated Sept. 20, 1989 ($10,600,346.87), the funds for EJ Financial ($41,309,823.35) and the funds for Pharma Nevada ($67,114.63).   We are opposed to liquidation of the funds at JP Morgan (or elsewhere) unless those funds are sent to the U.S. Marshals to be held in escrow pending sentencing.  This is not an uncommon request by this office and poses no downside to Dr. Kapoor unless he plans to spend the money in violation of our agreement or put the money beyond the government's reach in the event of significant monetary penalties and restitution at sentencing.  In fact, yesterday, we filed a motion in another criminal case seeking a broad restraining order post-conviction at trial but prior to sentencing.

Second, I understand you've asked for the government to agree to a $3 million retainer for Nixon P. to defend Kapoor in his many civil actions moving forward.  In the alternative, you've recommended a monthly-type retainer payment in the range of 400K per month.  We are opposed to any payments (lump sum or monthly) to Nixon Peabody (or other civil lawyers) from this point forward.  The restitution in this case is likely, or at a bare minimum, *potentially*, significant and we want to preserve as much money for the collection of restitution as possible.  Please confirm that you will not move to make any such payments without informing me.  If you do plan to make the payments, I will need to bring it to the Court's attention and seek restraint.  I am operating under our informal agreement (with Wilkinson/Walsh) and trusting that these funds are not going to be paid before I can go to the Court.  If you cannot or will not abide by this request, please let me know that our arrangement is over so that I can file a motion.

Finally, you think you have an opportunity to resolve at least one of the pending civil actions for $100,000 and would like to know if we would agree that Dr. Kapoor may pay those funds to settle the action with the Estate of Sarah Fuller.  This would in some ways equate to a pre-sentencing preference for one possible victim at the expense of the others.  At a minimum, before we could agree that Dr. Kapoor may pay $100,000 to settle the lawsuit, we would insist on a <u>significant</u> escrowing of funds with the Clerk of the Courts or the Marshals Service to protect the remaining victims.  Most likely, escrowing the JP Morgan liquidation would accomplish this objective.  Unless escrowing funds is a non-starter, I will bring this up with my management and get back to you quickly.

Dave

**David G. Lazarus**
Assistant United States Attorney
U.S. Attorney's Office, District of Massachusetts
1 Courthouse Way, Suite 9200
Boston, MA  02210
Direct:  617-748-3373