UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| | * | |
| | * | |
| | * | |
| UNITED STATES OF AMERICA, | * | |
| | * | |
| v. | * | |
| | * | Criminal Action No. 16-cr-10343-7-ADB |
| JOHN K. KAPOOR, | * | |
| | * | |
| Defendant. | * | |
| | * | |
| | * | |
| | * | |

**ORDER ON DEFENDANT'S MOTION TO PERMIT LIMITED FINANCIAL
TRANSACTIONS AND GOVERNMENT'S MOTION FOR A WRIT AND
RESTRAINING ORDER**

BURROUGHS, D.J.

On November 1, 2019, Dr. Kapoor filed a Motion to Permit Limited Financial

Transactions Pending Sentencing (hereinafter "Kapoor Motion").  [ECF No. 1014].  On

November 8, 2019, the government both responded to that motion, [ECF No. 1019], and filed a

related Motion for a Writ and Restraining Order Under the All Writs Act, [ECF No. 1018].  The

Court heard oral argument on the motions on November 18, 2019.  For the reasons set forth

below, the motions [ECF Nos. 1014 and 1018] are <u>GRANTED</u> in part and <u>DENIED</u> in part.

Upon consideration of the materials submitted and the oral argument, the Court hereby ORDERS

as follows.

1.      Dr. Kapoor is permitted to perform the Restructuring Transactions, as detailed in

the Kapoor Motion, but with the following restrictions:  Dr. Kapoor must place two-thirds (2/3)

of the funds released from JP Morgan as a result of the Restructuring Transactions into escrow

with the U.S. Marshals.  The remaining one-third (1/3) of the funds released from JP Morgan as

a result of the Restructuring Transactions may be used by Dr. Kapoor to the extent necessary to finance the additional transactions described in this Order.  Provided, however, that if the funds released from JP Morgan as a result of the Restructuring Transactions total $12 million or more, then Dr. Kapoor must inform this Court and obtain a new order governing the fraction of those funds that shall be put into escrow with the U.S. Marshals.

2.      Dr. Kapoor may engage in the following additional transactions between now and sentencing, as detailed in the Kapoor motion and as modified below:

i.      Dr. Kapoor may cover basic living and household expenses for himself and for Mary Gauwitz.

ii.      Dr. Kapoor may cover other non-discretionary expenses, including medical expenses, expenses necessary in order to travel to court, and required tax payments—*i.e.*, tax payments for any federal, state, or local taxes that come due before his sentencing.

iii.      Dr. Kapoor may continue to pay the criminal attorneys who represent him in this case.  Dr. Kapoor may also continue to pay other legal fees and related professional expenses as described in the Kapoor Motion, provided, however, that Dr. Kapoor may only pay up to a total of $300,000 in legal fees and expenses for the defense of any and all civil cases between now and sentencing.  If they wish to obtain payment of more than $300,000, the attorneys representing Dr. Kapoor in any and all civil cases must submit their bills to this Court for review and approval.

iv.      Dr. Kapoor may engage in necessary transactions necessary to maintain the value of his assets such as paying for property insurance or managing his stock portfolio.

v.      Dr. Kapoor may pay expenses necessary for the execution of the

transactions described herein, including retaining a small staff at E.J. Financial.

3.      Dr. Kapoor's civil counsel represents that civil defense fees incurred between

October 24, 2019 (the date on which the government objected to any civil attorney fees going

forward) and November 18, 2019 (the date of the hearing on these issues) total just under

$68,000.  Consistent with the government's objection, Dr. Kapoor has not paid those fees to date.

The government submits that those fees should count against the $300,000 in civil defense fees

authorized by this Order.  Dr. Kapoor submits that those fees should not count against the

$300,000, and should be in addition to that amount, as the $300,000 was an estimate of fees

needed to cover the period between now and sentencing.  The Court hereby orders that Dr.

Kapoor may pay up to $68,000 in civil fees incurred between October 24, 2019 and November

18, 2019, and that 50% of those fees shall count against the $300,000 authorized by this Order

and the other 50% shall not count against the $300,000 authorized by this Order.

4.      On a bi-weekly basis, Dr. Kapoor shall provide an accounting to the government

of the funds used pursuant to this Order.

5.      Aside from the transactions described in this Order, Dr. Kapoor shall not engage

in any financial transactions without obtaining advanced permission from the government or

from this Court.


**SO ORDERED.**


November 22, 2019                                    /s/ Allison D. Burroughs
                                                    ALLISON D. BURROUGHS
                                                    U.S. DISTRICT JUDGE