**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| UNITED STATES OF AMERICA )<br><br>v. )<br><br>MICHAEL L. BABICH, et al., )<br><br>Defendants. ) | Criminal No. 16-CR-10343-7-ADB |

## DEFENDANTS' JOINT RESPONSE TO GOVERNMENT'S STATUS REPORT REGARDING RESTITUTION AND FORFEITURE

Defendants have no quarrel with much of the government's status report.  The government suggests that arguments concerning forfeiture should be "address[ed] . . . at each individual sentencing hearing."  Gov't Status Report, Dkt. 1136 at 3.  That is consistent with Defendants' expectations.  The government also says that it will request "leave . . . to file a reply in support of each forfeiture motion," *id.*, just as it did with respect to Defendant Gurry's forfeiture briefing. *See* United States' Reply in Support of Motion for Orders of Forfeiture, Dkt. 1138.  Defendants do not object to the government's filing of additional forfeiture reply briefs, so long as they are filed by Friday, January 17, 2020.  Finally, the government suggests that the restitution hearings should be "consolidat[ed] . . . into a single proceeding rather than seven separate proceedings," in the interest of efficiency and minimizing the burden on everyone involved.  Gov't Status Report, Dkt. 1136 at 2.  Defendants fully agree with that approach.

Where Defendants part ways with the government is on the timing of that consolidated restitution hearing.  While the government simply requests a restitution hearing "within 90 days of sentencing," Defendants submit the hearing should occur sooner rather than later.  Specifically, Defendants request that a joint restitution hearing be held no later than February 12, 2020.

The government is correct that, under certain circumstances, a restitution hearing can be held up to 90 days after sentencing. *See id.* at 2 (citing 18 U.S.C. § 3664(d)(5)). But those circumstances are not present here. Under the terms of the statute, the government may request delay of the restitution determination for 90 days "[i]f the victim's losses are ***not ascertainable*** by the date that is 10 days prior to sentencing." 18 U.S.C. § 3664(d)(5) (emphasis added). Here, the government has had roughly nine months to "ascertain[]" the amount of the victims' losses. And the government represented to the Court a month ago that it has in fact ascertained those amounts. *See* United States' Motion for Restitution Pursuant to the Mandatory Victim Restitution Act, Dkt. 1035 (Dec. 13, 2019). In that filing, the government came forward with evidence and argument in support of specific restitution amounts totaling more than $306 million. *Id.*

The government's representations in its filing on restitution, and the underlying submissions, are not supposed to be opening offers or darts thrown at a wall. They are supposed to be accurate representations of loss that satisfy the government's burden to prove restitution by a preponderance of the evidence. *See id.* at 4.

Defendants' are concerned that the government will use the requested delay to change its arguments and evidence on restitution given Defendants' serious and well-founded objections to the government's current approach. This would be improper. The statute relied upon by the government provides for up to a 90 day continuance if it and the alleged victims cannot ascertain the losses in question; it does not provide for up to a 90 day continuance so that the government and the alleged victims can go back to the drawing board and figure out how to improve upon the loss amounts they have already claimed in sworn submissions to this Court.

Moreover, there is no equitable reason for granting such an extension, particularly considering that Defendants are not contesting the government's position on restitution amounts

as to individual patients who have submitted claims to date. *See* Defendants' Response to Government's Motion for Restitution, Dkt. 1121 at 6 ("Defendants agree that the patients who have timely submitted claims for restitution should not be 'further burden[ed].' Gov't Mot. at 5.") There is no reason to think that Medicare and private insurers, who are sophisticated parties with excellent command of their own records, need more than a month to digest Defendants' responsive pleadings on restitution.

Further, as recently as last Tuesday, the government represented to Defendants that it was "prepared to . . . move for restitution at each individual sentencing hearing" in lieu of a joint hearing. *See* Email from David Lazarus to Kosta Stojilkovic, *et al.*, Jan. 7, 2020, Ex. 1; *see also* Email from David Lazarus to Kosta Stojilkovic, Oct. 10, 2019, Ex. 2 ("We anticipate addressing the restitution at sentencing."). And, before the sentencing dates were most recently continued at the Court's prompting, the government was amenable to a joint restitution hearing on January 22, 2020, *i.e.*, within approximately two weeks of the then-scheduled sentencings. *See* Email from David Lazarus to Kosta Stojilkovic, *et al.*, Dec. 20, 2019, Ex. 3.

Between these representations and now, all that changed is that the government has had time to review Defendants' serious objections to the restitution amount. But that is not a reason to delay a hearing by months. The government bears the burden on restitution. *See* 18 U.S.C. § 3664(e). It has already laid out its position and supporting evidence. It should be capable of addressing Defendants' objections even if the hearing were held today, and certainly should be able to do so by late January or early February.

Separate and apart from these considerations, continuing the restitution determination by up to 90 days after the sentencings would create serious procedural challenges for the appellate phase of the case. The government must ordinarily file its notice of appeal "within thirty days

after the decision, judgment or order has been rendered." 18 U.S.C. § 3731; *see also* Fed. R. App. P. 4(b)(1)(B).  Although the Court has granted an extension of time to file that notice, there is a 30-day limit on such an extension by rule.  *See* Fed. R. App. P. 4(b)(4); *see also* Dkts. 1034, 1084 (granting extension).  The Court partially granted Defendants' motions for judgment of acquittal on November 26, 2019, Dkt. 1028, which means the government's current deadline for filing its notice of appeal—January 25, 2020—is the latest date tthe federal rules allow.  Defendants' own notices of appeal would need to be filed 14 days later, *see* Fed. R. App. P. 4(b)(1)(A)(ii), subject again to a limited extension for good cause, *see* Fed. R. App. P. 4(b)(4).

