UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,

v.

JOHN KAPOOR,
Defendant.

CRIMINAL NO. 16-10343-ADB

**LEAVE TO FILE REPLY GRANTED JANUARY 13, 2019**

**UNITED STATES' REPLY IN SUPPORT OF MOTION FOR ORDERS OF FORFEITURE**

The United States seeks entry of an Order of Forfeiture in the form of a money judgment, against the Defendant in the amount of the proceeds he obtained from his crimes. The first step in entering a money judgment forfeiture order is determining that amount. Only after the amount of the judgment is calculated and the money judgment entered does the Court then turn to any motions that seek forfeiture towards satisfaction of that judgment amount. The Defendant fundamentally misconstrues forfeiture law by conflating *entry* of an Order of Forfeiture (Money Judgment) with *collection* on that Order of Forfeiture (Money Judgment).

Kapoor argues that the government must satisfy the substitute assets requirements of 18 U.S.C. § 1963(m) before the Court may enter a money judgment. There is, however, plainly no such requirement. Citing *Misla-Aldarondo*, the Defendant tells this Court it is an "open question" whether the government needs to satisfy the substitute assets provision to obtain a money judgment. *See* Doc. 1100 at n.9. But there is no such open question. In fact, in the same case cited by the Defendant, on the very pin-point page he cites, the Court makes clear that a money judgment enters whether or not the tainted proceeds still exist:

> If the government has proven that there was at one point an amount of cash that was directly traceable to the offense, and that thus would be forfeitable under 18 U.S.C. § 982(a), **that is sufficient for a court to issue a money judgment**, for which the defendant will be fully liable whether or not he still has the original corpus of tainted funds—indeed, whether or not he has any funds at all. **The question of how the government can enforce that judgment is a somewhat different question, however**.

*United States v. Misla-Aldarondo,* 478 F.3d 52, 74 (emphasis added); cited by the Defendant at Doc. 1100 at n.9. The Defendant also incorrectly, and only partially, cites *Zorrilla-Echevarria* to suggest the government *must* satisfy the substitute assets provision before it can seek a money judgment, but that case also holds the opposite of what the Defendant argues:

> A criminal forfeiture may take the form of either (1) "an in personam judgment against the defendant for the amount of money the defendant obtained as proceeds of the offense," (2) forfeiture of specific assets related to criminal activity, or (3) forfeiture of "substitute assets" if the specific assets are unavailable.

*United States v. Zorrilla-Echevarria*, 671 F.3d 1, 5 (1st Cir. 2011) (three types of forfeiture orders); *see also United States v. Saccoccia*, 564 F.3d 502, 506-507 (1st Cir. 2009) (once government obtains money judgment, it may move at any time to forfeit direct or substitute assets in partial satisfaction of that judgment); *United States v. Ponzo*, 853 F.3d 558, 589-90 (1st Cir. 2017) (criminal forfeiture order may take several forms, including an in personam judgment against defendant for amount of money defendant obtained as proceeds of offense); *United States v. Lo*, 839 F.3d 777 (9th Cir. 2016) (substitute asset requirements do not apply to money judgments).

The First Circuit makes clear that there is a difference between entry of an order of forfeiture equal to the proceeds, and collection of that order, and that money judgments are one of three types of potential forfeiture orders. The government seeks an order contemplated in the first

category.[1] The Supreme Court's analysis in *Honeycutt*, for example, explains that the nearly identical substitute asset provision of 21 U.S.C. § 853(p) must be satisfied before the government may "seize" or "confiscate" actual substitute property, but sets no such barrier prior to entry of the forfeiture order in the first instance. *See Honeycutt v. United States*, 137 S. Ct. 1626 (2017); *see also United States v. Gorski*, 880 F.3d 27, 40 (1st Cir. 2018) (Honeycutt did not invalidate money judgments).