The government's request for a joint restitution hearing up to 90 days after sentencings could result in a final restitution order being entered in March or even April.  At least some parties will likely appeal that order.  As a result, under the government's proposal, the numerous appeals and cross-appeals in this case would go forward on two separate tracks, the first initiated shortly after the sentencings and the second initiated once the restitution issue is decided.  At a bare minimum, this would result in inefficiencies during the appellate briefing process.  It could also create substantial complications further up the appellate ladder, as illustrated by the two recent cases that the Supreme Court has felt necessary to decide (thus far) in an attempt to clarify the rules for separately appealing restitution from the rest of a case.  *See Dolan v. United States*, 560 U.S. 605 (2010); *Manrique v. United States*, 137 S. Ct. 1266 (2017).

Defendants' proposal would avoid these complications.  If the Court held a consolidated restitution hearing by February 12, 2020, Defendants could likely file on a single date notices of appeals covering *all* aspects of the case that they elect to appeal.  If the government wanted to cross-appeal restitution, it could do so in response to Defendants' notices.  *See* Fed. R. App. P. 4(b)(1)(B).  This would allow the First Circuit to consider in consolidated briefing and argument

all appellate issues raised in the case, rather than initiating appellate proceedings on the rest of the case while the parties continue to litigate restitution in this Court.  Such a timetable would also give the government and the sophisticated insurers several more weeks to assess Defendants' objections.  And the February 12 cutoff is reasonable here because counsel who has taken a lead role in developing and articulating Defendants' joint response on restitution, and who will take a lead role in the joint restitution hearing, is scheduled to commence a lengthy jury trial in Oakland, California, on February 18, 2020.

In sum, Defendants ask the Court to conduct a joint restitution hearing on or before February 12, 2020.  Counsel for Defendants will be available at the hearing this coming Monday, January 13, and can discuss specific hearing dates with the Court and the government.

Dated: January 12, 2020

Respectfully submitted,

/s/ J. Sedwick Sollers III

J. Sedwick Sollers III (admitted *pro hac vice*)
Mark A. Jensen (admitted *pro hac vice*)
Daniel C. Sale (admitted *pro hac vice*)
Lucas M. Fields (admitted *pro hac vice*)
King & Spalding LLP
1700 Pennsylvania Avenue NW
Suite 200
Washington, DC 20006
Phone: (202) 626-5612
E-mail: WSollers@kslaw.com

William H. Kettlewell (BBO No. 270320)
Hogan Lovells
100 High St., 20th Floor
Boston, MA 02110
Telephone: (617) 371-1005
Email: bill.kettlewell@hoganlovells.com
*Attorneys for Michael L. Babich*

/s/ Peter Gelhaar

George W. Vien (BBO# 547741)

/s/ Peter C. Horstmann

Peter C. Horstmann (BBO# 556377)
pete@horstmannlaw.com
Law Offices of Peter Charles Horstmann
450 Lexington Street, Suite 101
Newton, MA 02466
Telephone: (617) 723-1980
*Attorney for Sunrise Lee*

/s/ Michael Kendall

Michael Kendall (BBO# 544866)
michael.kendall@whitecase.com
Alexandra Gliga (BBO# 694959)
alexandra.gliga@whitecase.com
White & Case LLP
75 State Street
Boston, MA 02109
Telephone: (617) 939-9310
*Attorneys for Joseph Rowan*

/s/ William Fick

gwv@dcglaw.com
Peter E. Gelhaar (BBO# 188310)
peg@dcglaw.com
Joshua N. Ruby (BBO #679113)
Donnelly, Conroy & Gelhaar, LLP
260 Frankline Street, Suite 1600
Boston, MA 02110
Telephone: (617) 720-2880
*Attorneys for Alec Burlakoff*

/s/ Tracy A. Miner
Tracy A. Miner (BBO# 547137)
tminer@mosllp.com
Megan Siddall (BBO# 568979)
msiddall@mosllp.com
Miner Orkand Siddall LLP
470 Atlantic Ave, 4th Floor
Boston, MA 02210
Telephone: (617) 273-8421
*Attorneys for Michael Gurry*

William W. Fick, Esq. (BBO # 650562)
wfick@fickmarx.com
Daniel N. Marx, Esq. (BBO # 674523)
dmars@fickmarx.com
Fick and Marx, LLP
24 Federal Street, 4th Floor
Boston, MA 02110
Telephone: (857) 321-8360
*Attorneys for Richard Simon*

/s/ Kosta S. Stojilkovic
Beth A. Wilkinson (*admitted pro hac vice*)
bwilkinson@wilkinsonwalsh.com
Kosta S. Stojilkovic (admitted *pro hac vice*)
kstojilkovic@wilkinsonwalsh.com
Andrew W. Croner (admitted *pro hac vice*)
acroner@wilkinsonwalsh.com
Wilkinson Walsh + Eskovitz LLP
2001 M Street NW
Washington, D.C. 20036
Telephone: (202) 847-4000

Brien T. O'Connor (BBO# 546767)
brien.o'connor@ropesgray.com
Aaron M. Katz (BBO# 662457)
aaron.katz@ropesgray.com
Ropes & Gray LLP
Prudential Tower 800 Boylston Street
Boston, MA 02199
Telephone: (617) 951-7000
*Attorneys for Dr. John Kapoor*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing document will be served on counsel for all parties of record through the ECF system.

/s/ Kosta S. Stojilkovic

Kosta S. Stojilkovic
Counsel for Dr. John Kapoor