The Defendant also argues that the Court cannot forfeit the value of his shares because he only obtained the *paper* (or electronic) shares. This argument is without authority and defies logic.[2] The Defendant argues – contrary to binding First Circuit precedent –if he had purchased a house he must forfeit the house and not its monetary value. Doc. 1100 at 7. However, the First Circuit has plainly rejected this statement:

> **In summary, a court may properly issue a money judgment as part of a forfeiture order, whether or not the defendant still retains the actual property involved in the offense, or any property at all.**

*Misla-Aldarondo,* 478 F.3d at 75 (emphasis added).

Take, for example, the example of the car used by this Court at the January 13, 2020 hearing. The Court suggested that had Kapoor purchased a car, the government could forfeit the car itself. While this is correct, forfeiture is not limited to the car. For example, if the Defendant

---

[1] The government is not, as the Defendant suggests, double counting by seeking entry of a money judgment for the value of the stock when it was paid to him and forfeiture of the stock. The net value of the stock, when liquidated, will be applied towards satisfaction of the money judgment.

[2] Other Courts have found that a money judgment may be entered of equal value to the benefit obtained. *See e.g. United States v. Holland*, 160 F.3d 377, 380 (7th Cir. 1998) (money judgment equal to value of property concealed from bankruptcy court); *United States v. Crumpler*, 229 F.App'x 832, 840 (11th Cir. 2007) (fair market value of stock options when acquired; "it would be absurd to permit a criminal to mitigate the value of property that he must forfeit by squandering or poorly investing the illegally acquired proceeds."); *United States v. Diallo*, 2011 WL 135005, *2 (S.D.N.Y. Jan. 13, 2011) (value of stolen cigarettes).

used proceeds to purchase a car, but then the car was vandalized and lost value, the government could still readily seek a money judgment from the Defendant equal to the total proceeds of his crime and then apply the net value of that car, when liquidated, to the judgment. This example controls the analysis here. Here, Kapoor's proceeds were the value of his stock when he obtained it. Those stocks, and their value, were his income from the racketeering enterprise.

Although the Defendant discounts the application of the First Circuit's recent holding in *Carpenter*, it is particularly instructive. In that case the First Circuit upheld a money judgment against the defendant for the amount of money he obtained from third parties to hold in certain types of investments. The money judgment was for the value of those investments when initially invested, not the later (nearly worthless) investment value. In other words, the forfeiture amount was the value of the holdings when acquired. The Court should impose the same order here, entry of an Order of Forfeiture (Money Judgment) for the value of his stock when it was paid to him.

Finally, Kapoor contends that his forfeiture would violate the Eighth Amendment. The government set forth the legal framework in the *United States Reply in Support of Motion for Orders of Forfeiture* (Doc. 1138) in anticipation of Michael Gurry's sentencing, and incorporates that *Reply* by reference. Kapoor's forfeiture satisfies the three *Bajakajian* factors.[3]

WHEREFORE, the Court should enter the requested Order of Forfeiture (Money

[3] Kapoor has not alleged that the requested forfeiture would deprive him of his livelihood. *See United States v. Levesque*, 546 F.3d 78, 83 (1st Cir. 2008). This is an affirmative defense and rarely applied. *See United States Reply in Support of Motion for Orders of Forfeiture*, Doc. 1138 at 8-9. Even if Kapoor had not waived this affirmative defense, which he has, the proposed forfeiture does not deprive him of his livelihood because, inter alia, the Defendant may have adequate wealth now, he may come into money in the future, the government may choose to remit the forfeiture, and the government has not yet sought to forfeit any actual assets. *Id.* at 9.

Judgment) and Preliminary Order of Forfeiture (Stock).

Respectfully submitted,

ANDREW E. LELLING
United States Attorney

By: */s/ David G. Lazarus*

DAVID G. LAZARUS
K. NATHANIEL YEAGER
FRED M. WYSHAK, JR.
Assistant United States Attorneys
One Courthouse Way, Ste. 9200
Boston, MA 02210
(617) 748-3100
david.lazarus2@usdoj.gov

Dated: January 15, 2020